Michael D. Harris, Cal. Bar No. 59,470
mharris@socalip.com
Marina L. Lang, Cal. Bar No. 251,087
mlang@socalip.com
SoCal IP Law Group llp
310 North Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff TSX Toys, Inc.

# United States District Court

## Central District of California – Western Division

| | |
|---|---|
| TSX Toys, Inc.,<br><br>    Plaintiff,<br><br>    v.<br><br>665, Inc., a California Corporation; Curtis A. Thompson, an Individual; XR Realty LLC dba XR Brands, a California Limited Liability Company; XR, LLC, a Maryland Limited Liability Company; Ari H. Suss, an Individual; CA-WA Corp, a California Corporation; James R. Sicilia, an Individual, Eldorado Trading Company II, Inc., a Colorado Corporation; Daniel L. Cossette dba AAV Ltd, an individual; KT Video, also dba KT's Video, a business entity of unknown status; Shane Nelson dba SLS Specialty, an individual; and DOES 1-10,<br><br>    Defendants. | Case No.<br><br>Complaint for:<br>(1) Copyright Infringement;<br>(2) Removal or Alteration of Copyright Information;<br>(3) Trademark/Trade Dress Infringement;<br>(4) Violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*;<br>(5) False Designation of Origin/False Or Misleading Advertising [15 U.S.C. § 1125(a)]<br><br>Demand for Jury Trial |

Plaintiff TSX Toys, Inc. ("Plaintiff" or "TSX"), alleges as follows:

**First Claim for Relief – Copyright Infringement against all Defendants**

**Subject Matter jurisdiction**

1.     This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and (b), and under the supplemental jurisdiction, as embodied in 28 U.S.C. §1367(a), for copyright infringement arising under 17 U.S.C. §§ 101 *et seq.*; for re-

1 moval or alteration of copyright information under 17 U.S.C. §§ 1202 *et seq.*; for
2 trade dress infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C.
3 § 1125(a)), for violation of California's statutory unfair competition law arising under
4 Cal. Bus. & Prof. Code §17200, and for false designation of origin, false or mislead-
5 ing advertising in violation of Section 43(a) of the Lanham Act (15 U.S.C.
6 § 1125(a)).

**PARTIES**

2. Plaintiff is a Nevada Corporation, duly authorized and licensed to conduct business in the State of California, with its principal place of business located in San Bernardino County, California.

3. Plaintiff alleges, on information and belief, that Defendant 665, Inc. ("Defendant 665") is a California Corporation, duly authorized and licensed to conduct business in the State of California, with its principal place of business located in West Hollywood, Los Angeles County, California.

4. Plaintiff alleges, on information and belief, that Defendant Curtis A. Thompson ("Defendant Thompson") is an individual residing in Northridge, Los Angeles County, California, and doing business in West Hollywood, California. Plaintiff further alleges that Defendant Thompson is the owner and operator of 665, Inc. and owns and operates a retail and wholesale website known as www.665leather.com that sells retail and to resellers worldwide.

5. Plaintiff alleges, on information and belief, that Defendant XR Realty LLC dba XR Brands ("Defendant XR Brands") is a California limited liability corporation, duly authorized and licensed to conduct business in the State of California, with its principal place of business located in Huntington Beach, Orange County, California.

6. Plaintiff alleges, on information and belief, that Defendant XR LLC ("Defendant XR LLC") is a Maryland Corporation, with its principal place of business located in Huntington Beach, Orange County, California. Plaintiff further alleg-

1 | es, on information and belief, that Defendant XR LLC is an affiliate of Defendant XR
2 | Brands.

3       7.    Plaintiff alleges, on information and belief, that Defendant Ari H. Suss
4 ("Defendant Suss") is an individual residing in Huntington Beach, Orange County,
5 California, and doing business nationwide and internationally. Plaintiff further alleg-
6 es, on information and belief, that Defendant Ari Suss is the owner and operator of
7 Defendant XR LLC and Defendant XR Brands, and is the owner and operator of (in-
8 cluding but not limited to) the following retail websites: XRBrands.com (wholesale),
9 HealthyandActive.com (retail), Extremerestraints.com (retail), JennasLoveShop.com
10 (retail), Boyzshop.com (retail), which sell and distribute products worldwide, includ-
11 ing this jurisdiction, and through distributors including (but not limited to) Defend-
12 ants Eldorado Trading Company II, Inc. and Shane Nelson dba SLS SPECIALTY.

