Daniel Cotman (SBN 218315)
dan@cotmanip.com
Rasheed M. McWilliams (SBN 281832)
rasheed@cotmanip.com
Obi I. Iloputaife (SBN 192271)
obi@cotmanip.com
**COTMAN IP LAW GROUP, PLC**
35 Hugus Alley, Suite 210
Pasadena, CA 91103
(626) 405-1413/FAX (626) 316-7577
Attorneys for Defendants James R. Sicilia,
CA-WA Corp., 665, Inc., Curtis A. Thompson,
Daniel L. Cossette dba AAV Ltd., and KT Video, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TSX Toys, Inc., | Case No. 5:14-cv-02400-RGK-DTB |
| Plaintiff, | Hon. R. Gary Klausner |
| v. | **Defendants' Motions to:** |
| 665, Inc., a California Corporation; Curtis A. Thompson, an Individual; XR Realty LLC dba XR Brands, a California Limited Liability Company; XR, LLC, a Maryland Limited Liability Company; Ari H. Suss, an Individual; CA-WA Corp, a California Corporation; James R. Sicilia, an Individual; Eldorado Trading Company II, Inc., a Colorado Corporation; Daniel L. Cossette dba AAV Ltd, an individual; KT Video, also dba KT's Video, a business entity of unknown status; Shane Nelson dba SLS Specialty, an individual; and DOES 1-10, | **1. Dismiss Plaintiff's Complaint Against Individual Defendants James R. Sicilia and Curtis A. Thompson;**<br>**2. Dismiss Plaintiff's Claims for Copyright Infringement, Trademark/Trade Dress Infringement and False Designation of Origin;**<br>**3. Strike Plaintiff's Request for Statutory Damages on its Claims for Copyright Infringement;**<br>**4. Memorandum of Points and Authorities In Support Thereof** |
| Defendants. | Date: March 30, 2015<br>Time: 9:00 a.m.<br>Place: Courtroom 850<br>[(Proposed) Order Filed Concurrently Herewith] |

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on Monday, March 30, 2015, at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 850 of the above-identified Court, located at 255 East Temple Street, Los Angeles, CA  90012, Defendants James R. Sicilia, CA-WA Corp., Curtis Thompson, 665, Inc., Daniel L. Cossette dba AAV Ltd., and KT Video, Inc. will and hereby move this Court to dismiss the claims against them pursuant to Fed.R.Civ. P. 12(b)(6) and strike Plaintiff's prayer for statutory damages pursuant to Fed.R.Civ. P. 12(f), as follows:

1.     Defendants James R. Sicilia and Curtis A. Thompson move this court to dismiss Plaintiff's entire Complaint against them as individuals because the Plaintiff has not pled its alter ego theory sufficiently;

2.     All Defendants move this Court to dismiss Plaintiff's Claims for Copyright Infringement, Trademark/Trade Dress Infringement, Unfair Competition Pursuant to Cal. Bus. & Prof. Code § 17200 et seq. and False Designation of Origin for failure to state a claim; and

3.     All Defendants move this Court to strike Plaintiff's Requests for Statutory Damages on its claims for Copyright Infringement.

This Motion is based on this Notice, the Memorandum of Points and Authorities herein, the pleadings on file in this action, and such further argument and evidence as the Court may entertain.

Dated:  February 18, 2015                    COTMAN IP LAW GROUP, PLC
                                                             s/Rasheed M. McWilliams
                                                      By_____
                                                      Daniel C. Cotman
                                                      Rasheed M. McWilliams
                                                      Obi Iloputaife
                                                      Counsel for Defendant James R. Sicilia, CA-WA Corp., 665, Inc., Curtis A. Thompson, Daniel L. Cossette dba AAV Ltd., and KT Video, Inc.

# TABLE OF CONTENTS

Table of Authorities .................................................................................................. i

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

I. INTRODUCTION ............................................................................................... 1

II. ARGUMENT ...................................................................................................... 2

   A.    Standard on Motion To Dismiss ...................................................................... 2

   B.    All of Plaintiff's Claims against Individual Defendants James R. Sicilia and Curtis Thompson Should Be Dismissed for Failure to State a Claim Because The Plaintiff Has Failed to Adequately Plead Its Alter Ego Theory ................................................. 3

     1.    The Plaintiff Has Failed to State Any Allegations Relating to the Elements of Alter Ego Liability or the Individual Defendants Actions as Individuals ................................. 4

     2.    The Plaintiff Has Failed To Plead Any Unity of Interest or Ownership Justifying Piercing the Corporate Veil ...................................................................................... 5

     3.    The Plaintiff Has Failed to Plead Any Allegation That Adhering to the Fiction of the Separate Existence of the Corporation Would Result in Fraud or Promote Injustice ............... 5

