Michael D. Harris, Cal. Bar No. 59,470
mharris@socalip.com
Marina L. Lang, Cal. Bar No. 251,087
mlang@socalip.com
SoCal IP Law Group LLP
310 North Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff TSX Toys, Inc.

**United States District Court**

**Central District of California – Western Division**

| | |
|---|---|
| TSX Toys, Inc., Plaintiff, v. 665, Inc, et al, Defendants. | No. 5:14-cv-2400 RGK (DTBx)<br>Plaintiff's Opposition to Defendants' Rule 12 Motions to Dismiss Defendants Sicilia and Thompson, Dismiss Copyright, Trademark, Trade Dress and Related Claims and Strike Claim for Statutory Damages<br>Date: March 30, 2015<br>Time: 9:00 a.m.<br>Judge: Klausner |

**Table of Contents**

A. Introduction ..... 1

1. Defendants Sicilia and Thompson *Personally* Infringed ..... 1
2. The DMCA and this Judicial District does not distinguish between Electronic and Non-Electronic CMI ..... 1
3. TSX's Lanham Act Claims Rely on Trade Dress and TSX's Trade Dress and Copyright Claims do not Overlap. ..... 2
4. TSX's § 17200 Claim Relies on Trade Dress ..... 2
5. TSX Adequately Pleads Copyright Infringement and Statutory Damages Pursuant to 17 U.S.C. § 412 ..... 3
6. TSX Adequately Pleads Statutory Damages Pursuant to 17 U.S.C. § 412 ..... 3

B. Argument ..... 3

1. FACTS ....................................................................................... 3

2. DEFENDANTS FAILED TO COMPLY WITH L.R. 7-3 AND NEITHER ASKED FOR NOR PARTICIPATED IN A CONFERENCE OF COUNSEL BEFORE FILING THIS MOTION. ....................................................................................... 4

3. THE INDIVIDUAL DEFENDANTS ARE LIABLE BECAUSE THEY PARTICIPATED IN THE INFRINGEMENTS. ....................................................................................... 4

4. THE DMCA DOES NOT DISTINGUISH BETWEEN ELECTRONIC AND NON-ELECTRONIC CMI. ....................................................................................... 5

5. THE LAW AND FACTS FAIL TO SUPPORT DEFENDANTS' ATTEMPT TO DISMISS THE TRADE DRESS CLAIMS IN THE THIRD AND FIFTH CLAIM FOR RELIEF. ....................................................................................... 7

   a. The law does not prohibit copyright holders from asserting trade dress rights. ....................................................................................... 7

   b. A Rule 12 motion is not the proper avenue for deciding whether the product is functional. ....................................................................................... 9

6. THE CAL. BUS. & PROF. CODE § 17200 CLAIM IS PROPER BECAUSE THE TRADE DRESS CLAIMS ARE NOT BARRED. ....................................................................................... 9

7. DEFENDANTS' ATTEMPT TO DISMISS TSX'S COPYRIGHT INFRINGEMENT CLAIM IMPROPERLY RELIES ON FACTS THAT ARE NOT IN THE COMPLAINT. ....................................................................................... 9

8. THE THREE-MONTH WINDOW FOR STATUTORY DAMAGES UNDER OF 17 U.S.C. § 412 DOES NOT APPLY HERE. ....................................................................................... 10

C. Conclusion ....................................................................................... 11

**TABLE OF AUTHORITIES**

**Cases**

*Bangkok Broad. & T.V. Co. v. IPTV Corp.*, 742 F. Supp. 2d 1101 (C.D. Cal. 2010) (Otero, J) ....................................................................................... 4, 5

*BottleHood, Inc. v. Bottle Mill*, 2012 U.S. Dist. LEXIS 57381, 2012 WL 1416272 (S.D. Cal. Apr. 23, 2012) ....................................................................................... 10

*Bradstreet v. Wong*, 161 Cal. App. 4th 1440, 75 Cal. Rptr. 3d 253 (Cal. Ct. App. 2008) ....................................................................................... 5

