Daniel Cotman (SBN 218315)
dan@cotmanip.com
Rasheed M. McWilliams (SBN 281832)
rasheed@cotmanip.com
Obi I. Iloputaife (SBN 192271)
obi@cotmanip.com
**COTMAN IP LAW GROUP, PLC**
35 Hugus Alley, Suite 210
Pasadena, CA 91103
(626) 405-1413/FAX (626) 316-7577
Attorneys for Defendants James R. Sicilia,
CA-WA Corp., 665, Inc., Curtis A. Thompson,
Daniel L. Cossette dba AAV Ltd., and KT Video, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TSX Toys, Inc., | Case No. 5:14-cv-02400-RGK-DTB |
| Plaintiff, | Hon. R. Gary Klausner |
| v. | **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |
| 665, Inc., a California Corporation; Curtis A. Thompson, an Individual; XR Realty LLC dba XR Brands, a California Limited Liability Company; XR, LLC, a Maryland Limited Liability Company; Ari H. Suss, an Individual; CA-WA Corp, a California Corporation; James R. Sicilia, an Individual; Eldorado Trading Company II, Inc., a Colorado Corporation; Daniel L. Cossette dba AAV Ltd, an individual; KT Video, also dba KT's Video, a business entity of unknown status; Shane Nelson dba SLS Specialty, an individual; and DOES 1-10, | Date: March 30, 2015 Time: 9:00 a.m. Place: Courtroom 850 |
| Defendants. | |

1
2

# TABLE OF CONTENTS

3

TABLE OF AUTHORITIES ................................................................................................ ii

4

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

5

I.   INTRODUCTION ........................................................................................................ 1

6
7

II.   ARGUMENT.................................................................................................................. 2

8

A.   The Plaintiff's Second Cause of Action Pursuant to 17 U.S.C. § 1202 Should Be

9

Dismissed Because the DMCA Was Enacted to Combat Piracy in the Digital Age ................... 2

10

B.   The Law and Facts Support Defendants' Motion to Dismiss Plaintiff's Third, Fourth and

11

Fifth Causes of Actions Because the Plaintiff Impermissibly Seeks to Extend Its Copyright

12

Protection into Perpetuity .................................................................................................... 4

13

1.   Plaintiff's Third and Fifth Cause of Action Should Be Dismissed without Leave to

14

Amend................................................................................................................................ 4

15

2.   Plaintiff's Fourth Cause of Action For Unfair Competition Under Cal. Bus. & Prof.

16

Code § 17200 Should Be Dismissed Because Plaintiff's Trade Dress Claims Are Barred....... 6

17

C.   Defendants Withdraw Their Other Motions to Dismiss and Their Motion to Strike.......... 6

18

1.   Motion to Dismiss Plaintiff's Complaint Against Individual Defendants James R.

19

Sicilia and Curtis A. Thompson;................................................................................ 7

20

2.   Motion to Dismiss Plaintiff's Copyright Infringement Claim; and................................ 7

21
22

3.   Motion to Strike Plaintiff's Request for Statutory Damages on its Claims for Copyright

23

Infringement................................................................................................................... 7

24

III.   CONCLUSION................................................................................................................ 7

25
26
27
28

1

# TABLE OF AUTHORITIES

2

**Cases**

3

*Clicks Billiards v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001) ........................................ 5

4

*Comedy III Prods., Inc. v. New Line Cinema*, 200 F.3d 593 (9th Cir. 2000) ..................................... 6

5

*Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 123 S.Ct 2041, 156 L.Ed. 2d 18

6

(2003) .................................................................................................................................. 6

7

*Fox v. Hildebrand*, 2009 WL 1977996, *3 (C.D. Cal. July 1, 2009) .................................................. 3

8

*Nintendo of Am. v. Dragon Pac., Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994) ..................................... 4

9

*RDF Media Ltd. v. Fox Broad. Co.*, 373 F. Supp. 2d 556, 564-565 (C.D. Cal. 2005) ................. 4, 6

10

*Textile Secrets Int'l, Inc. v. Ya-Ya Brand Inc.*, 524 F. Supp.2d 1184, 1188 (C.D. Cal. 2007) ..... 1, 2

11

**Statutes**

12

17 U.S.C. § 1202 ...................................................................................................................... 2, 3, 4

13

Cal. Bus. & Prof. Code § 17200 .................................................................................................. 1, 6

14

**Rules**

15

L.R. 7-16 ........................................................................................................................................ 6

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants James R. Sicilia ("Sicilia"), CA-WA Corp. ("CA-WA"), Curtis Thompson ("Thompson"), 665, Inc. ("665"), Daniel L. Cossette dba AAV Ltd. ("AAV"), and KT Video, Inc. ("KT") (collectively "Defendants"), by and through their counsel, hereby submits their Reply to Plaintiff TSX Toys, Inc.'s ("TSX" or "Plaintiff") Opposition to Defendants' Motions to Dismiss; Defendant Sicilia and Defendant Thompson's Motions to Dismiss; and Defendants' Motion to Strike.

