UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-02400-RGK (DTBx) | Date | April 24, 2015 |
|---|---|---|---|
| Title | *TSX TOYS, INC. v. 665, INC., et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order re: Defendants' Motion to Dismiss (DE 50)

## I.    INTRODUCTION

On November 20, 2014, TSX Toys, Inc. ("TSX") filed a Complaint against 665, Inc. ("665"); CA-WA Corp. ("CA-WA"); KT Video; XR Realty, LLC; XR, LLC; Eldorado Trading Company II, Inc.; Daniel L. Cossette d.b.a. AAV Ltd. ("AAV"); Curtis Thompson ("Thompson"); James R. Sicilia; Ari Suss; and Shane Nelson (collectively, "Defendants"). The Complaint alleges claims for (1) Copyright Infringement (17 U.S.C. § 101); (2) Removal or Alteration of Copyright Information (17 U.S.C. § 1202); (3) Trade Dress Infringement (Lanham Act §43(a), 15 U.S.C. § 1125(a)); (4) Unfair Competition (Cal. Bus. & Prof. Code § 17200); and (5) False Designation of Origin (Lanham Act §43(a), 15 U.S.C. § 1125(a)). TSX alleges that Defendants replicated TSX's rubber penis enhancers and sold them for a profit in violation of TSX's intellectual property rights.

Defendants 665, CA-WA, KT Video, Thompson, Sicilia, and AAV (collectively, "Moving Defendants") moved to dismiss all claims and moved to strike TSX's request for statutory damages. In their Reply, Moving Defendants withdrew their Motion to Dismiss as to TSX's Copyright Infringement claim and withdrew their Motion to Strike. Thus, Moving Defendants' Motion to Dismiss remains as to TSX's claims for Removal or Alteration of Copyright Information, Trade Dress Infringement, False Designation of Origin, and Unfair Competition. The Court granted the parties' stipulation to dismiss AAV without prejudice on March 19, 2015.

For the following reasons, the Court **GRANTS** Moving Defendants' Motion to Dismiss as to the claims for Trade Dress Infringement, False Designation of Origin, and Unfair Competition and **DENIES** the Motion as to the claims for Removal or Alteration of Copyright Information.

## II. FACTUAL BACKGROUND

The Complaint alleges the following:

TSX develops and manufactures adult novelty products. Its products are "original, unique and stylistic" and are "distinct in the market" because they have "a signature look and feel that identifies the product as a TSX product and distinguishes it from other adult toy companies. Consumers readily identify [TSX products by] their distinctive size, design, texture, and shape, which have become brand-identifiers of [TSX] products." (Compl., ¶¶ 17, 19.)

At issue here are TSX's rubber penis enhancers ("TSX's products"), which vary in length, width, and texture. Since October 2000, the products have featured a "unique" scrotum strap and a "signature" square-like tab. (Compl., ¶ 21.) TSX alleges that the strap and tab constitute TSX trade dress, which distinguish TSX's products from others and are non-functional. TSX alleges that it has promoted and advertised this alleged trade dress as a trademark.

Defendants are several of TSX's corporate competitors and their individual owners and operators. Defendants allegedly hired companies to make molds from TSX's products. In the process, Defendants removed or altered copyright information on the square-like tab to conceal their infringement of TSX's copyrights. Defendants then used the molds to develop the infringing products. TSX further alleges that the infringing products "include a blatant and obvious imitation of the TSX Trade Dress," resulting in Defendants' products creating "the same general overall impression" and "look and feel" as TSX's products. (Compl., ¶ 48.) Moreover, TSX alleges that "[D]efendants' Infringing Goods were designed intentionally to mimic the TSX Trade Dress, in that the shape, size, style, layout, texture and designs are displayed in substantially identical layouts and positions. This creates the immediate commercial impression that goods bearing such packaging are associated with and emanate from [TSX]." (Compl., ¶ 50.) TSX further alleges that these allegedly infringing products have "deceived and diverted customers away from the genuine TSX products." (Compl. ¶ 52.)

TSX seeks an injunction restraining Defendants from engaging in any further acts of infringement. TSX also seeks damages, disgorgement of profits, and statutory damages.

## III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. A plaintiff need not provide detailed factual allegations but must provide more than mere legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

When ruling on a Rule 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court shall not consider facts outside the complaint. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## IV. DISCUSSION

Moving Defendants argue that TSX fails to allege sufficient facts to support claims for Removal or Alteration of Copyright Information, Trade Dress Infringement, False Designation of Origin, and Unfair Competition. The Court agrees as to the Trade Dress Infringement, False Designation of Origin, and Unfair Competition claims.

### A. Removal or Alteration of Copyright Information

TSX's claim for Removal or Alteration of Copyright Information is predicated upon 17 U.S.C. § 1202, a provision of the Digital Millennium Copyright Act (the "DMCA"). Section 1202(b) states: "No person shall, without the authority of the copyright owner or the law— (1) Intentionally remove or alter any copyright management information [("CMI")] . . . . knowing, or . . . having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title." Section 1202(c) defines CMI as "information conveyed in connection with copies . . . of a work . . . including in digital form," which includes information identifying the work or the copyright owner and numbers or symbols referring to such information. 17 U.S.C. § 1202(c).

