FILED
CLERK, U.S. DISTRICT COURT
JAN 7 2016
CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TSX TOYS, INC., | ED CV 14-02400-RGK (DTBx) |
| Plaintiff(s), | |
| vs. | JURY INSTRUCTIONS |
| 665, INC., et al., | |
| Defendant(s). | |

# COURT INSTRUCTION NUMBER 3

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# COURT INSTRUCTION NUMBER 5

## TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

# COURT INSTRUCTION NUMBER 6

# WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

# COURT INSTRUCTION NUMBER 7

# WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements and closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# COURT INSTRUCTION NUMBER 9

# RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

# COURT INSTRUCTION NUMBER 10

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## COURT INSTRUCTION NUMBER 31

### PRELIMINARY INSTRUCTION—COPYRIGHT

TSX Toys claims ownership of four copyrights and seeks damages against defendants CA-WA Corp. ■■■■■ c., for copyright infringement. The defendants deny infringing the copyrights.

James Sicilia, Sr. and CA-WA Corp. claim ownership of four copyrights and seek damages against counterclaim-defendants TSX Toys, Inc. and Tia Loya for copyright infringement. The counterclaim-defendants deny infringing the copyrights.

To help you understand the evidence in this case, I will explain some of the legal terms ~~you will hear~~ heard during this trial.

### DEFINITION OF COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

Copyrighted work can be a ■■■■■■■■■■■■■■■■■■■■■■■■■■■■, pictorial work, graphic work, sculptural work,  ks

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

## COPYRIGHT OWNER'S BURDEN OF PROOF

In this case, the plaintiff, TSX Toys, Inc. contends that defendants, CA-WA Corp. and 665, Inc., have infringed the its copyrights.

In this case, the counterclaimants, CA-WA Corporation and James Sicilia contend that counterclaim-defendants TSX Toys, Inc. and Tia Loya have infringed their copyrights.

The copyright owner has the burden of proving by a preponderance of the evidence that it is the owner of the copyrights and that the party accused of infringement copied original elements of the copyrighted works. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

## PROOF OF COPYING

To prove that a party copied the copyrighted works, the copyright owner may show that the accused infringer had access to the copyrighted works and that there are substantial similarities between the accused infringer's products and the plaintiff's copyrighted works.

# COURT INSTRUCTION NUMBER 34

# COPYRIGHT INFRINGEMENT—ELEMENTS—

# OWNERSHIP AND COPYING

Anyone who copies original elements of a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On a copyright infringement claim, the copyright owner has the burden of proving both of the following by a preponderance of the evidence:

1. the party is the owner of a valid copyright; and

2. the accused infringer copied original elements from the copyrighted work.

If you find that the copyright owner has proved both of these elements, your verdict should be for the copyright owner. If, on the other hand, the copyright owner has failed to prove either of these elements, your verdict should be for the accused infringer.

## COPYRIGHT INFRINGEMENT—OWNERSHIP OF VALID COPYRIGHT—DEFINITION

A party is the owner of a valid copyright in each of the copyrighted works if the party proves by a preponderance of the evidence that:

1. the party's work is original; and

2. the party is the author or creator of the work or received a written transfer of the copyright.

## Defendants' Disputed Jury Instruction No. 5

## DEFINITION OF USEFUL ARTICLE

An article is useful under the Copyright Act if it is an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information. For example, clothing, furniture, machinery, dinnerware, and lighting fixtures.

The design of a useful article shall be considered a sculptural work only if, and only to the extent that, such design incorporates sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article.

Authority: 17 U.S. Code § 101; *Inhale Inc. v. Starbuzz Tobacco Inc.*, 739 F.3d 446, 447 (9th Cir. 2014) and U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES § 101 (3d ed. 2014) § 202.02(f)

# COURT INSTRUCTION NUMBER 36
## COPYRIGHT INTERESTS—AUTHORSHIP (17 U.S.C. § 201(a))

The creator of an original work is called the author of that work. An author originates or "masterminds" the original work, controlling the whole work's creation and causing it to come into being.



# COURT INSTRUCTION NUMBER 37

# COPYRIGHT INTERESTS —WORK MADE FOR HIRE

A copyright owner is entitled to exclude others from copying a work made for hire.

A work made for hire is one that is prepared by an employee and is within the scope of employment.

A work is made for hire within the scope of employment if (1) it is of the kind the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; and (3) it is made, at least in part, for the purpose of serving the employer.

The employer is considered to be the author of the work and owns the copyright unless the employer and employee have agreed otherwise in writing.

A copyright owner of a work made for hire may enforce the right to exclude others in an action for copyright infringement.

# COURT INSTRUCTION NUMBER 40

# COPYRIGHT INTERESTS—DERIVATIVE WORK

A copyright owner is entitled to exclude others from creating derivative works based upon the owner's copyrighted work. The term derivative work refers to a work based on one or more pre-existing works, such as a sculpture or any other form in which the pre-existing work is recast, transformed, or adapted. Accordingly, the owner of a copyrighted work is entitled to exclude others from recasting, transforming or adapting the copyrighted work without the owner's permission.

If the copyright owner exercises the right to create a derivative work based upon the copyrighted work, this derivative work may also be copyrighted. Only what was newly created, such as ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, elaborations, or other modifications to the pre-existing work, is considered to be the derivative work.

Copyright protection of a derivative work covers only the contribution made by the author of the derivative work. If the derivative work incorporates pre-existing work by others, the derivative author's protection is limited to elements added by the derivative author to the pre-existing work of others, or limited to the manner in which the derivative author combined the pre-existing elements by other persons into the derivative work.

The owner of a derivative work may enforce the right to exclude others in an action for copyright infringement.

## COURT INSTRUCTION NUMBER 25

## DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff or counterclaim-plaintiff, you must determine the plaintiff or counterclaim-plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant or counterclaim-defendant.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

# COURT INSTRUCTION NUMBER 48
## COPYRIGHT—DAMAGES—STATUTORY DAMAGES

If you find for ~~the plaintiff~~ *a party* on the ~~plaintiff~~'s *Thier* copyright infringement claim, you must determine the ~~plaintiff~~'s *Thier* damages. The ~~plaintiff~~ *party* seeks a statutory damage award, established by Congress for the Standing Tall copyright. Its purpose is to penalize the infringer and deter future violations of the copyright laws.

The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.

However, if you find the infringement was innocent, you may award as little as $200 for each work innocently infringed.

However, if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.

Instructions No. 37 and No. 38 will tell you what constitutes innocent infringement and what constitutes willful infringement.

# COURT INSTRUCTION NUMBER 49

# COPYRIGHT—DAMAGES—INNOCENT INFRINGEMENT

An infringement is considered innocent when the ~~defendant~~ *INFRINGER* has proved both of the following elements by a preponderance of the evidence:

1. The ~~defendant~~ *INFRINGER* was not aware that its acts constituted infringement of the copyright; and

2. The ~~defendant~~ *INFRINGER* had no reason to believe that its acts constituted an infringement of the copyright.

# COURT INSTRUCTION NUMBER 50
## COPYRIGHT—DAMAGES—WILLFUL INFRINGEMENT

An infringement is considered willful when the ~~plaintiff~~ [INFRINGEE] has proved both of the following elements by a preponderance of the evidence:

1. The ~~defendant~~ [INFRINGER] engaged in acts that infringed the copyright; and

2. The ~~defendant~~ [INFRINGER] knew that those acts infringed the copyright.