Daniel Cotman (SBN 218315)
dan@cotmanip.com
Rasheed M. McWilliams (SBN 281832)
rasheed@cotmanip.com
Obi I. Iloputaife (SBN 192271)
obi@cotmanip.com
Cotman IP Law Group, PLC
35 Hugus Alley, Suite 210
Pasadena, CA  91103
(626) 405-1413/FAX (626) 316-7577
Attorneys for Defendants James R. Sicilia,
CA-WA Corp., 665, Inc., Curtis A. Thompson,
Daniel L. Cossette dba AAV Ltd., and KT Video, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TSX Toys, Inc., | Case No. 5:14-cv-02400-RGK-DTB |
| Plaintiff, | Hon. R. Gary Klausner |
| v. | **NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 665, Inc., a California corporation; Curtis A. Thompson, an Individual; XR Realty LLC dba XR Brands, a California limited liability company; XR, LLC, a Maryland limited liability company; Ari H. Suss, an individual; CA-WA Corp, a California corporation; James R. Sicilia, an Individual, Eldorado Trading Company, a Colorado corporation, KT Video, a Texas corporation, Shane Nelson dba SLS Specialty, an individual, and JAB Holdings, Inc., a Delaware corporation, | Hearing:      February 22, 2016
Time:          9:00 a.m.
Courtroom: 850
                   255 East Temple Street
                   Los Angeles, CA  90012 |
| Defendants. | |

/ / /

/ / /

/ / /

CA-WA Corp, a California corporation, )
James Sicilia, an individual, )
                                       )
            Counterclaimants, )
                                       )
        v. )
                                       )
TSX Inc., a California Corporation, Tia )
Loya an individual, and Rodolfo Loya, )
an individual, )
                                       )
            Counterclaim-Defendants. )
_____)

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on February 22, 2016 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 850 of the above-identified Court, located at 255 East Temple Street, Los Angeles, CA  90012, Defendants James R. Sicilia, CA-WA Corp., Curtis Thompson, and 665, Inc. (collectively "Defendants") will and hereby move for its attorney fees.

Counsel for Defendants and counsel for TSX, Inc .and Tia Loya met and conferred pursuant to L.R. 7-3 on January 14, 2015.

Dated:  January 15, 2016          COTMAN IP LAW GROUP, PLC

                                  s/Rasheed M. McWilliams
                                  By_____
                                  Daniel C. Cotman
                                  Rasheed M. McWilliams
                                  Obi Iloputaife
                                  Counsel for Defendant James R. Sicilia, CA-WA
                                  Corp., 665, Inc., Curtis A. Thompson, and KT
                                  Video, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................... 1

II.     ARGUMENT ............................................... 1

A.      The Legal Standards for Awarding Attorneys' Fees under the Copyright Act 1

1.      The Degree of Success Factor Favors an Award of Attorneys' Fees ............. 2

2.      The Objective Unreasonableness of TSX's Claims Favors an Award of
Attorneys' Fees .......................................................... 3

3.      TSX's Motivation in Bringing the Claim Favors An
Award of Attorneys' Fees ................................................. 5

4.      The Deterrence of Future Frivolous Actions Favors an Award of Attorneys'
Fees   6

5.      The Goals of the Copyright Act Favor an Award of Attorneys' Fees ............. 6

6.      Conclusion ....................................................... 7

B.      The Legal Standard for Awarding Attorneys' Fees under the Lanham Act .... 7

1.      TSX's Lanham Act Claim Was Frivolous, Unreasonable and Completely
Lacking in Merit ........................................................ 7

C.      The Legal Standard for Determining the Amount of an
Attorneys' Fee Award .................................................... 9

1.      Defendants Attorneys' Fees are Reasonable ................................ 10

2.      Defendants Should Also Be Awarded Their Non-Taxable Costs ................ 13

III.    CONCLUSION ........................................... 15

# TABLE OF AUTHORITIES

## Cases

*Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156 (9th Cir. 2002) ........................... 7

*City of Inglewood v. Teixeira*, 116 U.S.P.Q.2d 1534, 1536 (C.D. Cal. 2015) ........ 2, 6

*Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 556  (9th Cir. 1996) .................................... 2, 6

*Fischel*, 307 F.3d at 1006 .................................................................................... 11, 12

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994) ................................................ 1, 2

*Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1230 (9th Cir.
    2008) ........................................................................................................................ 2

