1
2
3
4
5
6
7

Daniel Cotman (SBN 218315)
dan@cotmanip.com
Rasheed M. McWilliams (SBN 281832)
rasheed@cotmanip.com
Obi I. Iloputaife (SBN 192271)
obi@cotmanip.com
**COTMAN IP LAW GROUP, PLC**
35 Hugus Alley, Suite 210
Pasadena, CA  91103
(626) 405-1413/FAX (626) 316-7577
Attorneys for Defendants James R. Sicilia,
CA-WA Corp., 665, Inc., and Curtis A. Thompson

8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

| | |
|---|---|
| TSX Toys, Inc., | ) Case No. 5:14-cv-02400-RGK-DTB |
|            Plaintiff, | ) Hon. R. Gary Klausner |
|     v. | ) **DECLARATION OF RASHEED** |
| 665, Inc., a California corporation; Curtis | ) **McWILLIAMS IN SUPPORT** |
| A. Thompson, an Individual; XR Realty | ) **DEFENDANTS' RENEWED** |
| LLC dba XR Brands, a California limited | ) **MOTION FOR JUDGMENT AS A** |
| liability company; XR, LLC, a Maryland | ) **MATTER OF LAW BY** |
| limited liability company; Ari H. Suss, | ) **DEFENDANTS AS TO PLAINTIFF'S** |
| an individual; CA-WA Corp, a California | ) **CLAIMS** |
| corporation; James R. Sicilia, an | ) |
| Individual, Eldorado Trading Company, | ) |
| a Colorado corporation, KT Video, a | ) |
| Texas corporation, Shane Nelson dba | ) |
| SLS Specialty, an individual, and JAB | ) |
| Holdings, Inc., a Delaware corporation, | ) |
| | ) |
|         Defendants. | ) |

25
26
27
28

/ / /

/ / /

/ / /

1
2  CA-WA Corp, a California corporation,          )
   James Sicilia, an individual,                 )
3                                                 )
4            Counterclaimants,                    )
                                                  )
5        v.                                       )
6                                                 )
   TSX Inc., a California Corporation, Tia        )
7  Loya an individual, and Rodolfo Loya,         )
   an individual,                                 )
8                                                 )
9            Counterclaim-Defendants.             )
10  _____

11

12  I, Rasheed McWilliams, declare and state:

13        1.    I am counsel at Cotman IP Law Group, PLC, for Defendants James R.
14  Sicilia ("Sicilia"), CA-WA Corp. ("CA-WA"), and Curtis Thompson ("Thompson"),
15  665, Inc. ("665"), (collectively "Defendants") in this action.  I am a member of the
16  State Bar of California and admitted to practice before the Central District of
17  California.  I submit this declaration in support of Defendants' Motion for Attorney
18  Fees ("Motion").  I have personal knowledge of the following, except for those
19  matters stated to be on information and belief, and could and would competently
20  testify as to the facts stated herein.

21        2.    All Defendants achieved a complete victory on the merits in this case.
22  The Court dismissed all copyright infringement claims against Defendants 665, Inc.
23  and Curtis Thompson after Defendants' filing of a motion for judgment as a matter
24  of law at the close of Plaintiff's case.

25        3.    The jury also gave Defendants CA-WA Corp. and James Sicilia, Sr. a
26  full defense verdict by its finding that the Defendants were not liable for
27  infringement on any of Plaintiff's copyright claims and that Plaintiff did not prove it
28  held a valid copyright in either of the Veinzy extenders.

**DECLARATION OF RASHEED McWILLIAMS TO MOTION FOR ATTORNEY FEES**

4.     A true and correct copy of Assignment from Pardell to Mrs. Loya, dated March 11, 2000, entered as Exhibit 214 at trial, is attached hereto as **Exhibit A**.

5.     The creator of the Standing Tall dildo, Mr. Christopher Pardell, testified on January 6, 2014 to the following:

Q:     You also testified that you were challenged to come up with products unlike anything in the industry, correct?

A:     Yes.

Q:     And that you did extensive market research, correct?

A:     Yes.

Q:     In your market research, did you ever come across products by Superhawk Novelty Co.?

A:     Yes.

Q:     And did you ever come across the 7" Lifelike Dong with Balls?

A:     Sure.

Q:     And based on the Standing Tall product that was created, did you believe that it was unlike any of the lifelike products on the market previously?

A:     Um, well it's hard for me to explain this, but not all of the products I came up with were entirely original and unique.  When somebody says Oh, I want 12 products that nobody has ever made before in this industry by definition one of the things your after is simulations of human sexual organs it's not something that hasn't been done before.  Of the products I produced for Tia, I would say maybe 3 or 4 were completely new and required technological innovation to produce, the others were just you know similar designs of similar kinds of products that you found in the industry….

6.     Mr. Pardell verified that part of this industry research included reviewing Exhibit 42, the 1991 catalog of the Superhawk Novelty Company.  A true

**DECLARATION OF RASHEED McWILLIAMS TO MOTION FOR ATTORNEY FEES**

and correct copy of the 1991 catalog of the Superhawk Novelty Company, entered as Trial Exhbiit 42 is attached hereto as **Exhibit B**.