13       8.    Plaintiff alleges, on information and belief, that Defendant CA-WA Corp
14 ("Defendant CA-WA") is a California Corporation, duly authorized and licensed to
15 conduct business in the State of California, with its principal place of business located
16 in Pomona, Los Angeles County, California. Plaintiff alleges, on information and be-
17 lief, that CA-WA is the parent company of Hollywood Erotic Novelties, a plastics
18 factory and wholesaler and owner and operator of seven adult novelty stores. Three
19 stores are located in Washington State, all named "Hollywood Erotic Boutique", lo-
20 cated at 9611 E. Sprague Ave, Spokane Valley, WA 99206, 54 E Wellesley Ave,
21 Spokane, WA 99207, and 12706 Lake City Way NE, Seattle, WA 98125. The other
22 four stores are located in California. They are all called the "Red Panties Adult Bou-
23 tique" and are located at 699 W. Mission Blvd., Pomona, CA 91767, 530 S. Citrus
24 Ave., Azusa, CA 91702, 1523 Stowell Center Plaza, Santa Maria, CA 93458, and
25 68565 E. Palm Canyon Dr., Cathedral City, CA 92234.

26       9.    Plaintiff alleges on information and belief, that Defendant James R. Sici-
27 lia ("Defendant Sicilia") is an individual residing in Pomona, Los Angeles County,
28 California, and doing business in Pomona, California. Plaintiff further alleges that

1  Defendant Sicilia is the owner and operator of Defendant CA-WA Corp, Hollywood
2  Erotic Novelties, CA-WA's seven adult novelty store locations, and online retail
3  stores, including but not limited to: dildosfactoryusa.com and texasholdemxxxprod-
4  ucts.com.

5      10.    Plaintiff alleges, on information and belief, that Defendant Eldorado
6  Trading Company II, Inc. ("Defendant Eldorado") is a Colorado Corporation, with its
7  principal place of business located in Bloomfield, Colorado. Plaintiff alleges, on in-
8  formation and belief, that Eldorado is the owner and operator of www.eldorado.net,
9  which sells and distributes products to retailers, nationwide, including to retailers
10 within Los Angeles County.

11     11.    Plaintiff alleges, on information and belief, that Defendant Daniel L.
12 Cossette dba AAV LTD ("Defendant AAV") is an individual residing in Portland,
13 Oregon, doing business in Pomona, California. Plaintiff further alleges, on infor-
14 mation and belief, that Defendant AAV has done or is currently doing business in Los
15 Angeles County with Defendants Sicilia and CA-WA.

16     12.    Plaintiff alleges, on information and belief, that Defendant KT Video al-
17 so dba KT's Video ("Defendant KT Video"), is a business entity of unknown status,
18 with its principal place of business located in Sanger, Texas. Plaintiff further alleges,
19 on information and belief, that KT Video is doing business in Pomona, California.
20 Plaintiff further alleges, on information and belief, that Defendant KT Video has done
21 or is currently doing business in Los Angeles County with Defendants Sicilia and
22 CA-WA.

23     13.    Plaintiff alleges, on information and belief, that Defendant Shane Nelson
24 dba SLS Specialty Company ("SLS") is an individual residing in Houston, Texas,
25 with its principal place of business in Long Point, Texas. Plaintiff alleges, on infor-
26 mation and belief, that SLS Specialty is the owner and operator of
27 www.slsspecialty.com, which sells and distributes products to retailers, nationwide,
28 including to retailers within Los Angeles County.

14. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants named as DOES 1-10, inclusive, are unknown to plaintiff. Plaintiff therefore sues said defendants by such fictitious names. When the true names and capacities of the defendants have been ascertained, plaintiff will amend this pleading accordingly. Plaintiff further alleges that defendants DOES 1-10, inclusive, are jointly, severally and concurrently liable and responsible with the named defendants upon the asserted claims for relief.

**PERSONAL JURISDICTION AND VENUE**

15. This Court has personal jurisdiction over defendants since each of the defendants committed the tortious and illegal activities of copyright infringement, removal or alteration of copyright information, trade dress infringement, statutory unfair competition, and false designation of origin, false or misleading advertising in this district or they otherwise have sufficient minimum contacts with this district such that the exercise of jurisdiction over the defendants by this Court does not offend traditional notions of fair play and substantial justice.