   C.    The Complaint Fails to State A Claim for Removal/Alteration of Copyright Infringement Because 17 U.S.C. § 1202 Does Not Apply to Sculptural Copyright Works ................................ 6

   D.    Plaintiff's Third and Fifth Causes of Action Fail to State a Claim for Which Relief Can Be Granted for Trademark and/or Trade Dress Infringement and False Designation of Origin, False or Misleading Advertising ............................................................................... 8

     1.    Plaintiff's Trademark and False Designation of Origin Causes Of Action Are Based in Copyright Law Which Is Prohibited by U.S. Supreme Court Precedent ................................. 8

     2.    Plaintiff's Trademark and False Designation of Origin Claims Are Barred By the Utilitarian Functionality of Plaintiff's Goods ........................................................... 9

   E.    The Complaint Fails To State A Claim For Which Relief Can Be Granted For The Fourth Claim Of Relief Cal. Bus. & Prof. Code § 17200 Et Seq. ..................................................... 11

F.    The Complaint Fails to State a Claim for Which Relief Can Be Granted For Copyright Infringement.................................................................................................... 12

G.    The Plaintiff's Request for Statutory Damages Pursuant to 17 U.S.C § 1203 and 17 U.S.C. §504 Should Be Stricken........................................................................... 13

1.    Plaintiff's Delay In Filing Its Complaint Prevents Its Recovery of Statutory Damages Under 17 U.S.C. § 412........................................................................ 13

2.    Plaintiff is Not Entitled to Statutory Damages Under 17 U.S.C § 1203 ........................ 14

III. .......................................................................................................CONCLUSION ........................................................................................................ 14

1

# TABLE OF AUTHORITIES

2

**Cases**

3

*Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) .............................. 2

4

*AvalonBay Communities, Inc. v. Cnty. of Los Angeles*, 197 Cal. App. 4th 890, 903, 128 Cal. Rptr.

5

3d 690, 700 (2011) ............................................................................................................................ 3

6

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ............... 2

7

Bonito Boats, Inc. v. Thunder Craft Boats, Inc., 489 U.S. 141, 150–151, 109 S.Ct. 971, 103

8

L.Ed.2d 118 (1989) ........................................................................................................................... 8

9

*Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir.1994), *overruled on other grounds by* 307 F.3d 1119,

10

1121 (9th Cir.2002) .......................................................................................................................... 3

11

*Clegg v. Cult Awareness Network,* 18 F.3d 752, 754 (9th Cir.1994) ................................................. 2

12

*Dastar Corp. v. Twentieth Century Fox Film Corp.* ........................................................................... 8

13

*Disc Golf Ass'n, Inc. v. Champion Discs, Inc.,* 158 F.3d 1002, 1005-6 (9th Cir. 1998)........ 9, 10, 11

14

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358

15

(1991) .............................................................................................................................................. 12

16

*Firstmark Capital Corp. v. Hempel Fin. Corp.,* 859 F.2d 92, 94 (9th Cir.1988) .............................. 3

17

*Frances T. v. Vill. Green Owners Assn.,* 42 Cal. 3d 490, 507-08, 723 P.2d 573, 583 (1986)........... 3

18

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1555 n. 19 (9th Cir.1990) . 2

19

*Hokama v. E.F. Hutton & Co., Inc.,* 566 F.Supp. 636, 647 (C.D.Cal.1983) ..................................... 4

20

In re Trade–Mark Cases, 100 U.S. 82, 94, 25 L.Ed. 550 (1879) ....................................................... 8

21

*Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 ............................................................................................... 2

22

*Lanard Toys Ltd. v. Novelty Inc.*, 511 F.Supp.2d 1020 (C.D. Cal. 2007)........................................ 11

23

*Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir.2008)........................ 2

24

*Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003) .......... 4, 6

25

*Penpower Technology Ltd. v. S.P.C. Technology*, No. 07-3621 SC, 2008 WL 2468486, at *6 (N.D.

26

Cal. June 17, 2008) ......................................................................................................................... 11

27

*Qualitex Co. v. Jacobson Prods. Co.,* 514 U.S. 159, 165, 115 S.Ct. 1300, 131 L.Ed.2d 248 (1995)

28

...................................................................................................................................................... 10

*Rachel v. Banana Republic, Inc.,* 831 F.2d 1503, 1506 (9th Cir.1987)........................................... 10

*S.E.C. v. Hickey*, 322 F.3d 1123, 1128 (9th Cir.) ...................................................................... 3, 5

*Sidney-Vinstein v. A.H.Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983) ........................................... 13

*Textile Secrets Int'l, Inc. v. Ya-Ya Brand Inc,* 524 F. Supp. 2d 1184, 1188 (C.D. Cal. 2007) .... 7, 14