*Campanelli v. Bockrath*, 100 F.3d 1476 (9th Cir. 1996) ....................................................................................... 9

*Clicks Billiards v. Sixshooters Inc.*, 251 F.3d 1252 (9th Cir. 2001)............................7

*Cosmos Jewelry Ltd. v. Po Sun Hon Co.*, 470 F. Supp. 2d 1072 (C.D. Cal. 2006)..........................................................................................9

*Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003) ....................8

*Fischer v. Forrest*, No. 14 Civ. 1304 (PAE), 2015 U.S. Dist. LEXIS 4395, 21 n.4 (S.D.N.Y. Jan. 13, 2015) ........................................................................6

*Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 636 F.3d 1115 (9th Cir. 2011)...................8

*Fox v. Hildebrand*, 2009 U.S. Dist. LEXIS 60886 at *7, 2009 WL 1977996 (C.D. Cal. July 1, 2009).................................................................1, 2, 5, 6

*Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 755 F.3d 1038 (9th Cir.), *cert. denied*, 135 S. Ct. 758 (2014)..................................................................................3, 9

*Interplan Architect, Inc. v. C.L. Thomas, Inc.*, No. 4:08-cv-03181, 2009 U.S. Dist. LEXIS 126705, *11–12 (S.D. Tex. Nov. 13, 2009)...........................................6

*Leveyfilm, Inc. v. Fox Sports Interactive Media, LLC*, 999 F. Supp. 2d 1098 (N.D. Ill. 2014) ..........................................................................................6

*Lisa Frank, Inc. v. Impact International, Inc.*, 799 F. Supp. 980, 1992 U.S. Dist. LEXIS 20259 (D. Ariz. 1992) ...........................................................8

*MDY Indus., LLC v. Blizzard Entm't, Inc.*, 616 F. Supp. 2d 958 (D. Ariz. 2009)..........................................................................................5

*Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295 (3d Cir. 2011).....................2, 6

*Nintendo of Am. v. Dragon Pac., Int'l*, 40 F.3d 1007 (9th Cir. 1994)..........................7

*Novell, Inc. v. Unicom Sales, Inc., et al.*, No. C-03-2785 MMC, 2004 WL 1839117, at *17, [2004 U.S. Dist. LEXIS 24538] (N.D. Cal. Aug. 17, 2004) ............................5

*Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007)........................10

*RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556 (C.D. Cal. 2005)................7

*Reader's Digest Assoc. v. Conservative Digest*, 821 F.2d 800 (D.C. Cir. 1987) ..........................................................................................2, 8

*Textile Secrets Int'l, Inc. v. Ya-Ya Brand, Inc.*, 524 F. Supp. 2d. 1184 (C.D. Cal. 2007) ........ 2, 6, 7

*The Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814 (9th Cir. 1996) ........ 1, 4, 5

*Tobey v. Jones*, 706 F.3d 379 (4th Cir. 2013) ........ 9

*Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001 (9th Cir. 1985) ........ 5

**Rules**

15 U.S.C. § 1125(a) ........ 2, 7, 9

15 U.S.C. § 1125(a)(3) ........ 9

17 U.S.C. § 101 ........ 7

**17 U.S.C. § 412** ........ 3, 10

17 U.S.C. § 501 ........ 1

17 U.S.C. § 501(a) ........ 10

17 U.S.C. § 1202 ........ 1, 5

Cal. Bus. & Prof. Code § 17200 ........ 2, 9

FED. R. CIV. P. 12(b)(6) ........ 2, 3, 9, 11

Local Rule 7–3 ........ 4

Rule 12(b)(1) ........ 11

**Other Authorities**

2-7 Melville B. Nimmer and David Nimmer, Nimmer on Copyright § 7.16 (2015) ........ 10

Senate Report No. 105-190, 105th Congress, 2d Session, The Digital Millennium Copyright Act of 1998 (May 11, 1998) ........ 6

## A. INTRODUCTION

As an initial matter, defense counsel did not ask Plaintiff's attorneys to meet and confer before filing this motion, violating Local Rule 7-3. Had they complied, the Court's time and resources would have been spared here.