## I.   INTRODUCTION

The Court should grant Defendants' motions to dismiss Plaintiff's second, third, fourth and fifth causes of action without leave to amend because they are inadequately pled and there is no amendment that can be made to assert a valid cause of action.

First, the Court should dismiss Plaintiff's second cause of action pursuant to 17 U.S.C. § 1202 because the square tab on Plaintiff's penis girth and length expanders does not have any "relation to the Internet, electronic commerce, automated copyright protections or management systems, public registers, or other technological measures or processes as contemplated in the DMCA as a whole." *See Textile Secrets Int'l, Inc. v. Ya-Ya Brand Inc.*, 524 F. Supp.2d 1184, 1188 (C.D. Cal. 2007).

Second, the Court should dismiss Plaintiff's third and fifth causes of action for trade dress infringement pursuant to the Lanham Act because the Plaintiff is impermissibly seeking to extend its copyright protection in perpetuity by claiming trade dress rights in the actual product itself, which violates precedents of the U.S. Supreme Court and the U.S. Court of Appeals for the Ninth Circuit ("Ninth Circuit").

Finally, the Court should dismiss Plaintiff's fourth cause of action pursuant to Cal. Bus. & Prof. Code § 17200 because this cause of action is solely based on

1 | Plaintiff's trade dress claims, which are improper under Supreme Court and Ninth
2 | Circuit precedent.

3 | Based on the foregoing, this Court should dismiss Plaintiff's second, third,
4 | fourth and fifth causes of action without leave to amend.

5 | **II.   ARGUMENT**

6 | **A.    The Plaintiff's Second Cause of Action Pursuant to 17 U.S.C. §**
7 | **1202 Should Be Dismissed Because the DMCA Was Enacted to**
8 | **Combat Piracy in the Digital Age**

9 | As explained in Defendants' Motion to Dismiss, 17 U.S.C. § 1202 does not
10 | "apply to circumstances that have no relation to the Internet, electronic commerce,
11 | automated copyright protections or management systems, public registers, or other
12 | technological measures or processes as contemplated in the DMCA as a whole." *See*
13 | Dkt. No. 50, 6:22-7:16; *see also Textile Secrets Int'l, Inc. v. Ya-Ya Brand Inc.*, 524
14 | F. Supp.2d 1184, 1188 (C.D. Cal. 2007).

15 | The *Textile Secrets* court closely examined the legislative history of the
16 | Digital Millennium Copyright Act ("DMCA"), including the government white
17 | papers that originated the concepts, Congress' previous attempts to address digital
18 | piracy and ultimately the World Intellectual Property Organization treaty that
19 | spurred the passage of the DMCA. *Id.* at 1195-2000.  Although §1202 is worded
20 | broadly, the context of the DMCA's statutory scheme is to protect the integrity of
21 | copyright management information ("CMI") ***and*** to prevent efforts to circumvent the
22 | technological measures protecting such information and copyrighted works.  *See Id.*
23 | at 1195.

24 | In this case, the Plaintiff has not pleaded any connection to the Internet or
25 | electronic commerce against the Defendants who filed this Motion to Dismiss.
26 | Although citing to paragraphs 7-10 and 42 in its Opposition as pleading sites where
27 | Defendants allegedly engage in electronic commerce of selling infringing good,
28 | those paragraphs simply do not make any such allegations.  Dkt. No. 53, 8:1-4.

1    First, only paragraphs 8 and 9 pertain to any of the Defendants who have filed this

2    Motion to Dismiss.  Dkt. No. 1, ¶¶ 8-9.  Second, paragraph 9 pertains to Defendant

3    James R. Sicilia and alleges that he owns two websites, but does not allege that he

4    distributes any of the accused products through those websites.  Dkt. No. 1, ¶ 9.

5    Finally, paragraph 42 does not allege that any of the Defendants, who filed the

6    present motion, sell any of the allegedly infringing products through the Internet.