TSX alleges that the square-like tab attached to its products contains CMI and that, by removing or altering this information during the process of reproducing TSX's product, Defendants violated § 1202. Moving Defendants counter that "17 U.S.C. § 1202 simply cannot be applied to a sculpture of a male phallus" because "a penis girth/length enhancer and scrotum [strap] are not related to the Internet, electronic commerce, automated copyright protection or management systems, public registers, or other technological measures as contemplated in the DMCA." (Defs.' Mot., 7:9–14.) Thus, the Court must determine whether the DMCA can apply to a physical copyrighted work containing non-digital CMI that is not alleged to have been removed or altered by a technological process.

A court's primary goal in interpreting a statute is to effectuate legislative intent. *Amalgamated Transit Union Local 1309 v. Laidlaw Transit Servs.*, 435 F.3d 1140, 1146 (9th Cir. 2006). "There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes." *Griffin v. Oceanic Contractors*, 458 U.S. 564, 571 (1982). Therefore, courts first consider the plain meaning of the statute based on the statutory language and structure. *United States v. Daas*, 198 F.3d 1167, 1174 (9th Cir. 1999). "The plain meaning of the statute controls, and courts will look no further, unless its application leads to unreasonable or impracticable results." *Id.* "[I]n rare cases the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters, and those intentions must be controlling." *Griffin*, 458 U.S. at 571 (internal citations and quotation marks omitted).

The language of § 1202 broadly prohibits any entity from intentionally removing or altering CMI if it knows, or has reason to know, that doing so will induce, enable, facilitate, or conceal an infringement of copyright. Section 1202 does not contain an exception for physical works, nor does it require that the CMI be in digital form or be removed or altered by a technological process. To the contrary, CMI is defined as information, "including in digital form," listed in § 1202(c)(1)–(8). Congress's use of the phrase "including in digital form" indicates that CMI is not limited to information in digital form. *See Williams v. Cavalli*, No. CV 14-06659-AB (JEMx), 2015 U.S. Dist. LEXIS 34722, at *8 (C.D. Cal. Feb. 12, 2015) ("If [CMI] needed to be in digital form for § 1202 to apply, the language 'including in digital form' would be superfluous."). Thus, the plain language of § 1202 covers the conduct alleged in the Complaint.

The legislative history does indicate that Title I of the DMCA, which includes § 1202, was intended to address challenges copyright owners face in the "global digital on-line marketplace for copyrighted works," as well as the "off-line global marketplace for copyrighted works in digital format."

S. Rep. No. 105-190, at 8 (1998), *available at* https://www.congress.gov/105/crpt/srpt190/CRPT-105srpt190.pdf; *see id.* at 1–2 ("The 'Digital Millennium Copyright Act of 1998' is designed to facilitate the robust development and world-wide expansion of electronic commerce, communications, research, development, and education in the digital age."); *see also Textile Secrets Int'l, Inc. v. Ya-Ya Brand Inc.*, 524 F. Supp. 2d 1184, 1195–99 (C.D. Cal. 2007) (discussing the legislative history of the DMCA). However, that history does not reveal a clear legislative intent that application of the DMCA be *limited* to digital works. Application of § 1202's broad language to the products and CMI at issue in this case would not yield results "demonstrably at odds" with legislative intent. *See Griffin*, 458 U.S. at 571.

Therefore, the plain meaning of § 1202 controls and applies to the products and conduct alleged. For that reason, the Court **DENIES** Moving Defendants' Motion to Dismiss TSX's claim for Removal or Alteration of Copyright Information.

   **B.   Lanham Act Violations**

In its third and fifth claims, TSX alleges claims for Trade Dress Infringement[1] and False Designation of Origin[2] under the Lanham Act. The Lanham Act renders liable

> (1) [a]ny person who, on or in connection with any goods or services, . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which–
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive . . . as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . .

15 U.S.C. § 1125(a)(1).

TSX's third and fifth claims "are coterminous and are governed by an identical legal standard." *Globefill Inc. v. Elements Spirits, Inc.*, 473 F. App'x 685, 687 (9th Cir. 2012); *see New W. Corp. v. NYM Co. of Cal., Inc.*, 595 F.2d 1194, 1201 (9th Cir. 1979) ("Whether we call the violation infringement, unfair competition or false designation of origin, the test is identical[:] is there a 'likelihood of confusion?'").

TSX defines its trade dress as the scrotum strap and the square-like tab located at the base of each of its products.[3] (Compl., ¶ 46.) Moving Defendants argue that TSX's Lanham Act claims cannot

---

[1] While the Complaint titles the third claim "Trademark/Trade Dress Infringement," the Complaint only alleges facts regarding trade dress, and TSX's Opposition to the present Motion is narrowly focused on trade dress infringement. Therefore, the Court construes TSX's third claim as one for trade dress infringement only.