*Historical Research v. Cabral*, 80 F.3d 377 , 378 (9th Cir. 1996) ............................. 2

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). ......................... 11

*Lawrence v. Sony Pictures Entm't, Inc.*, 534 F. App'x 651, 654 (9th Cir. 2013) .. 9, 11

*Lil' Joe Wein Music, Inc. v. Jackson*, 2008 U.S. Dist. LEXIS 112730, at *40 (S.D.
    Fla. July 1, 2008) ........................................................................................... 13, 14

*Mattel, Inc. v. Walking Mountain Prod.*, 353 F.3d 792, 816 (9th Cir. 2003) .............. 2

*Peer Int'l Corp. v. Max Music & Entm't, Inc.*, 2004 U.S. Dist. LEXIS 12760, at *17
    (S.D.N.Y. July 9, 2004) ........................................................................................ 14

*Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 677, 688 (9th Cir. 2012) .... 7

*Stephen W. Boney, Inc. v. Boney Servs.*, 127 F.3d 821, 827 (9th Cir. 1997) ............. 7

*Superior Form Builders v. Dan Chase Taxidermy Supply Co., Inc.*, 881 F. Supp.
    1021, 1029 (E.D. Va. 1994) ................................................................................. 14

*Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co., Inc.*, 74 F.3d 488
    (4th Cir. 1996) ....................................................................................................... 14

*Twentieth Century Fox Film Corp.*, 429 F.3d at 885 ................................................ 14

*United Steelworkers v. Phelps Dodge Corp.*, 896 F.2d 403, 406 (9th Cir. 1990)..... 10

*Yue v. Storage Tech. Corp.*, 2008 U.S. Dist. LEXIS 68920, *16 (N.D. Cal. Aug. 6,
    2008) ...................................................................................................................... 14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Statutes**

15 U.S.C. § 1117(a) .......................................................................... 1, 7, 15

17 U.S.C. § 505 ................................................................................... 1, 13

17 U.S.C. §505 ......................................................................................... 15

**Rules**

*Disc Golf Ass'n v. Champions Discs*, 158 F.3d 1002, 1006 (9th Cir. 1998) ............... 9

FRCP 12(b)(6) ............................................................................................ 8

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.    INTRODUCTION

Defendants James R. Sicilia ("Sicilia"), CA-WA Corp. ("CA-WA"), Curtis Thompson ("Thompson"), and 665, Inc. ("665") (collectively "Defendants"), by and through their counsel, hereby move for an award of their reasonable attorneys' fees and non-taxable costs pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a).  This Court should award Defendants' their requested attorneys' fees and non-taxable costs pursuant to 17 U.S.C. § 505 because Defendants are the prevailing party under the Copyright Act and all of the factors considered to make an award in the Ninth Circuit favor an award to Defendants in this case.  This Court should also award Defendants' their requested attorneys' fees pursuant to 15 U.S.C. § 1117(a) because this is an exception case based on Plaintiff's maintenance through trial of trade dress claims that were frivolous and completely without merit.

## II.   ARGUMENT

### A.    The Legal Standards for Awarding Attorneys' Fees under the Copyright Act

The Copyright Act confers broad discretion on the Court to award "reasonable attorneys' fees to the prevailing party as part of the costs." 17 U.S.C. § 505. The Act explicitly allows successful defendants to recover attorneys' fees because meritorious defenses further the purposes of the Act as much as meritorious claims do. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994) ("*Fogerty I*") ("[D]efendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement."). To determine whether an award fees is appropriate in specific circumstances, the Ninth Circuit uses a list of non-exhaustive factors, including (1) the degree of success obtained; (2) the objective unreasonableness or frivolousness of the case; (3) the motivation behind

bringing a copyright infringement claim; and (4) the need in particular circumstances to deter future frivolous copyright actions. *See Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1230 (9th Cir. 2008) (discussing factors); *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 556  (9th Cir. 1996) ("*Fogerty II*") (same). In all cases, the award of attorneys' fees must further the objectives of the Copyright Act: "to encourage the production of original literary, artistic, and musical expression for the good of the public." *Fogerty I*, 510 U.S. at 524.