7.     By his testimony, Mr. Pardell admitted that the Standing Tall is virtually the same as the Lifelike Dong with Balls sold by Superhawk Novelty Company in 1991.  A true and correct copy of the TSX Catalog, entered as Trial Exhibit 60, is attached hereto as **Exhibit C**.

8.     A true and correct copy of CA-WA's 200 Hollywood Erotique Novelties catalog, entered as Trial Exhibit 74, is attached hereto as **Exhibit D**.

9.     A true and correct copy of the image of the Certificate of Registration for 1.75 Veinzy Extension, entered as Trial Exhibit 102, is attached hereto as **Exhibit E**.

10.     A true and correct copy of the image of the Certificate of Registration for 2" Veinzy Extension, entered as Trial Exhibit 108, is attached hereto as **Exhibit F**.

11.     A true and correct copy of the image of the copyright application for Original Thick Ur Dick, entered as Trial Exhibit 104, is attached hereto as **Exhibit G**.

12.     TSX's claims are also objectively unreasonable because TSX is not even the owner of the Standing Tall and Standing Tall 3 Extra Inches copyrights based on its failure to produce evidence of any valid written assignment between the sculptor and TSX Toys, or any written assignment from Tia Loya as an individual to TSX Toys.

13.     TSX toys, Inc. was incorporated in Nevada on June 6, 2000.  A true and correct copy of the entity search results for TSX Toys, Inc., from the Nevada Secretary of State website, entered as Trial Exhibit 140, is attached hereto as **Exhibit H**.

14.     TSX toys, Inc. was not registered to do business in California until September 8, 2000.  A true and correct copy of the Business Entity Detail for TSX

Toys, Inc., from the California Secretary of State website, entered as Trial Exhibit 141, is attached hereto as **Exhibit I**.

15.    It is often impossible to know exactly why a party brought its claims, however, in this case, there was testimony regarding the contentious divorce between Mrs. Loya and Mr. Sicilia, as well as the end of the relationship between TSX and 665, Inc.

16.    A true and correct copy of the Judge of Dissolution of Marriage between Tia Loya [Then Tia E. Sicilia] and James Sicilia, dated January 19, 2000, entered as Trial Exhibit 59, is attached hereto as **Exhibit J**.

17.    It is also established that Mrs. Loya was angry with what she thought was CA-WA's copying of her products, as revealed by the testimony of Mr. James "Jay" Sicilia, Jr.  January 6, 2016 testimony of James "Jay" Sicilia, Jr.

18.    In addition, the relationship between 665, Inc. and TSX ended a few months prior to the filing of this lawsuit.  January 6, 2016 testimony of Curtis Thompson during Plaintiff's case.

19.    Defendants' counsel pointed out to Plaintiff's counsel how Plaintiff's amended trade dress allegations in its Second Amended Complaint were conclusory and violated the Court's order to plead facts, in addition, defense counsel also pointed out the responsibility of TSX and its counsel to do an investigation before simply filing claims.  A true and correct copy of the email thread between Rasheed McWilliams and counsel for Plaintiff, Marina Lang and Michael Harris, is attached hereto as **Exhibit K**.

20.    Plaintiff did not offer any evidence to support the non-functionality of its trade dress at trial.

21.    Plaintiff also did not offer any evidence to support any acquired secondary meaning at trial.

22.    During the thirteen (13) months covered by this motion, November 20, 2014 through December 31, 2015, Defendants were forced to defend against

numerous frivolous motions filed by Plaintiff, take and defend against extensive discovery on the Plaintiff's claims under the Copyright Act and the Lanham Act and contest the filing of almost four complaints, including a first amended complaint that contained allegations virtually identical to those dismissed by the Court on the Defendants' motion to dismiss the Initial Complaint.

23.   There are 261 discrete docket items for a case that Plaintiff never should be filed.

24.   In addition, Plaintiff filed an initial complaint, two amended complaints and made a motion to file a third amended complaint, which the Court denied at least in part because it sought to add additional items that were available during the filing of the initial complaint.

25.   Defendants were forced to defend themselves at trial against TSX's frivolous claims under the Copyright Act and the Lanham Act.

26.   The Defendants' attorneys were forced to spend over 970.6 hours on the above named tasks, among others, and this work was reasonable given the type and number of statutory awards sought by the Plaintiff.

27.   Defendants are requesting an award of $369,215.97 with $311,257.50 representing hourly fees for attorneys and $57,958.47 in non-taxable out-of-pocket costs at this time, which will be amended once all attorney billing records are finalized for the time from January 1, 2016 through January 15, 2016.

28.   A true and correct copy of Cotman IP Invoice Summary of invoices from November 20, 2014 through December 31, 2015. is attached hereto as **Exhibit L.**  The supporting Cotman IP invoices, from November 20, 2014 through December 31, 2015, are to be filed under seal as **Exhibit L-1**.