16. Venue is proper in this district pursuant at least to 28 U.S.C. §§ 1391(a), 1391(b), and 1391(d). Upon information and belief, each of the Defendants has done business in this district.

**FACTS**

17. Plaintiff is a privately held corporation founded in San Bernardino County, California, in 2000 as a manufacturer of original, unique and stylistic adult novelties.

18. Plaintiff is continually striving to develop original and unique products of the highest quality and materials. Plaintiff is recognized domestically and internationally for manufacturing high quality rubber products that are made in the United States.

19. Plaintiff's products are distinct in the market, domestically and internationally. Many TSX products have a signature look and feel that identifies the product

1  as a TSX product and distinguishes it from other adult toy companies. Consumers
2  readily identify products made by Plaintiff due to their distinctive size, design, tex-
3  ture, and shape, which have become brand-identifiers of Plaintiff's products.
4       20.   The known products at issue in the action concern TSX's penis exten-
5  sions and penis girth expander products. TSX's penis extensions are hollow sheaths
6  that fit over the penis to add both girth and length. They vary in texture, from being
7  smooth to ribbed and contoured. TSX's penis girth expanders make the penis thicker,
8  instead of longer, adding to the circumference of the penis, and are open at the end.
9       21.   In particular, TSX penis extensions and girth expander products have a
10 unique "scrotum strap," which is a band that wraps around the scrotum. The "scrotum
11 strap" also has TSX's signature "square-like" tab at the base. TSX hired a well-
12 known sculptor, Christopher Pardell, to design and create the original dildo mold with
13 TSX's unique "scrotum strap" and signature square tab. The signature square tab con-
14 tains TSX's copyright management information. Significant time and resources were
15 expended by Plaintiff to develop and create this mold. This one-of-a-kind mold was
16 copyrighted by TSX over 14 years ago as a three-dimensional sculpture, Title:
17 "Standing Tall," Copyright Registration No. VA 1-062-363, Registration Date: Octo-
18 ber 6, 2000 (See Exhibit A). Plaintiff is the exclusive owner of this federal copyright
19 registration.
20      22.   TSX's consumers readily associate the "scrotum strap" with the "square-
21 like" tab at the base as indicative of TSX's products. Further, the signature, copy-
22 righted "square-like" tab contains TSX's copyright management information. For
23 over 14 years, TSX has been the exclusive manufacturer of penis extensions and girth
24 expanders with this signature, copyrighted feature.
25      23.   TSX has since created derivations of the work of Copyright Registration
26 No. VA 1-062-363. TSX's "Standing Tall 3 Extra Inches" penis extension is derived
27 from the original "Standing Tall" dildo and contains TSX's signature copyrighted
28 "scrotum strap" with the "square-like" tab at the base. Plaintiff has a pending copy-

right for the derived "Standing Tall 3 Extra Inches" penis extension, which was filed on October 8, 2014 and assigned File No. 1-1809390101. TSX also filed for two additional copyrights on its "Veinzy Extension" products (a 1.75 inch version, and a 2 inch version), which have a unique "veiny" appearance and feel, long shaft, and TSX's signature copyrighted "scrotum strap" with the "square-like" tab at the base. The copyright application for the "2 inch Veinzy Extension" was filed on October 10, 2014 and was assigned File No. 1-1814935186. The copyright application for the "1.75 inch Veinzy Extension" was filed on October 10, 2014 and assigned File No. 1-1814861581.

24. TSX also has a pending copyright application for its "Original Thick Ur Dick" Girth Expander, which is short and thick and has TSX's signature copyrighted "scrotum strap" with the "square-like" tab at the base. TSX filed the "Original Thick Your Ur Dick" copyright application on October 7, 2014, which was assigned File No. 1-1806644901.

25. The aforementioned copyrights are referred to as "The Protected Works."

26. Plaintiff has spent substantial time, money and effort in developing consumer recognition and awareness of its Protected Works. Through the exclusive and extensive use of the plaintiff's copyrighted designs and distinctive trade dress, plaintiff has built up and developed significant goodwill in its product line over the past 14 plus years.

### DEFENDANTS' WRONGFUL AND INFRINGING CONDUCT

27. Beginning on a date that is currently unknown to plaintiff, plaintiff is informed and believes that each defendant developed, sold or distributed adult novelty products that were copies of or derived from plaintiff's Protected Works. Discovery may reveal that more of Plaintiff's works, in addition to the subject Protected Works, have been developed, sold or distributed by the defendants, at which point Plaintiff reserves the right to assert these additional claims for infringement.