*Towe Antique Ford Found. v. IRS,* 999 F.2d 1387, 1391 (9th Cir.1993) ........................................ 3

TrafFix Devices, Inc. v. Marketing Displays, Inc., 532 U.S. 23, 29, 121 S.Ct. 1255, 149 L.Ed.2d
    164 (2001) ......................................................................................................................... 8

*Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 .................................................................................. 2

**Statutes**

§17200............................................................................................................................... 10, 11

17 U.S Code § 412 ................................................................................................................ 12

17 U.S.C § 1203 .................................................................................................................... 13

17 U.S.C § 504 ...................................................................................................................... 13

17 U.S.C. § 1202 ..................................................................................................................... 6

17 U.S.C. § 412(1) ............................................................................................................... 12

Langham Act § 43(a) .............................................................................................................. 7

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ................................................................................ 1

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants James R. Sicilia ("Sicilia"), CA-WA Corp. ("CA-WA"), Curtis Thompson ("Thompson"), 665, Inc. ("665"), Daniel L. Cossette dba AAV Ltd. ("AAV"), and KT Video, Inc. ("KT") (collectively "Defendants"), by and through its counsel, hereby submits the following Memorandum of Law in support of the Defendant's Motions to Dismiss; Defendant Sicilia and Defendant Thompson's Motions to Dismiss; Defendants' Motion to Strike and Defendants' Motion for A More Definite Statement.

## I.    INTRODUCTION

Each of the Plaintiff's causes of action alleged in its Complaint should be dismissed with prejudice because they are inadequately pled and any amendment would be futile. All of Plaintiff's claims against individual defendants James R. Sicilia and Curtis Thompson should be dismissed for failure to state a claim because they inadequately plead their alter ego theory. Plaintiff's cause of action for removal/alteration of copyright information should be dismissed because 17 U.S.C. § 1202 does not apply to sculptural copyright works. Plaintiff's third and fifth causes of action for trademark and/or trade dress infringement and false designation of origin, false or misleading advertising should be dismissed because U.S. Supreme Court precedent prevents Lanham Act claims based in copyright and/or Plaintiff's alleged trademarks and trade dress are invalid based on the functionality doctrine . Plaintiff's fourth cause of action for Cal. Bus. & Prof. Code § 17200 et seq, should be dismissed because it is pre-empted by federal copyright law and none of the other causes of action that could support it are valid.  The Plaintiff's claim for copyright infringement claim should be dismissed because copyright protection does not extend to utilitarian sculptures, where the non-functional features are not separable from function of the product. Finally, the plaintiff's request for statutory damages pursuant to 17 U.S.C § 1203 and 17 U.S.C. §504 should be stricken as the former only applies to technological works and the latter is barred under 17 U.S.C §412 based on Plaintiff's delay in filing for the registration of its copyright.

Based on the foregoing, it is clear that the all five causes of action are inadequately pled and should be dismissed. Additionally, the Court should also strike the Plaintiff's requests for statutory damages under 17 U.S.C § 1203 and strike the Plaintiff's requests for attorney's fees and statutory damages pursuant to 17 U.S.C § 504 because of the Plaintiff's delay in filing for its copyright registration VA1-062-363.

## II.   ARGUMENT

### A.   Standard on Motion To Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). On a motion to dismiss, courts in the Ninth Circuit accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir.2008). Nevertheless, the court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754 (9th Cir.1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1555 n. 19 (9th Cir.1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party

1  questions, but which are not physically attached to the pleading." *Branch v. Tunnell,*

2  14 F.3d 449, 454 (9th Cir.1994), *overruled on other grounds by* 307 F.3d 1119,

3  1121 (9th Cir.2002).

4      **B.**    **All of Plaintiff's Claims against Individual Defendants James R.**

5            **Sicilia and Curtis Thompson Should Be Dismissed for Failure to**

6            **State a Claim Because The Plaintiff Has Failed to Adequately Plead**

7            **Its Alter Ego Theory**

8        The Ninth Circuit applies the law of the forum state in determining whether a

9  corporation is an "alter ego" of an individual. *Towe Antique Ford Found. v. IRS,* 999

10  F.2d 1387, 1391 (9th Cir.1993). The Ninth Circuit has held that California law

11  recognizes an alter ego relationship, such that a corporation's liabilities may be

12  imposed on an individual, only when two conditions are met: (1) "'there *is such a*

13  *unity of interest and ownership that the individuality, or separateness, of the said*

14  *person and corporation has ceased,*' " and (2) " 'an adherence to the fiction of the

15  separate existence of the corporation would ... sanction a fraud or promote injustice.'

16  " *S.E.C. v. Hickey*, 322 F.3d 1123, 1128 (9th Cir.) opinion amended on denial of

17  reh'g sub nom. *Sec. & Exch. Comm'n v. Hickey*, 335 F.3d 834 (9th Cir.