### 1. DEFENDANTS SICILIA AND THOMPSON *PERSONALLY* INFRINGED

The complaint needs no alter ego pleading because individual defendants Sicilia and Thompson's liability springs from their personal participation in the infringements. "[A] corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf." *The Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996). The corporate officer, as any person, may be liable for direct infringement if the officer personally infringes the copyrighted work by engaging in any of the exclusive rights under § 106. *See* 17 U.S.C. § 501. The complaint pleads that Defendant Sicilia and Defendant Thompson personally developed and distributed infringing works. ¶ 31[1].

### 2. THE DMCA[2] AND THIS JUDICIAL DISTRICT DOES NOT DISTINGUISH BETWEEN ELECTRONIC AND NON-ELECTRONIC CMI[3]

Regarding 17 U.S.C. § 1202, the DMCA does not distinguish between electronic and non-electronic CMI. *See Fox v. Hildebrand*, 2009 U.S. Dist. LEXIS 60886 at *7, 2009 WL 1977996 (C.D. Cal. July 1, 2009) ("The plain language of the statute indicates that [§ 1202] is not limited to copyright notices that are digitally placed on a work. The use of "including in digital form" removes any doubt that notices in digital form are covered, but in no way limits the definition to notices made in digital form.").

The legislative history of the DMCA confirms this. Additionally, cases including one from the Third Circuit Court of Appeals after the case on which defendants

---

[1] Annotations refer to paragraphs in the complaint.
[2] DMCA refers to Digital Millennium Copyright Act
[3] "Copyright Management Information"

rely, *Textile Secrets Int'l, Inc. v. Ya-Ya Brand, Inc.*, 524 F. Supp. 2d. 1184 (C.D. Cal. 2007), do not limit the statute to the Internet. *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295 (3d Cir. 2011). Notwithstanding the *Fox* and *Murphy* decisions that came after *Textile* and the supporting legislative history, Plaintiff's CMI *does*, in accordance with the *Textile* holding, bear some relation to the Internet and electronic commerce. Plaintiff directly references in its Complaint the numerous *Internet* sites where defendants engage in the *electronic commerce* of selling infringing goods with Plaintiff's CMI removed ¶¶ 7-10, 42.

**3. TSX's Lanham Act Claims Rely on Trade Dress and TSX's Trade Dress and Copyright Claims do not Overlap.**

Contrary to the defense motion, plaintiff TSX does not base its claims under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), on its products' copyright. The third and fifth claims for relief rely on trade dress rights of a product that *are also* protected by copyright. Trade dress focuses on the plaintiff's "entire selling image" whereas a copyright claim protects the *artistic elements* of the work. TSX's allegations regarding trade dress and copyright do not improperly overlap here. Indeed, it is common to see simultaneous claims for trade dress and copyright. *See e.g., Reader's Digest Assoc. v. Conservative Digest*, 821 F.2d 800 (D.C. Cir. 1987). Further, Defendants' functionality arguments attempt to determine facts—that TSX's products are utilitarian. However, defendants seek a ruling that requires factual findings. That is not a function of Fed. R. Civ. P. 12(b)(6) motions.

**4. TSX's § 17200 Claim Relies on Trade Dress**

Copyright infringement is not what supports defendants' liability under the fourth claim for relief under Cal. Bus. & Prof. Code § 17200. Defendants' liability under this state law claim flows from their trade dress infringement. As such, TSX has properly pled this claim.

### 5. TSX Adequately Pleads Copyright Infringement and Statutory Damages Pursuant to 17 U.S.C. § 412

Defendants reliance on *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 755 F.3d 1038 (9th Cir.), *cert. denied,* 135 S. Ct. 758 (2014), is misplaced because it was not a review of a Rule 12(b)(6) dismissal. The case holds that useful articles may not be copyrightable except for features that can be identified separately from the useful article. However, the defendants base their motion on what they perceive to be the "facts." That is not the role of Rule 12(b)(6) motions. TSX has adequately pled its copyright infringement claim.