7    Dkt. No. 1, ¶ 42.  The Plaintiff's is confusing the Defendants who filed the present

8    motion with the other defendants in this case who have no involvement with the

9    present motion.

10          Notably, the only case cited by Plaintiff in the Central District of California or

11   the Ninth Circuit is the *Fox v. Hildebrand* case, which is both unpublished and

12   inapposite to the facts of this case.   In the *Hildebrand* case, the Court was

13   considering a motion to dismiss in a case regarding the attachment of false copyright

14   information on architectural drawings posted to a website to facilitate the sale of a

15   home, which the court held was a "factual dispute not amenable to determination on

16   a motion to dismiss."  *See Fox v. Hildebrand*, 2009 WL 1977996, *3 (C.D. Cal. July

17   1, 2009).  The court also stated in footnote 3 that the *Textile Secrets* case was

18   "involved a copyright notice on fabric and is simply inapposite."  *Id.*

19          The facts of the *Textile Secrets* case are more analogous to the facts in the

20   present case because here the Plaintiff alleges that it's CMI is attached as a physical

21   tag to its erotic products.  As shown above and in Plaintiff's Opposition, it has not

22   and cannot allege that its CMI has any "relation to the Internet, electronic

23   commerce, automated copyright protections or management systems, public

24   registers, or other technological measures or processes as contemplated in the

25   DMCA as a whole," at least as it relates to the Defendants.  Thus, this Court should

26   dismiss Plaintiff's second cause of action pursuant to 17 U.S.C. §1202 with

27   prejudice because this section does not apply to physical tags affixed to Plaintiff's

28

1   erotic products and there is no amendment that would extend the provisions of 17

2   U.S.C. §1202 to Plaintiff's sculpture or products.

3     **B.** **The Law and Facts Support Defendants' Motion to Dismiss**

4       **Plaintiff's Third, Fourth and Fifth Causes of Actions Because the**

5       **Plaintiff Impermissibly Seeks to Extend Its Copyright Protection**

6       **into Perpetuity**

7       **1.** **Plaintiff's Third and Fifth Cause of Action Should Be**

8         **Dismissed without Leave to Amend**

9      As asserted in Defendants' Motion to Dismiss, Plaintiff's third and fifth

10  causes of action should be dismissed because the Plaintiff is impermissibly seeking

11  to extend its copyright protection indefinitely.  *See* Dkt. No. 50, 8:1-9:17.  The

12  Plaintiff relies on two cases, *Nintendo of Am. v. Dragon Pac., Int'l* and *RDF Media*

13  *Ltd. v. Fox Broad. Co.*, to support its assertion that "it is common to see

14  simultaneous claims for trade dress and copyright [infringement]," which is simply

15  not true.  *See* Dkt. No. 53, 7:19-22.  The *Nintendo of Am.* case involved a claim for

16  *trademark* infringement, not trade dress infringement.  *Nintendo of Am. v. Dragon*

17  *Pac., Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994).

18     Additionally, the court in *RDF Media* expressly held that the allegations of

19  Lanham Act violations were improper based on the Plaintiffs attempt to extend its

20  copyright protection and granted the motion to dismiss without leave to amend.

21  *RDF Media Ltd. v. Fox Broad. Co.*, 373 F. Supp. 2d 556, 564-565 (C.D. Cal. 2005).

22  In agreement with the U.S. Supreme Court's decision in *Dastar Corp. v. Twentienth*

23  *Century Fox Film Corp.*, the Court in *RDF Media* found that the Plaintiff was

24  attempting to extend trade dress protection to the actual product, not a source

25  identifier for the product, which would result in an impermissible extension of

26  copyright into perpetuity.  *See* 539 U.S. 23, 33-34, 123 S.Ct 2041, 2048, 156 L.Ed.

27  2d 18 (2003); *RDF Media* 373 F. Supp. 2d at 564-565.

28

1    By examining the Plaintiff's claims, the Court found that the Plaintiff's

2  attempt to claim the "total image and appearance" of its television show as its trade

3  dress "would be tantamount to saying that the product itself can serve as its own

4  trademark." *See Id.* at 564.  The Court also held that Plaintiff's contention that the

5  "image and appearance of 'Wife Swap US," is the trade dress that was allegedly

6  infringed fails to grasp the fundamental distinction between copyright protection and

7  trademark protection" because trademark law protects the source designation for a

8  product in a marketplace, but does not protect the content of a creative work s a

9  trademark in itself.  *See Id.* at 564.