[2] While the Complaint titles the fifth claim "False Designation of Origin/False or Misleading Advertising," the Complaint only alleges facts regarding false designation of origin. The Complaint does not allege that Defendants engaged in advertising. Therefore, the Court construes this claim as one for false designation of origin only.

[3] The Complaint defines "TSX Trade Dress" as "copyrighted 'scrotum strap' with the 'square-like' tab at the base of its girth expander and extension products." (Compl., ¶ 46.) Elsewhere, however, the Complaint alleges that "defendants' Infringing Goods were designed intentionally to mimic the TSX Trade Dress, in that the shape, size, style, layout, texture and designs are displayed in substantially identical layouts and positions." (Compl., ¶ 50.) Thus, it is unclear whether TSX considers the shape, size, style, layout, texture, and design of its products to

survive because TSX has failed to adequately allege that its trade dress is not functional. The Court agrees.

"[T]rade dress refers to the total image of a product and may include features such as size, shape, color, color combinations, texture or graphics." *Int'l Jenson, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d, 819, 822 (9th Cir. 1993) (internal citations and quotation marks omitted). To survive a motion to dismiss, TSX must sufficiently allege (1) that the design at issue is non-functional; (2) that it has acquired distinctiveness through a secondary meaning[4]; and (3) that there is a likelihood that the consuming public will confuse Defendants' products with TSX's products. *Disc Golf Ass'n v. Champions Discs*, 158 F.3d 1002, 1005 (9th Cir. 1998); *see* 15 U.S.C. § 1125(a)(1), (3).

Trade dress protection extends only to product features that are nonfunctional. "A product feature is functional if it is essential to the use or purpose of the article or if it affects the cost or quality of the article, that is, if exclusive use of the feature would put competitors at a significant non-reputation-related disadvantage." *Disc Golf Ass'n*, 158 F.3d at 1006 (internal quotation marks omitted). To determine whether a product feature is functional, a court considers several factors: "(1) whether the design yields a utilitarian advantage, (2) whether alternative designs are available, (3) whether advertising touts the utilitarian advantages of the design, and (4) whether the particular design results from a comparatively simple or inexpensive method of manufacture." *Id.*

While TSX need not allege facts pertaining to every one of these factors, TSX fails to allege facts as to *any* of them; it merely alleges in a conclusory fashion that "TSX Trade Dress is . . . non-functional." (Compl., ¶ 46.)

Moving Defendants have drawn attention to the functionality of certain of the products' features. TSX appears to respond that functionality is an affirmative defense to a trade dress infringement claim and, therefore, cannot appropriately be addressed at the motion to dismiss stage. This assessment is inaccurate. A plaintiff bears the burden of sufficiently alleging non-functionality in its complaint; functionality is not an affirmative defense. 15 U.S.C. § 1125(a)(3); *Disc Golf Ass'n*, 158 F.3d at 1005.

Since TSX has failed to allege sufficient facts to show that its alleged trade dress is non-functional, its Lanham Act claims are insufficiently pled. The Court, therefore, **GRANTS** Moving Defendants' Motion to Dismiss Plaintiff's Trade Dress Infringement and False Designation of Origin claims.

### C. Unfair Competition

Both parties tie the sufficiency of TSX's allegations of Unfair Competition in violation of California Business & Professions Code §§ 17200 *et seq.* to the sufficiency of TSX's Trade Dress Infringement allegations.[5] Defendants argue that because the claim for Trade Dress Infringement fails, the claim for Unfair Competition also fails. In its Opposition, Plaintiff concedes that its Unfair Competition claim is predicated upon its Trade Dress Infringement claim.

---

constitute protected trade dress as well.

[4] For purposes of a trade dress infringement claim, the distinctiveness element must be based on acquired, rather than inherent, distinctiveness. *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 216 (2000).

[5] The parties correctly observe that the Unfair Competition claim cannot be based on TSX's Copyright Infringement claim, as copyright law would preclude it. *See Fisher v. Dees*, 794 F.2d 432, 440 (9th Cir. 1986) ("[T]he Supremacy Clause of the United States Constitution, U.S. Const., art. VI, precludes the states from protecting types of intellectual property that are already covered by the federal copyright or patent laws.").

Because TSX fails to allege sufficient facts to state a claim for Trade Dress Infringement, it also fails to adequately allege a state claim for Unfair Competition. Therefore, the Court **GRANTS** Moving Defendants' Motion to Dismiss TSX's Unfair Competition claim.

## V. <u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS with leave to amend** Moving Defendants' Motion to Dismiss TSX's claims for Trade Dress Infringement, False Designation of Origin, and Unfair Competition. Moreover, TSX's allegations on those three claims against the non-moving defendants are substantially similar to the allegations against the Moving Defendants, and are also insufficient. Thus, the Court **DISMISSES** the above three claims as against the non-moving defendants as well, also **with leave to amend**. The Court **DENIES** the Motion as to TSX's claim for Removal or Alteration of Copyright Information. Any amended complaint shall be filed no later than **14 days** from the date this order is entered.

**IT IS SO ORDERED.**

_____ : _____

**Initials of Preparer**

_____