Defendants are not held to a more stringent standard than plaintiffs and are not required to show that the suit was "frivolous or brought in bad faith." *Fogerty*, 510 U.S. at 520-21, 534-35. "Exceptional circumstances" are also not required. *Historical Research v. Cabral*, 80 F.3d 377 , 378 (9th Cir. 1996). The "pivotal criterion," however, is faithfulness to the purposes of the Copyright Act. *Fogerty II*, 94 F.3d at 558.  "[T]he question is whether a successful *defense* of the action furthered the purposes of the Act, not whether a *fee award* would do so." *Mattel, Inc. v. Walking Mountain Prod.*, 353 F.3d 792, 816 (9th Cir. 2003) (emphasis in original).

### 1.    The Degree of Success Factor Favors an Award of Attorneys' Fees

All Defendants achieved a complete victory on the merits in this case.  The Court dismissed all copyright infringement claims against Defendants 665, Inc. and Curtis Thompson after Defendants' filing of a motion for judgment as a matter of law at the close of Plaintiff's case.  Declaration of Rasheed McWilliams ("McWilliams Decl."), ¶ 2.  The jury also gave Defendants CA-WA Corp. and James Sicilia, Sr. a full defense verdict by its finding that the Defendants were not liable for infringement on any of Plaintiff's copyright claims and that Plaintiff did not prove it held a valid copyright in either of the Veinzy extenders.  McWilliams Decl., ¶ 3; Dkt. No. 247.  "Defendant's total victory thus favors an award of fees." *City of Inglewood v. Teixeira*, 116 U.S.P.Q.2d 1534, 1536 (C.D. Cal. 2015).

## 2. The Objective Unreasonableness of TSX's Claims Favors an Award of Attorneys' Fees

TSX's claims with respect to its alleged copyrighted works was objectively unreasonable based on the lack of originality of its alleged copyrighted works in light of the products manufactured by Superhawk Novelty Co. since 1991. There was testimony during the trial that the Standing Tall copyright and Standing Tall 3 Extra Inches copyright were similar designs to similar products on the market, including the 7" Lifelike Dong with Balls product manufactured by Superhawk Novelty Company. *See* McWilliams Decl., Ex. A [Trial Exhibit 214]. The creator of the Standing Tall dildo, Mr. Christopher Pardell, testified on January 6, 2014 to the following:

Q:  You also testified that you were challenged to come up with products unlike anything in the industry, correct?

A:  Yes.

Q:  And that you did extensive market research, correct?

A:  Yes.

Q:  In your market research, did you ever come across products by Superhawk Novelty Co.?

A:  Yes.

Q:  And did you ever come across the 7" Lifelike Dong with Balls?

A:  Sure.

Q:  And based on the Standing Tall product that was created, did you believe that it was unlike any of the lifelike products on the market previously?

A:  Um, well it's hard for me to explain this, but not all of the products I came up with were entirely original and unique. When somebody says Oh, I want 12 products that nobody has ever made before in this industry by definition one of the things your after is simulations of

> human sexual organs it's not something that hasn't been done before.
> Of the products I produced for Tia, I would say maybe 3 or 4 were
> completely new and required technological innovation to produce, the
> others were just you know similar designs of similar kinds of products
> that you found in the industry….

McWilliams Decl., ¶ 5 (citing January 6, 2016 testimony of Christopher Pardell).  In addition, TSX, through Mrs. Tia Loya, had full knowledge of the sale by Superhawk Novelty Co., CA-WA Corp. and TSX Toys itself of the Superhawk Lifelike Dong with Balls products, as well as the Mr. Veinzy product and Matador product as shown by the 1991 Superhawk Catalog and the 2000 catalogs from CA-WA [Hollywood Erotic Novelties] and TSX Toys.  McWilliams Decl., Ex. Nos. B [Trial Exhibit 42], C [Trial Exhibit 60] and D [Trial Exhibit 74].  The knowledge of TSX Toys and its sculptor on the Standing Tall and Standing Tall 3 Extra Inches also extends to knowledge of similar products sold by both TSX and CA-WA.

A cursory review of the catalogs and the Plaintiff's works would have made it clear to TSX or its counsel that those three works were simply derivatives of the Superhawk products already sold by TSX and CA-WA.  McWilliams Decl., Ex. Nos. B [Trial Exhibit 42], C [Trial Exhibit 60] and D [Trial Exhibit 74].  As shown by the catalogs, TSX and CA-WA were both selling the Mr. Veinzy and Matador products in 2000, which is prior to the alleged completion dates of the 1.75" Veinzy in 2002 [Trial Exhibit 102], 2" Veinzy in 2006 [Trial Exhibit 108] and Thick Ur Dick in 2005 [Trial Exhibit 104].  McWilliams Decl., Ex. Nos. E [Trial Exhibit 102], F [Trial Exhibit 108] and G [Trial Exhibit 104].