29.   A true and correct copy of Billing Summary for billing from November 20, 2014 through December 31, 2015 is attached hereto as **Exhibit M**.

30.   This case was primarily worked by two attorneys, Rasheed McWilliams and Vivek Ramachandran, who respectively put 691 and 230.2 hours into the case

over the course of approximately 13 months.

31.    This amounts to approximately 53 hours per month for me and approximately 18 hours per month for Mr. Ramachandran.

32.    My rate throughout this case has been $350.00 per hour, which is below the rates charged by partner-level and of-counsel copyright litigation attorneys in the Central District of California, which averages between $595.00 and $695.00.   I graduated from NYU School of Law in 2003 and have been practicing as an intellectual property litigator since leaving law school.  I am a member of the Bar in New York, Georgia and California.  I have worked on over 150 intellectual property cases throughout my career in courts throughout this country, including before U.S. Courts of Appeal, U.S. District Courts and the U.S. International Trade Commission. I have first-chaired four trials, including two copyright and trademark trials, and second-chaired and third-chaired seven trials, including three patent jury trials.   I also spent my early years at two of the largest intellectual property boutiques in the United States, including Fish & Richardson P.C. and Fitzpatrick, Cella, Harper & Scinto.

33.    Mr. Ramachandran's rate throughout this case has been $225.00 per hour, which is below the rate charged for copyright litigation associates in this district, which average around $420.00.  Mr. Ramachandran received his L.L.M. in 2010 from George Washington University School of Law.

34.    A true and correct copy of relevant pages of the Revenue Management Report showing rates for a comparable firm are attached hereto as **Exhibit N**.

35.    The other two attorneys who worked on this case include the name partner Daniel Cotman, who billed 12.9 hours at a rate of $375.00 per hour, and Obi Iloputaife, who billed 36.5 hours at a rate of $350.00 per hour.  True and correct copies of the firm biographies of Daniel Cotman and Obi Iloputaife are attached hereto as **Exhibits O** and **P.**

36.    The total number of hours billed by all attorneys was 970.6 hours, an

**DECLARATION OF RASHEED McWILLIAMS TO MOTION FOR ATTORNEY FEES**

average of 75 hours a month, for a total of $311,257.50.

37.   The blended rate of the four attorneys who worked on this matter is only $237.50, which is well below the blended rate of copyright litigation firms in the Central District of California.

38.   The time and labor required on this case is directly proportional to the Plaintiff's vexatious litigation tactics, which included numerous revisions to its Complaints and repeated motions practice.

39.   The questions involved in this case were novel and there was a level of difficulty based on the numerous legal questions that were first impression in this district and the Ninth Circuit.

40.   There have not been very many cases heard and reported regarding copyrights or trade dress claims around sex toys in the Central District of California or the Ninth Circuit so this was a case of first impression in many respects.

41.   This case involved sex toys and defending sex toy manufacturers and distributors, which means there was a substantial degree of "undesirability" and the potential for the case precluding counsel from representing other entities, such as church groups and non-profits, that may be morally opposed to the work for entities in the sex toy industry.

42.   Finally, the amount involved in Defendants' fee request of over $311,000 dollars is over 62 times greater than the $5,000.00 awarded to the Defendants CA-WA Corp. and James Sicilia, Sr. based on their counterclaims and $311,000 greater than anything Plaintiff recovered, which was $0.00 based on the jury's finding that there was no liability under the Copyright Act and the Court's dismissal of all claims under the Lanham Act pursuant to Defendants' motion for judgment as a matter of law, therefore Plaintiff should not have pursued this matter through verdict.

43.   The types of expenses found in the Defendants' invoices include courier charges, charges for legal research, charges for the purchase of Plaintiff's

**DECLARATION OF RASHEED McWILLIAMS TO MOTION FOR ATTORNEY FEES**

products, charges for copying, charges for the use of overnight shipper, e.g. Fed Ex; charges for depositions, including court reporters and videographers; and charges for messenger services.

44.     A true and correct copy of the firm biography of Rasheed McWilliams is attached hereto as **Exhibit Q.**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed January 15, 2016, at Pasadena, California.

s/Rasheed M. McWilliams

_____

Rasheed M. McWilliams

**DECLARATION OF RASHEED McWILLIAMS TO MOTION FOR ATTORNEY FEES**

# CERTIFICATE OF SERVICE

I certify that I am employed in the office of a member of the bar of this court at whose direction the service was made. On January 15, 2016, I served the foregoing document **DECLARATION OF RASHEED McWILLIAMS IN SUPPORT DEFENDANTS' RENEWED MOTION FOR ATTORNEY FEES** to attorneys for all parties by using the CM/ECF system, which will send a notice of electronic filing of the document to all parties, including:

Michael D. Harris                                          ***Attorneys for Plaintiff***
Marina L. Lang                                            ***TSX TOYS, INC.***
SOCAL IP LAW GROUP LLP
310 North Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355
alomonaco@socalip.com; mlang@socalip.com;
MHarris@socalip.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed January 15, 2016 at Pasadena, California

s/Elaine Cruz

_____

ELAINE CRUZ