28. Plaintiff is informed and believes that each defendant, without the consent of Plaintiff, developed, offered to sell or sold within the United States (including within this judicial district) goods that were neither made by plaintiff nor by a manufacturer authorized by plaintiff, using reproductions, counterfeits, copies or colorable imitations of one or more of the subject Protected Works (such goods are referred to as "Infringing Good(s)").

29. Plaintiff is informed and believes that each defendant, without the consent of Plaintiff, developed, offered to sell or sold within the United States (including within this judicial district) Infringing Goods where the plaintiff's copyright management information had been altered, changed, removed or obliterated.

30. On information and belief, each of the defendants had access to the Protected Works by purchasing the products directly from plaintiff or from a person or entity that purchased the product(s) from Plaintiff, or by purchasing Infringing Goods from one of the other defendants.

31. On information and belief, defendants 665, Inc., Thompson, CA-WA and Sicilia, hired a professional adult-toy "mold-making" company named "Art Electroforming," located in Sun Valley, California, to create molds from Plaintiff's Protected Works. On information and belief, defendants 665, Inc., Thompson, CA-WA, and Sicilia removed or instructed Art Electroforming to remove the copyright management information from Plaintiff's Protected Works, including any numbers, logos and copyright information, when creating the new molds based off the Protected Works. Upon information and belief, defendants 665, Thompson, CA-WA and Sicilia, instructed Art Electroforming to obliterate or change the identifying information on Plaintiff's Protected Works to conceal the origin thereof or to misidentify it using different marks (such as "665") when creating the molds. Upon information and belief, defendants 665, Thompson, CA-WA and Sicilia used the molds created by Art Electroforming to develop Infringing Goods and advertise and sell within the United

1   States and abroad (including within this judicial district) these Infringing Goods that
2   were neither made by plaintiff nor by a manufacturer authorized by plaintiff.

3       32.   On information and belief, defendant XR LLC, XR Brands and Ari Suss,
4   hired or commissioned mold makers unknown to plaintiff at this time to create molds
5   from Plaintiffs Protected Works in the United States and also in China. On infor-
6   mation and belief, defendants XR LLC, XR Brands and Ari Suss removed or in-
7   structed these mold makers to remove the identifying information from Plaintiff's
8   Protected Works, including numbers, logos and copyright information, when creating
9   the new molds based off the Protected Works. Upon information and belief, defend-
10  ants XR LLC, XR Brands and Ari Suss removed or instructed unknown mold makers
11  to obliterate the identifying information on Plaintiff's Protected Works to conceal the
12  origin thereof. Upon information and belief, defendants XR LLC, XR Brands and Ari
13  Suss used the molds created by unknown mold makers to develop infringing goods
14  and advertise and sell within the United States and abroad (including within this judi-
15  cial district) these Infringing Goods that neither were made by plaintiff nor by a man-
16  ufacturer authorized by plaintiff.

17      33.   On information and belief, each of the named defendants have devel-
18  oped, offered to sell or sold within the United States, Infringing Goods. On infor-
19  mation and belief, each of the named defendants have sold Infringing Goods that
20  were neither made by plaintiff nor by a manufacturer authorized by plaintiff. On in-
21  formation and belief, each of the named defendants developed, offered to sell or sold
22  within the United States, Infringing Goods that removed, altered or obliterated the
23  plaintiff's copyright management information.

24      34.   By its actions, defendants have infringed and will continue to infringe
25  Plaintiff's copyrights in and relating to the Protected Works by using, selling, distrib-
26  uting or making copies or derivative works of Plaintiff's copyrighted products and
27  Protected Works.

28

35. Defendants' actions have confused and deceived, or threatened to confuse and deceive, the consuming public concerning the source and sponsorship of Infringing Goods sold and distributed by defendants. By their wrongful conduct, defendants have traded upon and diminished plaintiff's goodwill.

36. Defendants' offering to sell, selling, and encouraging others to sell Infringing Goods in this manner was and is likely to cause confusion or to cause mistake or to deceive consumers who purchase the Infringing Goods.

37. Plaintiff is entitled to an injunction restraining defendants, its officers, agents and employees and all persons acting in concert or participation with them from engaging in any further such acts in violation of the copyright laws.