18  2003)(emphasis added); *Firstmark Capital Corp. v. Hempel Fin. Corp.,* 859 F.2d 92,

19  94 (9th Cir.1988) (quoting *Wood v. Elling Corp.,* 20 Cal.3d 353, 142 Cal.Rptr. 696,

20  572 P.2d 755, 761–62 n. 9 (1977)).

21        A corporation is an artificial person that can act only through its employees.

22  *AvalonBay Communities, Inc. v. Cnty. of Los Angeles*, 197 Cal. App. 4th 890, 903,

23  128 Cal. Rptr. 3d 690, 700 (2011). The legal fiction of the corporation as an

24  independent entity—and the special benefit of limited liability permitted thereby—is

25  intended to insulate stockholders from personal liability for corporate acts….

26  *Frances T. v. Vill. Green Owners Assn.,* 42 Cal. 3d 490, 507-08, 723 P.2d 573, 583

27  (1986).

28        Mere conclusory allegations of "alter ego" status are insufficient to state a

claim. The plaintiff must allege specifically both of the elements of alter ego

liability, as well as facts supporting each. *See Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003) (citing *Wady v. Provident Life and Accident Ins. Co. of America,* 216 F.Supp.2d 1060, 1067 (C.D.Cal.2002) ("More pertinent for purposes of the current discussion, none [of the allegations] contains any reference to UnumProvident being the alter ego of Provident. None alleges that UnumProvident treats the assets of Provident as its own, that it commingles funds with Provident, that it controls the finances of Provident, that it shares officers or directors with Provident, that Provident is undercapitalized, or that the separateness of the subsidiary has ceased. Without such allegations, the issue is not adequately raised, and UnumProvident was not put on notice that this was a theory against which it should be prepared to defend"); *Hokama v. E.F. Hutton & Co., Inc.,* 566 F.Supp. 636, 647 (C.D.Cal.1983) ("Defendants further argue that plaintiffs cannot circumvent the requirements for secondary liability by blandly alleging that Madgett, Consolidated, and Frane are 'alter egos' of other defendants accused of committing primary violations. This point is well taken.... If plaintiffs wish to pursue such a theory of liability, they must allege the elements of the doctrine. Conclusory allegations of alter ego status such as those made in the present complaint are not sufficient")).

### 1.   The Plaintiff Has Failed to State Any Allegations Relating to the Elements of Alter Ego Liability or the Individual Defendants Actions as Individuals

In the instant action, the Plaintiff has made allegations against Defendant Sicilia and Defendant Thompson as individuals (hereafter "Individual Defendants"). The complaint alleges that Defendant CA-WA Corporation is a duly authorized and licensed California Corporation. (Dkt. No. 1 at ¶ 8). CA-WA Corporation is the parent company of Hollywood Erotic Novelties. (Dkt. No. 1 at ¶8). When discussing Defendant Sicilia, the Plaintiff admits that "Defendant Sicilia is the owner and operator of Defendant CA-WA Corp, Hollywood Erotic Novelties, CA-WA's seven adult novelty store locations, and online retail stores, including but not limited to:

dildosfactoryusa.com and texasholdemxxxproducts.com." (Dkt. No. 1 at ¶9). Therefore, Plaintiff has sued Defendant Sicilia in his representative capacity for the actions of the corporate entity, CA-WA Corp and its subsidiary Hollywood Erotic Novelties.

The Complaint also alleges that Defendant 665, Inc., is a duly authorized and licensed California Corporation. (Dkt. No. 1 at ¶ 4). When discussing Defendant Thompson, the Plaintiff admits that "Defendant Thompson is the owner and operator of 665, Inc. and owns and operates a retail and wholesale website known as www.665leather.com that sells retail and to resellers worldwide." (Dkt. No. 1 at ¶4). Therefore, Plaintiffs has sued Defendant Thompson in his representative capacity for the actions of the corporate entity, 665, Inc.

### 2.    The Plaintiff Has Failed To Plead Any Unity of Interest or Ownership Justifying Piercing the Corporate Veil

The Plaintiff does not plead any allegations in the Complaint that show "such a unity of interest and ownership that the individuality, or separateness, of the said person and corporation has ceased," as required by the law of the state of California to pierce the corporate veil.  *See S.E.C. v. Hickey*, 322 F.3d at 1128.  All of the factual allegations involving any conduct of the Individual Defendants begins with the phrase, "defendants 665, Inc., Thompson, CA-WA and Sicilia." (Dkt. No. 1 at ¶31). All of Plaintiff's allegations in each of its causes of action are based on the sale of infringing goods by the Defendant corporations.  (See Dkt. No. 1, ¶¶ 27-63).   The Plaintiff does not set forth a single factual allegation, which implicates any personal liability of the Individual Defendants, or otherwise other than their alleged actions while acting as an officer of the Defendant corporations. (See Dkt. No. 1, ¶31).