### 6. TSX Adequately Pleads Statutory Damages Pursuant to 17 U.S.C. § 412

Defendants further drastically misinterpret the statute dealing with statutory damages. 17 U.S.C. § 412 authorizes statutory damages when the infringement begins after registration of the copyright. Section 412's three-month window provides the copyright owner a benefit when an infringer commences infringement within three months of first publication.

In sum, Plaintiff's allegations are more than sufficient to survive this motion to dismiss and strike.

## B. Argument

### 1. Facts

TSX manufactures and sells adult novelty products, and the defendants participate in the manufacture and sale of similar products. ¶ 20. TSX's products have a signature look and feel that identifies the products as TSX products and distinguishes them from other adult toy companies. ¶ 19. TSX has worked with numerous sculptors to create one-of-a kind, exceptional molds. ¶ 21. TSX has obtained federal copyright protection for its sculptural products and molds, ¶ 21, and every TSX product contains an explicit copyright notice. ¶ 21 (copyright management information).

Defendants' products are exact or slightly modified replicas of TSX's copyrighted products. To date, TSX discovered almost 50 separate products from defendants that constitute infringements of TSX's copyrighted works.

### 2. DEFENDANTS FAILED TO COMPLY WITH L.R. 7-3 AND NEITHER ASKED FOR NOR PARTICIPATED IN A CONFERENCE OF COUNSEL BEFORE FILING THIS MOTION.

Violating Local Rule 7–3, defense counsel did not ask Plaintiff's attorneys to meet and confer before filing this motion. The motion also lacks the required language, "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

Defendants' failure is not trivial. Plaintiff TSX could have explained at the conference why defendants' positions were wrong. In addition, the parties might have agreed to the filing of an amended the complaint to avoid this costly motion practice.

### 3. THE INDIVIDUAL DEFENDANTS ARE LIABLE BECAUSE THEY PARTICIPATED IN THE INFRINGEMENTS.

The complaint needs no alter ego pleading because individual defendants Sicilia and Thompson's liability springs from their *personal participation* in the infringements. For example, paragraph 31 alleged: "Thompson … and Sicilia, hired a professional adult-toy "mold-making" company named "Art Electroforming," … to create molds from Plaintiff's Protected Works" and alleged that "Thompson…and Sicilia, instructed Art Electroforming to obliterate or change the identifying information on Plaintiff's Protected Works" and alleged that "Thompson…and Sicilia used the molds created by Art Electroforming to develop Infringing Goods and advertise and sell…" *The Comm. for Idaho's High Desert*, 92 F.3d at 823, from which TSX quoted in its Introduction, allow those allegations. In *Bangkok Broad. & T.V. Co. v. IPTV Corp.*, 742 F. Supp. 2d 1101 (C.D. Cal. 2010) (Otero, J), the court explained how corporate officers' personal liability applies to various intellectual property cases:

> Courts have also applied this basic principle to trademark infringement, *The Comm. for Idaho's High Desert*, 92 F.3d at 823–24, unfair competition, *The Comm. for Idaho's High Desert*, 92 F.3d at 823–24; *Transgo, Inc.* [*v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1021 (9th Cir. 1985)], copyright infringement, *see Novell, Inc. v. Unicom Sales, Inc., et al.*, No. C-03-2785 MMC, 2004 WL 1839117, at *17, [2004 U.S. Dist. LEXIS 24538] (N.D. Cal. Aug. 17, 2004), and contributory infringement claims, *see MDY Indus., LLC v. Blizzard Entm't, Inc.*, 616 F. Supp. 2d 958, 972–73 (D. Ariz. 2009). Similarly, an individual "owner or officer of a corporation" may be held personally liable for a corporation's violation of California Business and Professions Code §§ 17200, *et seq*. if "he or she actively and directly participates in the unfair business practice …." *Bradstreet v. Wong*, 161 Cal. App. 4th 1440, 75 Cal. Rptr. 3d 253, 258, 268 (Cal. Ct. App. 2008).