10    Like the Plaintiff in *RDF Media*, TSX here also fails to grasp the fundamental

11  distinction between copyright protection and trademark protection.  Plaintiff's

12  copyright claim asserts that the Plaintiff's products have a signature copyrighted

13  "scrotum strap" with a "square-like" tab at the base.  Dkt. No. 1, ¶¶ 21-24.  These

14  two features are the only "unique" features of Plaintiff's products because the

15  products "vary in texture, from being smooth to ribbed and contoured."  Dkt. No. 1,

16  ¶ 20.  This is also true because without these features Plaintiff's products are not

17  different than any of the other penis extender and girth expander products on the

18  market.  Plaintiff goes on in its Third Claim for Relief to define its "TSX Trade

19  Dress" as its "signature copyrighted 'scrotum strap' with the 'square-like' tab at the

20  base of its girth expander and extension products."  Dkt. No. 1, ¶ 46.  Therefore,

21  contrary to its assertions in its Opposition, the Plaintiff's trade dress is not focused

22  on its "entire selling image" or the "overall visual impression," it is expressly

23  focused on these individual elements as defined by Plaintiff.  Dkt. No. 53, 7:9-8:8.

24    Also like the Plaintiff in *RDF Media*, TSX's reliance on *Clicks Billiards v.*

25  *Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001) is inapposite.  In the *Clicks*

26  case the subject matter of the trade dress was the look of the billiards establishment

27  and the "composite tapestry of visual effects" referred to by the court did not

28  constitute the service provided to customers, which is completely different than the

1   *RDF Media*  case and the instant case where the "composite tapestry of visual

2   effects" is the product itself, which is protectable, if at all under copyright law.  *See*

3   *RDF Media*, 372 F.Supp. 2d at 565.  TSX is "merely repackaging its copyright

4   claims in trademark causes of action."  *RDF Media*, 372 F.Supp. 2d at 564.

5        If this Court accepts the Plaintiff's proposition that the overall look of its

6   product, which is admittedly only unique in the addition of the "signature

7   copyrighted scrotum strap with the square-like tab at the base," would allow parties

8   to extend copyright protection into perpetuity, which has been expressly rejected by

9   the both the U.S. Supreme Court and the Ninth Circuit.  *See, e.g., Dastar Corp. v.*

10  *Twentieth Century Fox Film Corp.*, 539 U.S. 23, 123 S.Ct 2041, 156 L.Ed. 2d 18

11  (2003); *Comedy III Prods., Inc. v. New Line Cinema*, 200 F.3d 593 (9th Cir. 2000).

12  Based on the above, this Court should dismiss Plaintiff's third and fifth causes of

13  action based on the Lanham Act without leave to amend because there is no

14  amendment that would allow such improper causes of action to stand.

15        **2.    Plaintiff's Fourth Cause of Action For Unfair Competition**

16              **Under Cal. Bus. & Prof. Code § 17200 Should Be Dismissed**

17              **Because Plaintiff's Trade Dress Claims Are Barred**

18        As shown above, Plaintiff's trade dress are impermissible under U.S. Supreme

19  Court and Ninth Circuit precedent and Plaintiff admits that its claim under § 17200

20  are based on its trade dress claims.  Dkt. No. 53, 9:12-18.  Since Plaintiff's § 17200

21  claim is based on its trade dress claims, this Court should dismiss that claim without

22  leave to amend.

23   **C.    Defendants Withdraw Their Other Motions to Dismiss and Their**

24          **Motion to Strike**

25        Pursuant to L.R. 7-16, the Defendants hereby withdraw the following motions

26  from consideration by the Court:

1. Motion to Dismiss Plaintiff's Complaint Against Individual Defendants James R. Sicilia and Curtis A. Thompson;

2. Motion to Dismiss Plaintiff's Copyright Infringement Claim; and

3. Motion to Strike Plaintiff's Request for Statutory Damages on its Claims for Copyright Infringement.

## III.   CONCLUSION

Based on the foregoing, the Plaintiffs second, third, fourth and fifth causes of action should be dismissed without leave to amend.

Dated:  March 16, 2015            COTMAN IP LAW GROUP, PLC

                                        s/Rasheed M. McWilliams
                              By_____
                              Daniel C. Cotman
                              Rasheed M. McWilliams
                              Obi Iloputaife
                              Counsel for Defendant James R. Sicilia, CA-WA Corp., 665, Inc., Curtis A. Thompson, Daniel L. Cossette dba AAV Ltd., and KT Video, Inc.