TSX's claims are also objectively unreasonable because TSX is not even the owner of the Standing Tall and Standing Tall 3 Extra Inches copyrights based on its failure to produce evidence of any valid written assignment between the sculptor and TSX Toys, or any written assignment from Tia Loya as an individual to TSX Toys.  McWilliams Decl., ¶ 12 and Ex. H [Trial Exhibit 140] and I [Trial Exhibit 141].

Finally, the jury's verdict that CA-WA Corp. and Mr. Sicilia have a valid copyright in the Mr. Veinzy product and that it has been infringed by TSX's Veinzy extenders further confirms the objective unreasonableness of TSX asserting that CA-WA Corp. products infringed on its Veinzy copyrights, which the jury found were not proven to be valid copyrights.  Dkt. No. 247.

Based on the above, the objective unreasonableness of TSX's claims also favors an award of attorneys' fees.

### 3.    TSX's Motivation in Bringing the Claim Favors An Award of Attorneys' Fees

It is often impossible to know exactly why a party brought its claims, however, in this case, there was testimony regarding the contentious divorce between Mrs. Loya and Mr. Sicilia, as well as the end of the relationship between TSX and 665, Inc.  McWilliams Decl., ¶ 15 [January 6, 2016 testimony of James Sicilia, Jr., James Sicilia, Sr. and Curtis Thompson].  It is an established fact from the trial that Mr. Sicilia and Mrs. Loya's divorce was finalized in 2000 with Mr. Sicilia receiving all assets and liabilities of the community businesses.  McWilliams Decl., Ex. J [Trial Exhibit 59].  It is also established that Mrs. Loya was angry with what she thought was CA-WA's copying of her products, as revealed by the testimony of Mr. James "Jay" Sicilia, Jr.  McWilliams Decl., ¶ 17 [January 6, 2016 testimony of James Sicilia, Jr.].  In addition, the relationship between 665, Inc. and TSX ended a few months prior to the filing of this lawsuit.  McWilliams Decl., ¶ 18 [January 6, 2016 testimony of Curtis Thompson].

Based on the established facts, it is reasonable for the Court to conclude that TSX brought these copyright claims as revenge against CA-WA Corp. and James Sicilia, Sr. for past problems and the new relationship with 665, Inc. and against 665, Inc. and Curtis Thompson for doing business with CA-WA Corp in an effort to both drain the resources of the Defendants and/or extract a large monetary

settlement.  Therefore, the motivation for bringing the claim factor weighs in favor of an award of attorneys' fees.

### 4.     The Deterrence of Future Frivolous Actions Favors an Award of Attorneys' Fees

An attorneys' fee award will have the effect of deterring future meritless competitor suits under the Copyright Act where a competitor brings an "unreasonable suits to pressure an individual [or entity] into abandoning protected activity."  *City of Inglewood*, 116 U.S.P.Q.2d at 1538.  In this case, based on all of the facts in evidence, TSX sought to block CA-WA Corp., James Sicilia, Sr., 665, Inc. and Curtis Thompson from selling derivatives of the copyrighted products of Superhawk Novelty Company based on the jury verdict that CA-WA Corp. and Mr. Sicilia have valid copyrights to each of the Lifelike Dong with Balls, Mr. Veinzy, Sleeve and Matador works.  Dkt. No. 247.  As in the *City of Inglewood* case, an award of attorneys' fees here will have a deterrent effect on competitors who seek to unfairly compete using the legal process.  *City of Inglewood*, 116 U.S.P.Q.2d at 1538.

Based on the above, the deterrence factor also weighs in favor of an award of attorneys' fees.

### 5.     The Goals of the Copyright Act Favor an Award of Attorneys' Fees

The goals of the Copyright Act, which include the protecting original literary, artistic and musical expression are served by an award of attorneys' fees in this case. *City of Inglewood*, 116 U.S.P.Q.2d at 1538.  Defendants' "successful defense against Plaintiff's copyright infringement claims will assure that [CA-WA Corp.'s copyrighted works and derivatives of those works] remain available to the public, thus furthering the goal of 'stimulating artistic creativity for the general public good,' and perhaps 'lead to further creative pieces.'"  *See Fogerty II,* 94 F.3d at 559.