38. Plaintiff is further entitled to recover from defendants the damages it has sustained and will sustain, and any gains, profits and advantages obtained by defendants as a result of defendants' acts of infringement alleged above. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by plaintiff.

39. In addition, because Plaintiff registered the copyright before defendants began infringing, they are liable for statutory damages of not less than $750 or more than $30,000 for each infringement.

40. Because defendants' infringements were committed willfully, they are liable of statutory damages of not more than $150,000 per infringement.

## SECOND CLAIM FOR RELIEF

## REMOVAL/ALTERATION OF COPYRIGHT INFORMATION–AGAINST ALL DEFENDANTS

41. Plaintiff incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this claim.

42. Plaintiff's Protected Works contain a seal setting forth copyright management information. On information and belief, the defendants removed or altered this copyright management information when defendants developed, sold and distrib-

uted adult novelty products that were copies of or derived from plaintiff's Protected Works.

43. On information and belief, defendants knowingly intended to induce, enable, facilitate or conceal their infringement of Plaintiff's copyrights. On information and belief, defendants distributed unauthorized Infringing Goods knowing the copyright management information had been removed and continue to do so on additional transactions. Defendants' conduct constitutes a violation of 17 U.S.C. § 1202. Defendants' actions in removing or altering the copyright management information have caused harm to Plaintiff.

44. Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 1203.

### THIRD CLAIM FOR RELIEF

### TRADEMARK/TRADE DRESS INFRINGEMENT–AGAINST ALL DEFENDANTS

45. Plaintiff incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this claim for relief.

46. Since as early as October 2000, plaintiff continuously has used the signature copyrighted "scrotum strap" with the "square-like" tab at the base of its girth expander and extension products (hereafter "TSX Trade Dress") in domestic, international or interstate commerce to identify its products and to distinguish it from others. Through such use, the TSX Trade Dress has acquired a strong consumer awareness and secondary meaning. The TSX Trade Dress is also non-functional.

47. Plaintiff has engaged in extensive promotion and advertisement of its TSX Trade Dress as a trademark. Plaintiff's advertising and promotion of its enhancer and extender products directs the consumer to "look for" its particular and distinctive TSX Trade dress.

48. On information and belief, commencing at some time unknown to plaintiff and continuing to the present, defendants, without plaintiff's consent, have manufactured, advertised, offered for sale, and have engaged in the sale and distribution of Infringing Goods, which include a blatant and obvious imitation of the TSX Trade

Dress. As a result of defendants' use of the TSX Trade Dress, defendants Infringing Goods create the same general overall impression and have the same "look and feel" as plaintiff's products.

49. The similarities between the TSX Trade Dress and the trade dress of the Infringing Goods are not merely coincidental.

50. On information and belief, defendants' Infringing Goods were designed intentionally to mimic the TSX Trade Dress, in that the shape, size, style, layout, texture and designs are displayed in substantially identical layouts and positions. This creates the immediate commercial impression that goods bearing such packaging are associated with and emanate from plaintiff.

51. Defendants have without permission, willfully, and with the intention of benefiting from the reputation and goodwill of TSX, imitated the shape, size, style, layout, texture and designs of the TSX Trade Dress.

52. As a consequence, the infringing goods are likely to deceive and divert and has deceived and diverted customers away from the genuine TSX products.

53. The conduct of defendants, as alleged in the foregoing paragraphs constitutes trade dress infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), which prohibits the use in commerce in connection with the sale of goods or rendering of any services of any word, term, name, symbol, or device, or any combination thereof which is likely to cause confusion, or to cause mistake, or to deceive as to the source of the goods or services.

54. As a direct and proximate result of the willful and wanton conduct of defendants, plaintiff has been injured and will continue to suffer irreparable injury to its business and reputation unless defendants are restrained by this Court from infringing the TSX Trade Dress.

55. Plaintiff has no adequate remedy at law and is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(d).

56. TSX is entitled to recover its actual damages and defendants' profits pursuant to 15 U.S.C. § 1117(a); treble damages pursuant to 15 U.S.C. § 1117(a) and (b); and that attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a); seizure of all infringing goods pursuant to 15 U.S.C. § 1116(d); and impoundment and destruction of all infringing goods pursuant to 15 U.S.C. § 1118.

### FOURTH CLAIM FOR RELIEF

### CAL. BUS. & PROF. CODE § 17200 *et seq.*–AGAINST ALL DEFENDANTS

57. Plaintiff incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this claim for relief.

58. Defendants' actions described in this complaint constitute unlawful, unfair or fraudulent business acts or practices. Defendants' actions thus constitute "unfair competition" pursuant to Cal. Bus. & Prof. Code § 17200.