### 3.    The Plaintiff Has Failed to Plead Any Allegation That Adhering to the Fiction of the Separate Existence of the Corporation Would Result in Fraud or Promote Injustice

The Plaintiff is also required to prove that "an adherence to the fiction of the separate existence of the corporation would ... sanction a fraud or promote injustice." *See S.E.C. v. Hickey*, 322 F.3d at 1128.   The Plaintiff does not raise a single

allegation in the Complaint that alleges that this Court finding the Defendant corporations guilty of the alleged acts would result in "fraud or promote injustice." *Id.*

The Plaintiff's request for relief specifically seeks the same relief "against all defendants" – individuals and corporations alike. (Dkt. No. 1, Prayer for Relief, ¶¶ 14, 15). Not only would this result in a prohibited double recovery, the Plaintiff failed to plead any allegations that would impose liability on the Individual Defendants as shown above.   (See Dkt. No. 1, ¶¶ 27-63).   The Plaintiff also specifically requests that any injunction apply to prevent "officers, directors, agents, servants, employees, affiliates, attorneys, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of plaintiff's Protected Works." (Dkt. No. 1, Request for Relief ¶ B). As officers of their respective corporations, the Individual Defendants will be subject to and bound by any injunction granted by this Court, thus there is no potential for fraud or injustice.

As shown above, the Plaintiff has failed to plead specific allegations regarding either of the elements of alter ego liability or any facts in support therefore. *See Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d at 1116.   Thus, this Court should dismiss the entirety of Plaintiff's Complaint against Defendants James R. Sicilia and Curtis A. Thompson as individuals with prejudice because Plaintiff has not adequately plead alter ego liability and cannot plead any such allegations, therefore any amendment would be futile.

## C.     The Complaint Fails to State A Claim for Removal/Alteration of Copyright Infringement Because 17 U.S.C. § 1202 Does Not Apply to Sculptural Copyright Works

17 U.S.C. § 1202 was not enacted by Congress "to apply to circumstances that have **no relation to the Internet, electronic commerce, automated copyright protections or management systems, public registers, or other technological measures or processes** as contemplated in the DMCA as a whole." *Textile Secrets Int'l, Inc. v. Ya-Ya Brand Inc,* 524 F. Supp. 2d 1184, 1188 (C.D. Cal.

2007)(emphasis added). If Courts begin to grant a broader literal interpretation of copyright management information to § 1202, it will have limitless scope because it would literally apply to all works bearing copyright information, which would produce "impracticable results." *Id.* at 1195. The *Textile Secrets* court also noted that the technological nature of Chapter 12 of the Copyright Act should remain limited to technologically focused measures. *Id.* at 1195.

Here, the Plaintiff attempts to apply 17 U.S.C. § 1202, into their second cause of action for Removal/Alteration of Copyright Information in a ***sculptural copyright work – a male phallus***. (See Complaint, ¶21, ¶23, ¶41-¶44). A penis girth/length enhancer and scrotum are not related to the Internet, electronic commerce, automated copyright protection or management systems, public registers, or other technological measures as contemplated in the DMCA.

Accordingly, Defendants' motion to dismiss the Plaintiff's second cause of action should be granted with prejudice because 17 U.S.C. § 1202 simply cannot be applied to a sculpture of male phallus and there is not amendment that would extend 17 U.S.C. § 1202 to Plaintiff's copyrighted sculpture; therefore any amendment would be futile.

///

///

///

///

**D.**   **Plaintiff's Third and Fifth Causes of Action Fail to State a Claim for Which Relief Can Be Granted for Trademark and/or Trade Dress Infringement and False Designation of Origin, False or Misleading Advertising**

    **1.**   **Plaintiff's Trademark and False Designation of Origin Causes Of Action Are Based in Copyright Law Which Is Prohibited by U.S. Supreme Court Precedent**