*Bangkok*, 742 F. Supp. 2d at 1114-15 (omitting court's parenthetical statement "internal citation omitted.") Thus, defendants' position about the lack of a proper alter ego allegation is irrelevant.

**4. THE DMCA DOES NOT DISTINGUISH BETWEEN ELECTRONIC AND NON-ELECTRONIC CMI.**

Regarding 17 U.S.C. § 1202, the DMCA does not distinguish between electronic and non-electronic CMI. *See Fox v. Hildebrand*, 2009 U.S. Dist. LEXIS 60886 at *7, 2009 WL 1977996 (C.D. Cal. July 1, 2009) ("The plain language of the statute indicates that [§ 1202] is not limited to copyright notices that are digitally placed on a work. The use of "including in digital form" removes any doubt that notices in digital form are covered, but in no way limits the definition to notices made in digital form.").

Other cases, which defendants failed to mention, also disagree with the holding of *Textile Secrets*, the case upon which Defendants heavily rely. For example, *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295 (3d Cir. 2011), held:

> [A] cause of action under § 1202 of the DMCA potentially lies whenever the types of information listed in § 1202(c)(1)-(8) and "conveyed in connection with copies … of a work … including in digital form" is falsified or removed, regardless of the form in which that information is conveyed.

*Id*. at 305. As such, TSX has met its pleading obligations. ¶ 42. Most courts read § 1202 more broadly than *Textile Secrets* does to cover all CMI. See *Leveyfilm, Inc. v. Fox Sports Interactive Media, LLC*, 999 F. Supp. 2d 1098, 1102 (N.D. Ill. 2014); *Fischer v. Forrest*, No. 14 Civ. 1304 (PAE), 2015 U.S. Dist. LEXIS 4395, 21 n.4 (S.D.N.Y. Jan. 13, 2015) (citing two other Southern District of New York case); *Interplan Architect, Inc. v. C.L. Thomas, Inc.*, No. 4:08-cv-03181, 2009 U.S. Dist. LEXIS 126705, *11–12 (S.D. Tex. Nov. 13, 2009).

To be sure, the Senate Judiciary Committee expressly noted in its report: "Under the bill, CMI includes such items as the title of the work, the author, the copyright owner, and in some instances, the writer, performer, and director. CMI need not be in digital form, but CMI in digital form is expressly included." Senate Report No. 105-190, 105th Congress, 2d Session, The Digital Millennium Copyright Act of 1998 (May 11, 1998) (also available at: http://www.gpo.gov/fdsys/pkg/CRPT-105srpt190/html/CRPT-105srpt190.htm.).

The *Textile* case cited by Defendants states that § 1202 must bear some *"relation* to … the Internet, electronic commerce…or other technological measures or processes." *Textile,* 524 F. Supp at 1201 (emphasis added). Notwithstanding the *Fox, Murphy* and other decisions that came after *Textile*, and the legislative history of the DMCA, Plaintiff's CMI *does*, indeed, bear some relation to the Internet and electronic

commerce in accordance with the *Textile* holding. Plaintiff directly references the numerous *Internet* sites where defendants engage in the *electronic commerce* of selling infringing goods with Plaintiff's CMI removed ¶¶ 7-10, 42. Thus, Plaintiff has met the requisite pleading requirements of § 1202.

### 5. THE LAW AND FACTS FAIL TO SUPPORT DEFENDANTS' ATTEMPT TO DISMISS THE TRADE DRESS CLAIMS IN THE THIRD AND FIFTH CLAIM FOR RELIEF.