### 6.    Conclusion

Based on the above facts, the factors considered by the U.S. Supreme Court and Ninth Circuit for determining an award of attorneys' fees under the Copyright Act strongly favor an award of fees in this case.

### B.    The Legal Standard for Awarding Attorneys' Fees under the Lanham Act

Section 35(a) of the Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a).  An action may be considered exceptional "[w]hen a plaintiffs case is groundless, unreasonable, vexatious, or pursued in bad faith." *Stephen W. Boney, Inc. v. Boney Servs.*, 127 F.3d 821, 827 (9th Cir. 1997) (internal citation and quotation marks omitted).  "The line distinguishing exceptional cases from non-exceptional cases is far from clear. It is especially fuzzy where he *defendant* prevails due to plaintiff's failure of proof." *Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 677, 688 (9th Cir. 2012).  The Ninth Circuit has previously held that an action is exceptional under the Lanham Act if the plaintiff has no reasonable or legal basis to believe in success on the merits. *See Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156 (9th Cir. 2002) ("The false advertisement claim was groundless and unreasonable because the statements in the advertisements at issue were true and [plaintiff] had no reasonable basis to believe they were false."); *id.* ("the dilution of trademark claim was groundless and unreasonable because it had no legal basis"). "In other words, exceptional cases include instances where plaintiff's case is frivolous or completely lacking in merit."  *Secalt S.A.*, 668 F.3d at 688.

### 1.    TSX's Lanham Act Claim Was Frivolous, Unreasonable and Completely Lacking in Merit

The present case is exceptional because the Plaintiff's trade dress infringement claim under the Lanham Act was frivolous, unreasonable and completely lacking in merit.  The frivolous and unreasonable nature of the Plaintiff's

trade dress infringement claim has been known since the filing of the initial Complaint in this action.  Dkt. No. 1.  Defendants filed a motion to dismiss this claim for failure to state a claim under FRCP 12(b)(6), which the Court granted dismissing Plaintiff's claim without prejudice with instructions to amend their cause of action to allege facts showing that the trade dress was non-functional, had acquired secondary meaning or there was a likelihood of confusion.  Dkt. No. 69, pp. 4-5.  In this Order, the Court also informed Plaintiff and its counsel that it was Plaintiff's burden to prove that its alleged trade dress was non-functional and had acquired secondary meaning.  Dkt. No. 69, pp. 5-6.  Additionally, Defendants' counsel pointed out to Plaintiff's counsel how Plaintiff's amended trade dress allegations in its Second Amended Complaint were conclusory and violated the Court's order to plead facts, in addition, defense counsel also pointed out the responsibility of TSX and its counsel to do an investigation before simply filing claims.  McWilliams Decl., Ex. K [Email chain and attachments].  TSX and its counsel blew off defense counsel's entreaties and unreasonably maintained TSX's frivolous trade dress claims through trial.  McWilliams Decl., Ex. K [Email chain and attachments].  The above email chain is a minor illustration of how unreasonable both TSX and its counsel have been throughout this litigation.

At the close of Plaintiff's case, the Court, after Defendants motion for judgment as a matter of law, dismissed all of the trade dress claims, including the Lanham Act claim on the basis that Plaintiff had not brought forth sufficient evidence to prove its claims for trade dress infringement.  Dkt. No. 244.  Plaintiff did not offer any evidence to support the non-functionality of its trade dress at trial.  McWilliams Decl, ¶ 20.  Plaintiff also did not offer any evidence to support any acquired secondary meaning at trial.  McWilliams Decl, ¶ 21.  Further, Plaintiff's counsel sought to maintain the unreasonable position during argument over jury instructions that Plaintiff did not even have to prove secondary consideration, which was not backed by either Ninth Circuit precedent, the Ninth Circuit model jury

1   instructions or this Court's previous Order on the Defendants' Motion to Dismiss.

2   *Disc Golf Ass'n v. Champions Discs*, 158 F.3d 1002, 1006 (9th Cir. 1998); Dkt. No.

3   69 and January 6, 2016 argument of Michael Harris, Esq. on behalf of TSX Toys.

4   Plaintiff complete failure to offer any evidence on two prongs of a three factor

5   standard for evaluating its claim shows that its claim was completely lacking in

6   merit from the beginning.