59. As a proximate result of defendants' actions, plaintiff has suffered an injury in fact, including without limitation, damages in an amount to be proven at trial, loss of money or property, and diminution in the value of its trademarks. Plaintiff therefore has standing to assert this claim pursuant to Cal. Bus. & Prof. Code § 17204.

60. Defendants' actions have caused, and will continue to cause plaintiff to suffer irreparable harm unless enjoined by this Court pursuant to Cal. Bus. & Prof. Code § 17203. In addition, plaintiff requests that the Court order that defendants disgorge all profits wrongfully obtained as a result of defendant's unfair competition, and order that defendant pay restitution to plaintiff in an amount to be proven at trial.

### FIFTH CLAIM FOR RELIEF

### FALSE DESIGNATION OF ORIGIN, FALSE OR MISLEADING ADVERTISING AGAINST ALL DEFENDANTS

61. Plaintiff incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this claim for relief.

62. Defendants' actions as described in this complaint constitute direct or contributory violation of 15 U.S.C. § 1125(a)(1)(A), as such actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of defendants with plaintiff or as to the origin, sponsorship, or approval of such Infringed Goods by plaintiff.

63. As a proximate result of defendants' violation as described in this complaint, Plaintiff has been damaged in an amount to be proven at trial. Further, Plaintiff alleges on information and belief that, as a proximate result of defendants' direct or contributory trademark infringement, defendants have unlawfully profited, in an amount to be proven at trial. Defendants' acts of violating, directly or contributorily, 15 U.S.C. § 1125(a)(1)(A) have caused, and will continue to cause, plaintiff irreparable harm unless they are enjoined by this Court.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief against all defendants, and DOES 1-10, inclusive, and each of them as follows:

A. Injunctive relief pursuant to 15 U.S.C. § 1116(d);

B. An order and judgment preliminary and permanently enjoining each of the defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of plaintiff's Protected Works;

C. Actual damages and defendants' profits pursuant to 15 U.S.C. § 1117(a);

D. Treble damages pursuant to 15 U.S.C. § 1117(a);

E. Attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a);

F. Seizure of all infringing goods pursuant to 15 U.S.C. § 1116(d); and impoundment and destruction of all infringing goods pursuant to 15 U.S.C. § 1118.

G. For an order and judgment of defendants' profits and plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

1. H. For an order and judgment finding that each defendant infringed on Plaintiff's copyrights in violation of 17 U.S.C. § 501 *et seq.*;

2. I. Damages and monetary relief against defendants jointly and severally as follows:

   a. Statutory damages pursuant to 17 U.S.C. § 504 of not less than $750 or more than $30,000 for each infringement.

   b. An order and judgment that defendants' infringements were committed willfully so that statutory damages of not more than $150,000 per infringement is proper.

   c. Statutory damages pursuant to 17 U.S.C. § 1203 of not less than $2,500 or more than $25,000 for each violation of 17 U.S.C. § 1202.

3. J. For an order and judgment that each of the defendants account for and pay as damages to plaintiff all profits and advantages gained from infringing the Protected Works;

4. K. For an order and judgment directing each of the defendants to file with this Court, within 30 days after entry of any injunction in this case, a written statement, under oath, setting forth in detail the manner in which defendants have complied with the injunction;

5. L. Prejudgment interest and costs.

6. M. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under Cal. Bus. & Prof. Code § 17200;

7. N. For damages in an amount to be proven at trial for unjust enrichment;

8. O. For an award of exemplary or punitive damages in an amount to be determined by the Court;

9. P. For plaintiff's reasonable attorney's fees;

10. Q. For all costs of suit; and

11. R. For such other and further relief as the Court may deem just and equitable.

| | | |
|---|---|---|
| 1 | November 20, 2014 | /s/ Marina L. Lang |
| 2 | | Marina L. Lang |
| | | SoCal IP Law Group LLP |
| 3 | | Attorneys for Plaintiff TSX Toys, Inc. |

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a trial by jury in this action.

| | | |
|---|---|---|
| | November 20, 2014 | /s/ Marina L. Lang |
| | | Marina L. Lang |
| | | SoCal IP Law Group LLP |
| | | Attorneys for Plaintiff TSX Toys, Inc. |