Claims arising under § 43(a) of the Langham Act that are based on copyright are barred as a matter of law.  *See generally Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 33-34, 123 S. Ct. 2041, 2048, 156 L. Ed. 2d 18 (2003).  "In general, unless an intellectual property right such as a patent or copyright protects an item, it will be subject to copying." *TrafFix Devices, Inc. v. Marketing Displays, Inc.,* 532 U.S. 23, 29, 121 S.Ct. 1255, 149 L.Ed.2d 164 (2001). The rights of a patentee or copyright holder are part of a "carefully crafted bargain," under which, once the patent or copyright monopoly has expired, the public may use the invention or work at will and without attribution. *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.,* 489 U.S. 141, 150–151, 109 S.Ct. 971, 103 L.Ed.2d 118 (1989).  Thus, in construing the Lanham Act, The U.S. Supreme Court has been "careful to caution against misuse or over-extension" of trademark and related protections into areas traditionally occupied by patent or copyright. *TrafFix,* 532 U.S., at 29, 121 S.Ct. 1255.  The Supreme Court has said, "[t]he Lanham Act does not exist to reward manufacturers for their innovation in creating a particular device; that is the purpose of the patent law and its period of exclusivity." *Id.,* at 34, 121 S.Ct. 1255. Federal trademark law "has no necessary relation to invention or discovery." *In re Trade–Mark Cases,* 100 U.S. 82, 94, 25 L.Ed. 550 (1879).

The core of the Plaintiff's Trade Dress cause of action is essentially that based on its copyright in its phallic products, it has also acquired a common law trade dress right.  Here, Plaintiff states that it has "continuously used the signature copyrighted 'scrotum strap' with the 'square-like' tab at the base of its girth

expander and extension products (hereafter 'TSX Trade Dress') in domestic, international or interstate commerce to identify its products and to distinguish it from others." (Dkt. No. 1 at ¶ 46).   Additionally, the plaintiff admits, "defendants' Infringing Goods were designed intentionally to mimic the TSX Trade Dress, in that the shape, size, style, layout, texture and designs are displayed in substantially identical layouts and positions. This creates the immediate commercial impression that goods bearing such packaging are associated with and emanate from plaintiff." (Dkt. No. 1 at ¶ 50). The above language clearly shows that the Plaintiff is not describing any commercial packaging or other source identifying information; it is describing the actual physical features copyrighted in the phallus.

This case is very similar factually to *Dastar*, here the Plaintiff seeks to acquire perpetual protection that they did not have under the Copyright Act by using the Lanham Act.  Also like the *Dastar* case, the Defendants here do not repackage and sell Plaintiff's goods, but makes and sells their own goods. Based on the Supreme Court's decision in *Dastar*, this Court should dismiss the Plaintiff's third and fifth causes of action with prejudice because the Lanham Act does not apply and Plaintiff's claim is barred as a matter of law, therefore any amendment would be futile.

## 2.   Plaintiff's Trademark and False Designation of Origin Claims Are Barred By the Utilitarian Functionality of Plaintiff's Goods

To recover for the infringement of a trademark or trade dress under section 43(a) of the Lanham Act, the Plaintiff has to prove that (1) its Standing Tall design is nonfunctional, (2) the design is inherently distinctive or acquired distinctiveness through a secondary meaning, and (3) there is a likelihood that the consuming public will confuse Defendants' phallic products with Plaintiff's phallic products. *Disc Golf Ass'n, Inc. v. Champion Discs, Inc.,* 158 F.3d 1002, 1005-6 (9th Cir. 1998). Trademark or trade dress protection extends only to product features that are nonfunctional. *Id.*  A product feature is functional "if it is essential to the use or

1   purpose of the article or if it affects the cost or quality of the article, that is, if
2   exclusive use of the feature would put competitors at a significant non-reputation-
3   related disadvantage." *Qualitex Co. v. Jacobson Prods. Co.,* 514 U.S. 159, 165, 115
4   S.Ct. 1300, 131 L.Ed.2d 248 (1995) (internal quotation marks and citation omitted).
5   The Ninth Circuit has observed that "[f]unctional features of a product are features
6   which constitute the actual benefit that the consumer wishes to purchase, as
7   distinguished from an assurance that a particular entity made, sponsored, or
8   endorsed a product." *See Rachel v. Banana Republic, Inc.,* 831 F.2d 1503, 1506 (9th
9   Cir.1987)(internal quotation marks and citation omitted).

10       The Supreme Court has stated:

11       The functionality doctrine prevents trademark law, which seeks to
12       promote competition by protecting a firm's reputation, from instead
         inhibiting legitimate competition by allowing a producer to control a
13       useful product feature. It is the province of patent law, not trademark
14       law, to encourage invention by granting inventors a monopoly over
         new product designs or functions for a limited time, 35 U.S.C. §§ 154,
15       173, after which competitors are free to use the innovation. If a
16       product's functional features could be used as trademarks, however, a
         monopoly over such features could be obtained without regard to
17       whether they qualify as patents and could be extended forever
18       (because trademarks may be renewed in perpetuity).

19   *See Qualitex,* 514 U.S. at 164–65, 115 S.Ct. 1300.  To determine whether a product
20   feature is functional, we consider several factors: (1) whether the design yields a
21   utilitarian advantage, (2) whether alternative designs are available, (3) whether
22   advertising touts the utilitarian advantages of the design, and (4) whether the
23   particular design results from a comparatively simple or inexpensive method of
24   manufacture. No one factor is dispositive; all should be weighed collectively. *See*
25   *Disc Golf,* 158 F.3d at 1006 (internal citations omitted).