#### a. The law does not prohibit copyright holders from asserting trade dress rights.

TSX does not base its claims under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), on its products' copyright. The third and fifth claims for relief rely on trade dress rights of a product that *are also* protected by copyright. Trade dress focuses on the plaintiff's "entire selling image," which may include features such as "size, shape, color, color combinations, texture or graphics." *Clicks Billiards v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). In evaluating a trade dress claim, a court must not focus on individual elements, "but rather on the overall visual impression that the combination and arrangement of those elements create." *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1259 (9th Cir. 2001). "Trade dress is the composite tapestry of visual effects." *Id.* Conversely, a copyright claim protects the *artistic* aspects of the work. 17 U.S.C. § 101. As such, it is common to see simultaneous claims for trade dress and copyright. See *Nintendo of Am. v. Dragon Pac., Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994)); *see also RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 564 (C.D. Cal. 2005) (stating that "trademark and copyright protection may coexist")

Plaintiff has adequately pled the elements of trade dress, which defendant does not dispute here. The issue is whether Plaintiff's trade dress allegations are different from its copyright allegations. The answer is yes. In accordance with *Clicks Billiards v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001), Plaintiff alleges that defend-

ants have copied the "shape, size, style, layout, texture, and designs" of Plaintiff's products (¶50) and have created products that create the same "overall impression" of plaintiff's products (¶48). Plaintiff's trade dress focuses on defendant's illegal copying of Plaintiff's "entire selling image." Plaintiff's copyright claims, on the other hand, do not focus on the "entire selling image" but rather on Plaintiff's protected *sculptural artistic expression,* which is "unique" and "one-of-a-kind" (¶¶17, 21). Thus, it follows that Plaintiff's trade dress claim *does not* overstep the line between the Lanham and Copyright Acts. At the very least, Plaintiff has pled the requisite facts.

Defendant's citation to *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003) is inapplicable and does *not* hold that all Lanham Act claims related to copyright are barred. In *Dastar*, defendant Fox argued that § 43(a) of the Lanham Act creates a claim "misrepresentation of authorship of noncopyrighted works." Fox based its claim on Dastar's failure to name the name Fox as the author of films that were the subject of an expired copyright. The Court disagreed. Thus, *Dastar* merely held "where a copyright is in the public domain, a party may not assert a trademark infringement action against an alleged infringer if that action is essentially a substitute for a copyright infringement action. *Id*. at 33." *Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 636 F.3d 1115, 1124 (9th Cir. 2011).

Cases allow simultaneous claims for trade dress and copyright. For example, in *Reader's Digest Assoc. v. Conservative Digest*, 821 F.2d 800 (D.C. Cir. 1987), plaintiff sued a magazine publisher for trade dress infringement because its magazine used Reader's Digest's trade dress and for copyright infringement for copying Reader's Digest's copyrighted cover. *Id.* at 802–03. The court upheld that claim. *Id.* at 804, 806; See also, *Lisa Frank, Inc. v. Impact International, Inc.,* 799 F. Supp. 980, 1992 U.S. Dist. LEXIS 20259 (D. Ariz. 1992) (court held plaintiffs' trade dress was non-functional and inherently distinctive and that consumers were likely to be confused by

most of defendant's products, and that plaintiffs' copyright and irreparable harm claims had substantial support);

**b. A Rule 12 motion is not the proper avenue for deciding whether the product is functional.**

Defendants correctly state that the product must be nonfunctional to qualify for trade dress protection. See 15 U.S.C. § 1125(a)(3). However, defendants then assert functionality by alleging facts about utilitarian advantages. Deciding whether TSX's products are utilitarian is not the function of motions to dismiss under FED. R. CIV. P. 12(b)(6). *See Campanelli v. Bockrath*, 100 F.3d 1476, 1484 (9th Cir. 1996) (holding that whether defense applied "is an issue of fact that should not be decided at the 12(b)(6) stage."); *Tobey v. Jones*, 706 F.3d 379, 393 (4th Cir. 2013).