7       Based on all of the above facts and Plaintiff's maintenance of a Lanham Act

8   claim that was both frivolous and completely lacking merit *through trial*, this Court

9   should grant Defendants an award of their reasonable attorneys' fees.

10  **C.    The Legal Standard for Determining the Amount of an Attorneys'**

11  **Fee Award**

12      In cases under the Copyright Act and the Lanham Act, the Ninth Circuit

13  utilizes the "loadstar method" to calculate a reasonable fee award. *See Lawrence v.*

14  *Sony Pictures Entm't, Inc.*, 534 F. App'x 651, 654 (9th Cir. 2013). The lodestar is

15  comprised of the number of hours reasonably expended on the litigation multiplied

16  by a reasonable hourly rate of the attorneys.  *Fischel v. Equitable Life Assur. Soc'y of*

17  *U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002).

18      In making that calculation, the Court may consider the following guidelines:

19  (1) the time and labor required, (2) the novelty and difficulty of the questions

20  involved, (3) the skill requisite to perform the legal service properly, (4) the

21  preclusion of other employment by the attorney due to acceptance of the case, (5)

22  the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations

23  imposed by the client or the circumstances, (8) the amount involved and the results

24  obtained, (9) the experience, reputation, and ability of the attorneys, (10) the

25  'undesirability' of the case, (11) the nature and length of the professional relationship

26  with the client, and (12) awards in similar cases. *Id.*  "After the lodestar is

27  determined, the court may make adjustments, depending on the circumstances of the

28  case." *United Steelworkers v. Phelps Dodge Corp.*, 896 F.2d 403, 406 (9th Cir.

1990) (citing *Blum v. Stenson*, 465 U.S. 886, 897, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)). "Factors subsumed in the original determination of reasonable hours and rates, however, should not be used to adjust the lodestar figure." *Id.*  "[T]here is a strong presumption" that the lodestar calculation "is a reasonable fee." *Id.*

### 1.     Defendants Attorneys' Fees are Reasonable

Plaintiff filed this action on November 20, 2014.  Dkt. No. 1.  The claims under the Lanham Act were not dismissed until after trial started on January 6, 2016.  Dkt. No. 244.  The claims under the Copyright Act went to the jury, which held that the Defendants were not liable for infringing any valid copyright of Plaintiff.  Dkt. No. 247.  During the thirteen (13) months covered by this motion, November 20, 2014 through December 31, 2015, Defendants were forced to defend against numerous frivolous motions filed by Plaintiff, take and defend against extensive discovery on the Plaintiff's claims under the Copyright Act and the Lanham Act and contest the filing of almost four complaints, including a first amended complaint that contained allegations virtually identical to those dismissed by the Court on the Defendants' motion to dismiss the Initial Complaint.  McWilliams Decl., ¶ 22.

There are 261 discrete docket items for a case that Plaintiff never should be filed.  McWilliams Decl., ¶ 23.  In addition, Plaintiff filed an initial complaint, two amended complaints and made a motion to file a third amended complaint, which the Court denied at least in part because it sought to add additional items that were available during the filing of the initial complaint.  McWilliams Decl., ¶ 24; Dkt. Nos. 1, 75, 82, 122 and 143.  Defendants also had to defend against numerous frivolous motions, which only sought to multiply the Defendants' legal fees and were without merit, including Plaintiff's various motions for leave and ex parte motions for leave.  Dkt. Nos. 122, 145 and 163.  Finally, Defendants were forced to defend themselves at trial against TSX's frivolous claims under the Copyright Act and the Lanham Act.  McWilliams Decl., ¶ 25.  The Defendants' attorneys were forced to spend over 970.6 hours on the above named tasks, among others, and this

work was reasonable given the type and number of statutory awards sought by the Plaintiff.  McWilliams Decl., ¶ 26.

Defendants are requesting an award of $369,215.97 with $311,257.50 representing hourly fees for attorneys and $57,958.47 in non-taxable out-of-pocket costs at this time, which will be amended once all attorney billing records are finalized for the time from January 1, 2016 through January 15, 2016.  McWilliams Decl., ¶ 27, Exhs. L [Invoices]; L-1 and M [Billable Summary].  The requested fee awards are reasonable because they are (1) based on hourly rates substantially lower than those charged by copyright counsel in the Central District of California and (2) Plaintiff substantially increased the time required on this case with its frivolous claims and vexatious litigation tactics.