26       In the present case, as shown above, the Plaintiff's allegations regarding its
27   trade dress claim are based on allegations that the "defendants' Infringing Goods
28   were designed intentionally to mimic the TSX Trade Dress, in that the shape, size,

style, layout, texture and designs are displayed in substantially identical layouts and positions." (Dkt. No. 1 at ¶ 50). This is not a description of a trademark or trade dress, it is the description of the functional components of the Plaintiff's products. The layout of the Plaintiff's products are designed for the utilitarian purpose of allowing a man to either extend or expand on his natural penis size to please his partner. The Plaintiff premises its design on providing a utilitarian advantage over the customers. Alternative designs are definitely available for penis extenders or girth expanders; they can be different textures and colors as admitted by Plaintiff. (Dkt. No. 1 at ¶ 50). Nevertheless, all of these features add to the functionality of the product. Consumers apparently like particularly veiny phallic objects. In addition, the Plaintiff advertises its goods for the utilitarian purpose of extending or expanding the man's penis to please his sexual partner. Finally, the Plaintiff's design is the result of a simple, fairly inexpensive means of manufacturing. *See Disc Golf*, 158 F.3d at 1006 (internal citations omitted).

According, the Court should dismiss Plaintiff's Third and Fifth causes of actions for failure to state a claim because the Plaintiff's products are simply functional and are not entitled to protection under trademark law. These claims should also be dismissed with prejudice because any amendment would be futile.

**E.     The Complaint Fails To State A Claim For Which Relief Can Be Granted For The Fourth Claim Of Relief Cal. Bus. & Prof. Code § 17200 Et Seq.**

Based on the clear, express preemption of state law for claims that provide rights equivalent to copyright protection, a §17200 claim cannot be predicated on a violation of the copyright act. *Penpower Technology Ltd. v. S.P.C. Technology*, No. 07-3621 SC, 2008 WL 2468486, at *6 (N.D. Cal. June 17, 2008). Although a §17200 claim cannot be predicated on copyright or patent infringement, it can be predicated on trademark infringement. *Lanard Toys Ltd. v. Novelty Inc.*, 511 F.Supp.2d 1020 (C.D. Cal. 2007). However, as shown above, in the present case the trademark and trade dress infringement claims are barred by law and should be

1  dismissed. Moreover, a §17200 claim based on copyright law is expressly

2  preempted. Accordingly, the fourth count of the Complaint should be dismissed.

3  **F.   The Complaint Fails to State a Claim for Which Relief Can Be**

4  **Granted For Copyright Infringement**

5  "[O]wnership of a valid copyright" is an element of copyright infringement.

6  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 113

7  L.Ed.2d 358 (1991). For "the design of a useful article," the shape of the container is

8  copyrightable "only if, and only to the extent that, [it] incorporates ... sculptural

9  features that can be identified separately from, and are capable of existing

10  independently of, the utilitarian aspects of the" container. *Inhale, Inc. v. Starbuzz*

11  *Tobacco, Inc.,* 755 F.3d 1038, 1040 (9th Cir.), as amended (July 9, 2014), cert.

12  denied, 135 S. Ct. 758 (2014). This statutory standard is satisfied by either physical

13  or conceptual separability. *Id.* at 1040. The shape of a container is not independent

14  of the container's utilitarian function…insofar as the shape accomplishes the

15  function. Id. at 1042.

16  In the present case, the TSX penis extensions are hollow sheaths that fit over

17  the penis to add both girth and length. They vary in texture from being smooth to

18  ribbed and contoured. (See Complaint at ¶ 20). The TSX penis girth expanders make

19  the penis thicker, instead of longer, adding to the circumference of the penis, and are

20  open at the end. (Id. at ¶ 46).  TSX penis extensions and girth expander products

21  have a "scrotum strap," which is a band that wraps around the scrotum to prevent

22  slippage of the product. The "scrotum strap" also has TSX's signature "square-like"

23  tab at the base. (See Complaint at ¶21). Here, like the device in the *Inhale* case, the

24  complaint admits that the penis extensions, penis girth expanders, scrotum strap and

25  smooth to ribbed and contoured texture, and square tab are functional. All the

26  features described are not physically or conceptually separable and capable of

27  existing independently of the utilitarian aspects. The shape of these copyrighted

28  products is not independent of utilitarian function – to fit over the penis, add girth

and/or length, to firmly remain engaged to the scrotum to prevent lateral movement

during use, to expose the right area of the male phallus – insofar as the shape accomplishes the function. *See Inhale,* 755 F.3d at 1040-42.