**6. THE CAL. BUS. & PROF. CODE § 17200 CLAIM IS PROPER BECAUSE THE TRADE DRESS CLAIMS ARE NOT BARRED.**

Defendants only argue that the § 17200 claim is barred because TSX's trade dress claims are barred. TSX showed that the trade dress claims remain. Therefore, the § 17200 claim remains proper. Use of trade dress in a manner likely to confuse the public is a violation of CAL. BUS. AND PROF. CODE § 17200 ET. SEQ. *Cosmos Jewelry Ltd. v. Po Sun Hon Co.*, 470 F. Supp. 2d 1072, 1087 (C.D. Cal. 2006).

**7. DEFENDANTS' ATTEMPT TO DISMISS TSX'S COPYRIGHT INFRINGEMENT CLAIM IMPROPERLY RELIES ON FACTS THAT ARE NOT IN THE COMPLAINT.**

Defendant's reliance on *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 755 F.3d 1038 (9th Cir.), *cert. denied*, 135 S. Ct. 758 (2014), is misplaced because it was not a review of a Rule 12(b)(6) dismissal. The case holds that useful articles may not be copyrightable except for features that can be identified separately from the useful article. However, the defendants base their motion on what they perceive to be the "facts." That is not the role of Rule 12(b)(6) motions.

Plaintiff has sufficiently pled the elements of copyright infringement. TSX pled that: (1) it owns the copyright for the allegedly infringed material [¶¶21-26]; and (2) defendants violated at least one exclusive right granted to Plaintiff, the copyright holder, under section 106 of the Copyright Act [¶¶27-40][4], which is all that is required to adequately plead copyright infringement. See 17 U.S.C. § 501(a); *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007).

**8. THE THREE-MONTH WINDOW FOR STATUTORY DAMAGES UNDER OF 17 U.S.C. § 412 DOES NOT APPLY HERE.**

Plaintiff can obtain statutory damages if registration occurs any time before infringement commences, or, if infringement begins in the first three months after publication, statutory damages are proper if registration occurs in those three months. The statute confirms that interpretation:

> In any action under this title …, no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for—
>
> (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
>
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412. See also 2-7 Melville B. Nimmer and David Nimmer, Nimmer on Copyright § 7.16 (2015) (stating "in order for a copyright owner to be entitled to recover statutory damages and attorney's fees, the work must have been registered prior

---

[4] Plaintiff adequately alleges the defendants violated its rights to copy and distribute the Protected Works. See e.g., *BottleHood, Inc. v. Bottle Mill*, 2012 U.S. Dist. LEXIS 57381, 2012 WL 1416272 (S.D. Cal. Apr. 23, 2012)

to commencement of the infringement for which such remedies are sought (or within the grace period described below)). The three-month exception is "to take care of newsworthy or suddenly popular works which may be infringed almost as soon as they are published, before the copyright owner has had a reasonable opportunity to register his claim." *Id.* (internal quotation marks omitted).

Defendants misread the statute by claiming that whenever one registers more than three months after publication, it loses all right to statutory damages irrespective of the timing of infringement. Defendants' interpretation of the statute is incorrect.

### C. Conclusion

Defendants either improperly argued facts for their Rule 12(b)(6) and 12(b)(1) motion, misinterpreted TSX's claims or misstated the law. The allegations pled in TSX's Complaint are more than sufficient to survive every argument in the instant motion to dismiss. For those reasons, TSX requests that the court deny their motion.

March 9, 2015

/s/ Marina L. Lang
Marina L. Lang
SoCal IP Law Group LLP

Attorneys for Plaintiff TSX Toys, Inc.

### Certificate of Service

I certify that I am employed in the office of a member of the bar of this court at whose direction the service was made. On March 9, 2015, I served the foregoing document "Plaintiff's Opposition to Defendants' Rule 12 Motions to Dismiss Defendants Sicilia and Thompson, Dismiss Copyright, Trademark, Trade Dress and Related Claims and Strike Claim for Statutory Damages" to attorneys for all parties by using the CM/ECF system, which will send a notice of electronic filing of the document to all parties.

March 9, 2015

/s/ Anneliese Lomonaco
Anneliese Lomonaco