Defendants' attorney's fees are manifestly reasonable. The Ninth Circuit utilizes the "loadstar method" to calculate a reasonable fee award. *See Lawrence v. Sony Pictures Entm't, Inc.*, 534 F. App'x 651, 654 (9th Cir. 2013). The lodestar is comprised of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate of the attorneys.  *Fischel*, 307 F.3d at 1006.  The lodestar figure is presumptively reasonable, but may be adjusted based on the factors outlined in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).  *Id.*

This case was primarily worked by two attorneys, Rasheed McWilliams and Vivek Ramachandran, who respectively put 691 and 230.2 hours into the case over the course of approximately 13 months.  McWilliams Decl., ¶ 30 and Ex. L [Billing Summary].  This amounts to approximately 53 hours per month for me and approximately 18 hours per month for Mr. Ramachandran.  McWilliams Decl., ¶ 31. My rate throughout this case has been $350.00 per hour, which is below the rates charged by partner-level and of-counsel copyright litigation attorneys in the Central District of California, which averages between $595.00 and $695.00.  McWilliams Decl., ¶ 32 and Ex. N [Hourly Rate Exhibit].  Mr. Ramachandran's rate throughout this case has been $225.00 per hour, which is below the rate charged for copyright

litigation associates in this district, which average around $420.00.   McWilliams Decl., ¶ 33 and Ex. N [Hourly Rate Exhibit].  The other two attorneys who worked on this case include the name partner Daniel Cotman, who billed 12.9 hours at a rate of $375.00 per hour, and Obi Iloputaife, who billed 36.5 hours at a rate of $350.00 per hour.  McWilliams Decl., ¶ 35.  The total number of hours billed by all attorneys was 970.6 hours, an average of 75 hours a month, for a total of $311,257.50.  McWilliams Decl., ¶ 36 and Ex. M [Billable Summary].   The blended rate of the four attorneys who worked on this matter is only $237.50, which is well below the blended rate of copyright litigation firms in the Central District of California.  McWilliams Decl., ¶ 37.

Further, examining a few of the *Johnson-Kerr* factors will help the Court in its reasonableness determination.  *Fischel*, 307 F.3d at 1006.   The time and labor required on this case is directly proportional to the Plaintiff's vexatious litigation tactics, which included numerous revisions to its Complaints and repeated motions practice.  McWilliams Decl., ¶ 38.  The questions involved in this case were novel and there was a level of difficulty based on the numerous legal questions that were first impression in this district and the Ninth Circuit.  McWilliams Decl., ¶ 39.  There have not been very many cases heard and reported regarding copyrights or trade dress claims around sex toys in the Central District of California or the Ninth Circuit so this was a case of first impression in many respects.  McWilliams Decl., ¶ 40.  This case involved sex toys and defending sex toy manufacturers and distributors, which means there was a substantial degree of "undesirability" and the potential for the case precluding counsel from representing other entities, such as church groups and non-profits, that may be morally opposed to the work for entities in the sex toy industry.  McWilliams Decl., ¶ 41.  Finally, the amount involved in Defendants' fee request of over $311,000 dollars is over 62 times greater than the $5,000.00 awarded to the Defendants CA-WA Corp. and James Sicilia, Sr. based on their counterclaims and $311,000 greater than anything Plaintiff recovered, which

1    was $0.00 based on the jury's finding that there was no liability under the Copyright

2    Act and the Court's dismissal of all claims under the Lanham Act pursuant to

3    Defendants' motion for judgment as a matter of law.  McWilliams Decl., ¶ 42.

4    Finally, the attorneys who worked on Defendants' case are highly experienced

5    intellectual property professionals.  McWilliams Decl., ¶ 33, Exhs. O, P, & Q.

6         Based on the above facts and considering the *Johnson-Kerr* factors, the

7    Defendants should be awarded $311,257.50 in attorneys' fees, which represents a

8    reasonable award and is appropriate to deter future unreasonable and frivolous

9    lawsuits alleging copyright infringement.

10              **2.    Defendants Should Also Be Awarded Their Non-Taxable**

11                    **Costs**

12         In addition to attorney's fees, the Court also may award "non-taxable" costs

13   under Section 505 of the Copyright Act. 17 U.S.C. § 505 ("In any civil action under

14   this title, the court in its discretion may allow the recovery of *full* costs by or against

15   any party other than the United States or an officer thereof.") (emphasis added); Fed.