Based on the above, this Court should dismiss Plaintiff's copyright infringement claim because the Plaintiff does not have a valid copyright and has not pled any allegations to show that any of its allegedly copyrighted features are separable from the product's utilitarian functions.

**G.    The Plaintiff's Request for Statutory Damages Pursuant to 17 U.S.C § 1203 and 17 U.S.C. §504 Should Be Stricken**

**1.    Plaintiff's Delay In Filing Its Complaint Prevents Its Recovery of Statutory Damages Under 17 U.S.C. § 412**

Federal Rule of Civil Procedure 12(f) provides that a court "may order striken from any pleading any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). This provision allows the Court to dispense with spurious issues prior to trial to prevent waste of the Court's time and resources. See *Sidney-Vinstein v. A.H.Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983). ("("[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial…."). Under 17 U.S.C. § 412, no award of statutory damages or attorney's fees shall be made for any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.  17 U.S.C. § 412(1).

Here, Plaintiff's copyright registration for the work Standing Tall, Registration No. VA1-062-363, has an effective date of October 6, 2000, more than three months after its date of first publication, which was originally published on July 3, 2000 according to the Certificate of Copyright Registration. (Dkt. No. 1-1). Given the Plaintiff's delay in registration, this Court should grant Defendants motion to strike the request for statutory damages under Copyright VA1-062-363.

///

///

## 2.   Plaintiff is Not Entitled to Statutory Damages Under 17 U.S.C § 1203

Additionally, as discussed above, damages under 17 U.S.C § 1203 are only available for works relating to the Internet, electronic commerce, automated copyright protections or management systems, public registers, or other technological measures or processes as contemplated in the DMCA as a whole. *Textile Secrets Int'l, Inc. v. Ya-Ya Brand Inc,* 524 F. Supp. 2d 1184, 1188 (C.D. Cal. 2007). Therefore, this Court should grant Defendants' motion to strike Plaintiff's request for statutory damages pursuant to 17 U.S.C § 1203.

## III.   CONCLUSION

Based on the foregoing, it is clear that the all five causes of action are inadequately pled and should be dismissed. Additionally, the Court should also strike the Plaintiff's requests for statutory damages under 17 U.S.C § 1203 and strike the Plaintiff's requests for attorney's fees and statutory damages pursuant to17 U.S.C § 504 because of the Plaintiff's delay in filing for its copyright registration VA1-062-363.

Dated:  February 18, 2015                    COTMAN IP LAW GROUP, PLC

                                             s/Rasheed M. McWilliams
                                             By_____
                                             Daniel C. Cotman
                                             Rasheed M. McWilliams
                                             Obi Iloputaife
                                             Counsel for Defendant James R. Sicilia, CA-WA Corp., 665, Inc., Curtis A. Thompson, Daniel L. Cossette dba AAV Ltd., and KT Video, Inc.

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 35 Hughes Alley, Suite 210, Pasadena, California  91103.  On February 18, 2015, I hereby certify that I served the document(s) entitled **Defendants' Motions to: 1. Dismiss Plaintiff's Complaint Against Individual Defendants James R. Sicilia and Curtis A. Thompson; 2. Dismiss Plaintiff's Claims for Copyright Infringement, Trademark/Trade Dress Infringement and False Designation of Origin;  3. Strike Plaintiff's Prayers for Statutory Damages on its Claims for Copyright Infringement; 4.   Memorandum of Points and Authorities In Support Thereof** by delivering them to:

Michael D Harris
Marina L. Lang
Socal IP Law Group LLP
310 North Westlake Boulevard Suite 120
Westlake Village, CA 91362-3788
805-230-1350
Fax: 805-230-1355
Email: mharris@socalip.com;
mlang@socalip.com
*Attorneys for Plaintiffs*

Jonathan W Brown
Lipsitz Green Scime & Cambria LLP
42 Delaware Avenue Suite 120
Buffalo, NY 14202
716-849-1333
Fax: 716-849-1315
Email: jbrown@lglaw.com
*Attorneys for Defendants, XR Realty LLC, XR LLC, Ari H. Suss, Eldorado Trading Company II Inc., and Shane Nelson*

**[X]**　**BY MAIL**:  I enclosed a copy of said document in a post-paid envelope, addressed to each of the addressees referenced above, and deposited said envelope(s) in a U.S. Mail box.  **[And CM/ECF]**

**[ ]**　**BY EMAIL:**  I caused said document to be sent via email to the office(s) of the addressee(s) so designated.

**[ ]**　**VIA HAND DELIVERY:**  I caused a copy of the document(s) to be sent via hand delivery to the above addressee(s) to the address(es) listed above.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed February 18, 2015 at Pasadena, California

s/Elaine Cruz

_____
ELAINE CRUZ