16   R. Civ. P. 54(d)(2)(A) ("[a] claim for attorneys' fees and related non-taxable

17   expenses must be made by motion…"); *Twentieth Century Fox Film Corp. v. Entm't*

18   *Distrib.*, 429 F.3d 869, 885 (9th Cir. 2005) ("we hold that district courts may award

19   otherwise non-taxable costs, including those that lie outside the scope of § 1920,

20   under § 505."). "Defendants should be awarded, as part of their attorney's fees

21   award, their litigation costs which include reasonable out-of-pocket expenses

22   incurred by the attorney and which are normally charged to fee-paying clients, so

23   long as these costs are incidental and necessary to the litigation." *Lil' Joe Wein*

24   *Music, Inc. v. Jackson*, 2008 U.S. Dist. LEXIS 112730, at *40 (S.D. Fla. July 1,

25   2008).

26         Here, the Defendants are requesting $57,958.47 in non-taxable out-of-pocket

27   costs at this time, which does not include out-of-pocket costs for trial in this matter.

28   The non-taxable out-of-pocket costs sought at this time, include expenses normally

are billed to a private client and were billed here, are reasonable in amount, and were
necessary to the litigation, they are recoverable as "non-taxable" expenses.
*Twentieth Century Fox Film Corp.*, 429 F.3d at 885.  The types of expenses found in
the Defendants' invoices include courier charges, charges for legal research, charges
for the purchase of Plaintiff's products, charges for copying, charges for the use of
overnight shipper, e.g. Fed Ex; charges for depositions, including court reporters and
videographers; and charges for messenger services.  McWilliams Decl., ¶ 43 and Ex.
L and L-1(to be filed under seal) [Invoices].  Other courts have awarded these and
similar types of expenses in copyright infringement cases. *See* e.g., *Superior Form
Builders v. Dan Chase Taxidermy Supply Co., Inc.*, 881 F. Supp. 1021, 1029 (E.D.
Va. 1994), aff'd sub nom. *Superior Form Builders, Inc. v. Dan Chase Taxidermy
Supply Co., Inc.*, 74 F.3d 488 (4th Cir. 1996) (approving award of litigation
expenses including, among other things, "federal express [and] photocopying"); *Lil'
Joe Wein Music*, 2008 U.S. Dist. LEXIS 112730, at *40 (awarding "process fees,
photocopying, facsimiles, long distance telephone charges, federal express charges,
computer research charges, court charges and travel expenses"); *Yue v. Storage
Tech. Corp.*, 2008 U.S. Dist. LEXIS 68920, *16 (N.D. Cal. Aug. 6, 2008) (awarding
non-taxable costs "including legal research and courier fees"); *Peer Int'l Corp. v.
Max Music & Entm't, Inc.*, 2004 U.S. Dist. LEXIS 12760, at *17 (S.D.N.Y. July 9,
2004) (awarding messenger expenses).

Based on the above facts, this Court should award Defendants' their
reasonable non-taxable out-of-pocket costs in the amount of $57,958.47.

/ / /

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.    CONCLUSION

Based on the foregoing, this Court should award Defendants' their reasonable attorneys' fees request of $311,257.50 and non-taxable out-of-pocket costs of $57,958.47 based on the Copyright Act, 17 U.S.C. §505 and/or under the exceptional case provision of the Lanham Act, 15 U.S.C. § 1117(a).


Dated:  January 15, 2016              COTMAN IP LAW GROUP, PLC

                                                    s/Rasheed M. McWilliams
                                       By_____
                                       Daniel C. Cotman
                                       Rasheed M. McWilliams
                                       Obi Iloputaife
                                       Counsel for Defendant James R. Sicilia, CA-WA
                                       Corp., 665, Inc., Curtis A. Thompson, Daniel L.
                                       Cossette dba AAV Ltd., and KT Video, Inc.

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 35 Hugus Alley, Suite 210, Pasadena, California  91103.  On January 15, 2016, I hereby certify that I served the document(s) entitled **NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** to attorneys for all parties by using the CM/ECF system, which will send a notice of electronic filing of the document to all parties, including:

Michael D. Harris                                   Attorneys for Plaintiff TSX
Marina L. Lang                                      TOYS, INC.
SOCAL IP LAW GROUP LLP
310 North Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355
alomonaco@socalip.com;
mlang@socalip.com; MHarris@socalip.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.
Executed January 15, 2016 at Pasadena, California

s/Elaine Cruz

_____
Elaine Cruz