## COPYRIGHT, TRADEMARK & PATENT ASSIGNMENT AGREEMENT

This Copyright, Trademark & Patent Assignment Agreement is entered into between individuals Christopher Pardell doing business as Outcast ("CONTRACTOR"), an independent contractor, and Tia Loya for TSX Toys, Inc. ("CLIENT").

*Whereas* CONTRACTOR entered into an independent contractor agreement with CLIENT to create numerous sculptural works, molds and mold systems for CLIENT and did create numerous sculptural works, molds and mold systems for CLIENT (hereinafter, the "Works" which are all included in Exhibit A attached hereto, and incorporated by reference as if set forth fully herein).

*Now therefore*, in consideration of the premises, mutual covenants and agreements herein, and those set forth in the independent contractor agreement between CONTRACTOR and CLIENT, CONTRACTOR and CLIENT agree as follows:

CONTRACTOR represents and warrants that he is/they are the sole creator(s) and owner(s) of the Works.

The Works are hereby assigned by CONTRACTOR to CLIENT, and are the exclusive property of CLIENT. CONTRACTOR does hereby sell, assign, and transfer to CLIENT, its successors and assigns, the entire right, title and interest in and to the copyright, trademark and/or patent in the Works and any registrations and applications relating thereto and any renewals and extensions thereof, and in and to all works based upon, derived from, or incorporating the Works, and in and to all income, royalties, damages, claims and payments now or hereafter due or payable with respect thereto, and in and to all causes of action, either in law or in equity for past, present, or future infringement based on the copyrights, and in and to all rights corresponding to the foregoing throughout the world.

CONTRACTOR agrees that subsequent to execution of this Copyright Assignment Agreement, he will have no right to use the Works in any way and that ownership in the Works resides solely with CLIENT.

CONTRACTOR and CLIENT agree that this may be executed in one or more counterparts, each of which shall be original as against any party whose signature appears thereon, and all of which together shall constitute one and the same instrument.   This Agreement shall become binding when one or more counterparts hereof, individually or taken together, shall bear the signatures of all of the parties reflected herein (from time to time) as signatories.   A non-original copy of this document shall be considered as effective and valid as the original.

CONTRACTOR: _____ Date: 3/11/2000     _____ Date 3/11/2000
          Name:   Chris Pardell                    Name: Outcast
On Behalf of above named entity(s).

CLIENT: _____ Date: 3/11/2000 _____ Date
       Name:        for TSX Toys, Inc.              Name:

On Behalf of TSX Toys, Inc.

### EXHIBIT A
#### "The Works"

1

CONFIDENTIAL

TSX 002302

Standing Tall  Dildo
3 Extra Inches Extension
I-Cock
Triangular Cover for Redi-lock
Paramour
Analicious Butt Plug
Trojan Double Dong
Trojan Single Dong
Woody Cock Ring
Triple Play Lesbian Double Dong
She Cums In Colors Dildo
Paramour Cock Ring
Autoerotica 3 in One
Concubine
TSX Platinum Flicker

2

CONFIDENTIAL

TSX 002303

**EXHIBIT A**

1-
IntellectualPropAssignmentAgmt_OutsideContractorA
gmt_Pardell_080415.pdf (2/2)

# SUPERHAWK

**PHONE:**
**1-800-735-4088**

**FAX:**
**1-714-256-4324**

## NOVELTY COMPANY

*Products are hand-made in the U.S.A.*
*LIFELIKE products are detailed for*
*ultimate realism and formulated for the*
*"real feel."*

---

*We also custom design products for you.*
*Provide private labels, packaging and*
*catalogs to your specifications.*

---

*Product pricing service is available for*
*the busy store owner.*



28707__
5" LIFELIKE DONG WITH BALLS



28687__
6" LIFELIKE DONG WITH BALLS



28607__
7" LIFELIKE DONG WITH BALLS



28617__
8" LIFELIKE DONG WITH BALLS



28237__
9" LIFELIKE DONG WITH BALLS

When ordering please include part number shown with each illustration. Add sixth number accordingly:
1 — for BULK packaging.     2 — for CARDED packaging.     3 — for BOXED packaging.

**EXHIBIT B**

CA-WA27

**SUPERHAWK NOVELTY COMPANY**

# LIFELIKE DONGS / VIBRATING



78787__
6" LIFLIKE DONG WITH BALLS



78627__
7" LIFELIKE DONG WITH BALLS



78637__
8" LIFELIKE DONG WITH BALLS



78247__
9½" LIFELIKE DONG WITH BALLS



78217__
10" MAN-O-WAR DONG



78207__
9" MR. FRED LARGE DONG



78007__
6" LIFELIKE DONG



78227__
10" LIFELIKE DONG

## SLEEVES WITH VIBRATORS



78837__
5" SLEEVE WITH VIBRATOR



78177__
6" SLEEVE WITH VIBRATOR



78847__
8" SLEEVE WITH VIBRATOR



78197__
10" SLEEVE WITH VIBRATOR

## Coming Soon! — 110 V LIFELIKE VIBRATING DONGS



ELIKE DONG / ELECTRIC





74607__
7" LIFELIKE DONG / ELECTRIC

**EXHIBIT B**

8" LIFELIKE DONG / ELECTRIC



74247__
9½" LIFELIKE DONG / ELECTRIC

CA-WA28

# SUPERHAWK NOVELTY COMPANY

## ASSORTED NOVELTIES



29227
TONGUE



79237
TONGUE WITH VIBRATOR



19287
THE WET ONE



79297
THE WET ONE, HAIR, VIBRATOR



19267
FUN BUNS



79277
FUN BUNS WITH VIBRATOR



19507
THE HAND



79507
THE HAND WITH VIBRATOR



19507
GREAT HEAD Oral Stimulator



79617
VEINZY DONG WITH VIBRATOR



SUCK YOURSELF
ORAL SIMULATOR



19107
MINI PUSSY



18067
SMALL POCKET PAL



78077
SMALL POCKET PAL WITH VIB.



19217
LARGE POCKET PAL



79207
LARGE POCKET PAL WITH VIB.

**EXHIBIT B**

CA-WA29

# BUTT PLUGS

**SUPERHAWK NOVELTY COMPANY**



17017__
SMALL BUTT PLUG



17037__
LARGE BUTT PLUG



77037__
LARGE BUTT PLUG VIBRATING



27207__
Medium Realistic BUTT PLUG



27217__
Large Realistic BUTT PLUG



77217__
Large Realistic BUTT PLUG VIB.



17047__
BIG BUTT PLUG



77077__
BIG BUTT PLUG VIBRATI

# ALL NEW! — LIFELIKE SQUIRMY DONGS



70607__
7" LIFELIKE SQUIRMY DONG



70617__
8" LIFELIKE SQUIRMY DONG



70827__
10" LIFELIKE SQUIRMY DONG



70217__
12" SQUIRMY BIG BOY

# STIMULATORS



__ STIMULATOR



ANAL BEADS / SMALL
ANAL BEADS / MEDIUM
ANAL BEADS / LARGE



JONI'S BUTTERFLY



CA-WA30
BEN WA BALLS WITH CASE

**EXHIBIT B**

# LIFELIKE DONGS — PAINTED

**SUPERHAWK NOVELTY COMPANY**



28757__
12" DOUBLE DONG



28847__
12" SUPER THICK DOUBLE



DB100S

28747__  DELUXE
18" DOUBLE DONG



28727__
DOUBLE DONG WITH BALLS



__ASIAN SLIM



28237__
9½" BIG JOHN



28677__
9" ASIAN BUMP



NEW!

28877__
8" JUST RIGHT JOE

## LIFELIKE DONGS — SQUIRTING



28817__
10" DONG



2868

23687__
6" SQUIRTING DONG



2860

23606__
7" SQUIRTING DONG



286¢

23617__
8" SQUIRTING DONG

## SLEEVES



28837__
5" SLEEVE



28517__
6" SLEEVE



28847__
8" SLEEVE



28647__
10" SLEEVE

**EXHIBIT B**

CA-WA31

# SUPERHAWK NOVELTY COMPANY

## LIFELIKE DONGS — UNPAINTED



18007___
6" SMALL DONG



18017___
8" REGULAR VEINED DONG



18027___
10" EXTRA LARGE DONG



18317___
ASIAN TYPE DONG STYLE 1



18327___
ASIAN TYPE DONG STLE 2



18737___
ASIAN STYLE DOUBLE DONG



18227___
12" MATADOR



NEW!

19617___
MR. VEINZY



18117___
3" DONG WITH BALLS



18127___
5" DONG WITH BALLS



18137___
5" STARTER DONG



18147___
6" JR. ASIAN DONG

## VIBRATORS



7300__3
/ RRATOR / Case / Batteries
Yellow, Black or Grren



7830__3
VIBRATOR / Case / Batteries
Pink, Blue, White or Lavender



830__3
VIBRATOR / Case / Batteries
GOLD or SILVER



790973
10" V
721273
7" BULLNOSE VIBRATOR

**EXHIBIT B**

SATNA32

**SUPERHAWK NOVELTY COMPANY**

## ALL NEW! — MICRO DICKIES



18327___
5" MICRO ASIAN BUMP



21827___
6" MICRO VEINED DONG



18317___
6" MICRO ASIAN SLIM



11827___
6" MICRO LIFELIKE DONG

## GLOW-IN-THE DARK LIFELIKE DONGS



18028___
10" EXTRA LARGE DONG



18118___
3" DONG WITH BALLS



18128___
5" DONG WITH BALLS



11827___
10" DONG



28758___
12" DOUBLE DONG



18808___
GOTTCHA DONG



28608___
7" DONG WITH BALLS



18318___
9" ASIAN STYLE



170382___
LARGE BUTT PLUG



28258___
6" JOHN



180082___
6" SMALL DONG



28508___
6" SLEEVE

**EXHIBIT B**

CA-WA33

**SUPERHAWK NOVELTY COMPANY**

# MISCELLANEOUS PRODUCTS

   

19607__
THE MONK

18047__ / 12" JUNIOR DOUBLE
18087__ / 16" DOUBLE DONG

150372 / COCK RING
150472 / COCK RING

150172 / COCK RING
150272 / COCK RING

# KITS — ALL NEW!

   

471473
LOVE KIT

471573
ANAL KIT

413173
Sandwich Penis/Anal Sleeve

413273
Merry Massager French & Totem

  

413373
Beginner Rear Entrance (Anal)

413473
MISSIONARY PUSSY KIT

413573
Intermediate Anal Entrance

413673
Olympic Tripler Anal & Vagina

   

413873
YUPPY INITIATION

**EXHIBIT B**

413973
GREEK BOY TOY (5 piece Lifelike)

414173
DANA SHIRLEY



EXHIBIT C                                    CAWA298



EXHIBIT C



## available Colors*

*Actual colors may vary slightly from printed appearance.

| C-10 Flesh | C-11 Mulato | C-12 Black | C-13 White | C-14 Clear | C-15 Glow in the Dark | C-16 Red | C-17 Cherry | C-18 Blueberry |

| C-19 La Tropica | C-20 Grape | C-21 Pink Lemonade | C-22 Bubble Gum | C-23 Raspberry | C-24 Lemonade | C-25 Lime Green | C-26 Light Green | C-27 Chartreuse |

| C-28 Ivy Green | C-29 Lavender | C-30 Copper | C-31 Light Blue | CP-21 Light Pink Pearl | CP-26 Light Green Pearl | CP-31 Gold Pearl Highlite | CP-22 Bubble Gum Pearl | C-20 Grape CG-19 La Tropica Glitter |

## table of Contents

| Category | Page No. |
|---|---|
| **1) Phallics** | |
| Real Look, Real Feel | 4 |
| Stylistic | 9 |
| **2) Sleeves, Extenders, Enhancers** | 14 |
| **3) Autoerotics** | |
| Male | 16 |
| Female | 18 |
| Unisex | 19 |
| **4) Animal Kingdom** | 20 |
| **5) Anal Toys** | 22 |
| **6) Double Dongs** | 25 |
| **7) Cock Rings** | 26 |
| **8) Redi-Lock Kits and Harnesses** | 28 |
| **9) Pumps, Components & Materials** | 30 |
| Redi-Locks | |
| Suction Cups | |
| Hard Vibes | |
| Silver Bullet Vibes | |
| Micro and Button Vibes | |
| Squirmy Mechanism | |
| Red Cap Vibe Mechanism | |
| Red Cap Vibe Waterproof Mechanism | |
| Fauxskin™ | |

**3**

Jelly Colors!

S IT REAL? C R... Fauxskin™ *That is the question.*

ORIGINAL

### TOTALLY ORIGINAL!

Our copyrighted original designs make you greater than great.

Never settle for less again!

We can manufacture products you desire in any available color, components and materials.

SAFE PASSED

### SE HABLA ESPAÑOL!

Products sold as novelties and for educational purposes only. No specific uses are advocated. Individuals with allergies to PVC (polyvinylchloride) or urethane based plastics should not use these products. If in doubt, consult your physician. Keep out of reach of children. Clean products with soap and water (excluding motorized parts). Use only water based lubricants if desired.

EXHIBIT C                    CAWA300



EXHIBIT C

CAWA301



EXHIBIT C

CAWA302



EXHIBIT C                                                                              CAWA303



EXHIBIT C                                                                    CAWA304



EXHIBIT C                                                                    CAWA305



EXHIBIT C                                         CAWA306



EXHIBIT C                                                                                                 CAWA307



EXHIBIT C

CAWA308



EXHIBIT C

CAWA309



EXHIBIT C                                                    CAWA310



EXHIBIT C



EXHIBIT C                                                  CAWA312



EXHIBIT C



EXHIBIT C

CAWA314



EXHIBIT C                                    CAWA315



EXHIBIT C                    CAWA316



EXHIBIT C

CAWA317



EXHIBIT C                     CAWA318



EXHIBIT C                    CAWA319



EXHIBIT C                                                                CAWA320



## anal toys

**Two Shots In The Dark** "*I almost could not wait for this dong to arrive and boy was it worth it. Huge entry, a challenge but not impossible.*" — *Another Satisfied TSX Toys Customer*

**Two Shots In The Dark** with Suction Cup
10.5" long
4" thick

[02-1222-01-1]

**24**

**Three Bangs for Your Butt** Small with Suction Cup
9" long
2.25" thick

[02-1223-01-1]

**Three Bangs for Your Butt** Medium with Suction Cup
11" long
2.5" thick, top
3" thick, bottom

[02-1060-01-1]

"*A great choice if you find the Large Three Bangs for Your Butt a bit scary... get you started on the way to pop-pop-pop heaven!*"
— *TSX Toys*

**Three Bangs for Your Butt** Large with Suction Cup
11.5" long
4" thick

[02-1061-01-1]

"*...this hefty looking toy is quite a thing to behold...*

*Well, the guys at Mayfair reckon they managed to get two and a bit heads in, and also reported "a deep penetrating sensation and a powerful orgasm.*"

**MAYFAIR MAGAZINE**

**Choose the Components, Colors, Materials — AND Put Your Name and Logo on the Label!**

Single Redi-Lock    Double Redi-Lock    Suction Cups    Silver Bullet, Long, and Dual Vibes    Micro Vibe    Button Vibe    Red Cap and Red Cap Waterproof Vibe    Squirmy Vibe    Hard Vibes

EXHIBIT C

CAWA321



EXHIBIT C

CAWA322



EXHIBIT C                    CAWA323



EXHIBIT C                                                                                    CAWA324



EXHIBIT C                                                                 CAWA325



EXHIBIT C   CAWA326



EXHIBIT C                                                                 CAWA327



EXHIBIT C CAWA328



EXHIBIT C CAWA329



# HOLLYWOOD EROTIQUE NOVELTIES

"Adult Entertainment For The New Millennium"

# CATALOG 2000

ORDER DIRECTLY ON THE INTERNET

EXHIBIT D

CAWA528



EXHIBIT D



Hollywood Erotique Novelties

18067
Pocket Pal Small

24817
Ultimate Pocket Vagina

16067
Micro Pussy

18107
Purse Pussy

41357
Intermediate Anal Kit

41337
Missionary Anal Kit

41377
Gladiator Kit

40107
G-Spot Kit
W/ Feelistic Sleeve

41397
Greek Boy Toy Feelistic

41347
Missionary Pussy Kit

HEN





24317
7" Fatso Vibrating

24027
7" La Supremo

24367
10" Dong Juan Vibe

24667
Super Jr. Double

24687
Sweet 16" Double Dong
Super Feelistic Double Dong

24037
7" La Supremo
W/Vibrator

24517
Super Harness Dong

24047
10" Scrotus Maximus

45017
Fantasy Anal Kit

45027
My Little Devil Kit

47147
Love Kit

31587
8" Erotica Plus

EXHIBIT D













EXHIBIT D

**HEN**



**Cum Super Honey**

#31617 Non-Vibe
#31707 Vibrating
30.95 35.95

**Clit Tamer**

#31647 Non-Vibe
#31657 Vibrating
25.95 30.95

**Passion Flame**

#31397 Non-Vibe
#31727 Vibrating
24.95 30.95

**Venus The Ultimate**

#31197 Flesh Non-Vibe
#31357 Flesh Vibrating
17.95 25.50

CAWA532





29667
Cum Fuck Me
Redi-Lock Kit
29.95

29707
Redi-Hot Poker
Redi-Lock Kit
42.50



29727
Lovers Redi-Lock Kit
23.-

Visit us at www.hollywoodnovelties.com or order on-line at www.widevideo.com

# Hollywood Erotique Novelties



22477
13" King Dong Plus
Thick Cock



24607
5" Erecto Jr. Vibrating
19.50



28687
6" Above Average
16.50



**EXHIBIT D**

34007
La Supremo Dong
18.-

24797
8" La Supremo
20.-

28707
5" Erecto Jr.
14.50

28617
8" Eight Is Enough
25.-

29037
10" Robo Cock
24.50

78137
Erecto Jr.
Vibrating-Dong
16.-

## ORDER TODAY!

# 1.800.735.4088

www.hollywoodnovelties.com

7

*HEN*



## JELLY COLORS!

You can order any product in any color you like

Visit us at www.hollywoodnovelties.com or order on-line at www.widevideo.com

CAWA533

Grape

Honey

Root Beer

Ice

Smoke

Melon

Cherry

Blueberry

Pink

Bubble gum

Black

Mint

---

*Hollywood Erotique Novelties*

## SUPER PUMPS



**51027**
**Piston Pump**


**54009**
**Turbo 2000**
**Pump Medium**



**51117**
**Deluxe Vibro Pump**


**190854**
**Oral Stimulator**



**51047**
**Penis Enlarger**

**EXHIBIT D**


**54019**
**Turbo 2000**
**Pump Large**



1

9













EXHIBIT D



# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-950-634

**Effective Date of Registration:**
October 15, 2014

## Title

Title of Work:   1.75 Veinzy Extension 11015011

## Completion/Publication

Year of Completion:   2002
Date of 1st Publication:   May 09, 2002
Nation of 1st Publication:   United States

## Author

•        Author:   TSX Toys, Inc.
Author Created:   sculpture
Work made for hire:   Yes
Citizen of:   United States

## Copyright Claimant

Copyright Claimant:   TSX Toys, Inc.
1350 Riverview Dr., 1350 Riverview Dr., San Bernardino, CA, 92408, United
States
Transfer statement:   By written agreement

## Rights and Permissions

Organization Name:   TSX Toys, Inc.
Name:   Tia Loya
Email:   slanstwo@msn.com
Telephone:   (909)586-6201
Alt. Telephone:   (909)586-6201
Address:   1350 Riverview Dr.
San Bernardino, CA 92408 United States

## Certification

Name:   Tia Loya

**EXHIBIT E**

CONFIDENTIAL                                    TSX 001866

Date:   October 10, 2014
Applicant's Tracking Number:   11015011

EXHIBIT E

CONFIDENTIAL

TSX 001867

Registration #:   VA0001950634
Service Request #:   1-1814861581

TSX Toys, Inc.
Tia Loya
6757 Serrano Ave
Hesperia, CA 92345 United States

**EXHIBIT E**

CONFIDENTIAL

TSX 001868

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

# VA 1-950-635

**Effective Date of Registration:**
October 15, 2014

## Title

Title of Work:   3" Veinzy Extension 11021011

## Completion/Publication

Year of Completion:   2006
Date of 1st Publication:   February 22, 2006
Nation of 1ᵗ Publication:   United States

## Author

● Author:   TSX Toys, Inc.
Author Created:   sculpture
Work made for hire:   Yes
Citizen of:   United States

## Copyright Claimant

Copyright Claimant:   TSX Toys, Inc.
1350 Riverview Dr., San Bernardino, CA, 92408
Transfer statement:   By written agreement

## Rights and Permissions

Organization Name:   TSX Toys, Inc.
Name:   Tia Loya
Email:   stars4wo@msn.com
Telephone:   (909)586-6201
Alt. Telephone:   (909)586-6201
Address:   1350 Riverview Dr.
San Bernardino, CA 92408 United States

## Certification

Name:   Tia Loya
Date:   October 10, 2014

Page 1 of 2

**EXHIBIT F**

**CONFIDENTIAL**

**TSX 001887**

Applicant's Tracking Number:   11021011



**EXHIBIT F**

CONFIDENTIAL

TSX 001888

Registration #:   VA0001950635
Service Request #:   1-1814935186

TSX Toys, Inc.
Tia Loya
6757 Serrano Ave
Hesperia, CA 92345 United States

**EXHIBIT F**

CONFIDENTIAL                                                          TSX 001889

**EXHIBIT F**

CONFIDENTIAL

TSX 001890

# *-APPLICATION-*

## Title

**Title of Work:** Original Thick Ur Dick

## Completion/Publication

**Year of Completion:** 2005

**Date of 1st Publication:** September 1, 2005          **Nation of 1st Publication:** United States

## Author

■          **Author:** TSX Toys, Inc.

**Author Created:** sculpture

**Work made for hire:** Yes

**Citizen of:** United States

## Copyright claimant

**Copyright Claimant:** TSX Toys, Inc.

1350 Riverview Dr., San Bernardino, CA, 92408, United States

**Transfer Statement:** By written agreement

## Rights and Permissions

**Organization Name:** TSX Toys, Inc.

**Name:** Tia Loya

**Email:** stanstwo@msn.com          **Telephone:** 909-586-6201

**Address:** 1350 Riverview Dr.          **Alt. Telephone:** 909-586-6201

San Bernardino, CA 92408  United States

## Certification

**Name:** Tia Loya

**Date:** October 7, 2014

**Applicant's Tracking Number:** 11040011

---

**EXHIBIT G**

CONFIDENTIAL          TSX 001873

Registration #:

Service Request #:  1-1808644901

Priority:  Routine                              Application Date:  October 7, 2014 07:53:50 PM

## Correspondent

Organization Name: TSX Toys, Inc.

Name: Tia  Loya

Email: stanstwo@msn.com                    Telephone: 909-586-6201

Address: 1350 Riverview Dr.                    Alt. Telephone: 909-586-6201
San Bernardino, CA 92408 United States

## Mail Certificate

TSX Toys, Inc.
Tia Loya
6757 Serrano Ave
Hesperia, CA 92345  United States

**EXHIBIT G**

CONFIDENTIAL                              TSX 001874

nvsos.gov/SOSEntitySear

# NEVADA SECRETARY OF STATE
## BARBARA K. CEGAVSKE

| Home | Information Center | Election Center | Business Center | Licensing Center | Securities Center | Online Services |

My Data Reports | Commercial Recordings | Licensing

## TSX TOYS, INC.

| Q New Search | 🖶 Printer Friendly | $ Calculate List Fees |

### Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Active | File Date: | 6/6/2000 |
| Type: | Domestic Corporation | Entity Number: | C15641-2000 |
| Qualifying State: | NV | List of Officers Due: | 6/30/2016 |
| Managed By: | | Expiration Date: | |
| NV Business ID: | NV20001326255 | Business License Exp: | 6/30/2016 |

### Additional Information

| | |
|---|---|
| Central Index Key: | |

### Registered Agent Information

| | | | |
|---|---|---|---|
| Name: | INCORP SERVICES, INC. | Address 1: | 2360 CORPORATE CIRCLE STE 400 |
| Address 2: | | City: | HENDERSON |
| State: | NV | Zip Code: | 89074-7739 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | NV |
| Mailing Zip Code: | | | |
| Agent Type: | Commercial Registered Agent - Corporation | | |
| Jurisdiction: | NEVADA | Status: | Active |

View all business entities under this registered agent

### Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 1,500.00 | Capital Amount: | $ 0 |

No stock records found for this company

### Officers                                 ☐ Include Inactive Officers

#### President - TIA LOYA

| | | | |
|---|---|---|---|
| Address 1: | 1350 RIVERVIEW DR | Address 2: | |
| City: | SAN BERNARDINO | State: | CA |
| Zip Code: | 92408 | Country: | USA |
| Status: | Active | Email: | |

#### Secretary - TIA LOYA

| | | | |
|---|---|---|---|
| Address 1: | 1350 RIVERVIEW DR | Address 2: | |
| City: | SAN BERNARDINO | State: | CA |
| Zip Code: | 92408 | Country: | USA |
| Status: | Active | Email: | |

Treasurer - TIA LOYA







EXHIBIT H

# California Secretary of State Alex Padilla

Secretary of State Main Website   **Business Programs**   Notary & Authentications   Elections   Campaign & Lobbying

**Business Entities (BE)**

Online Services
- E-File Statements of Information for Corporations
- Business Search
- Processing Times
- Disclosure Search

**Main Page**

**Service Options**

**Name Availability**

**Forms, Samples & Fees**

**Statements of Information** (annual/biennial reports)

**Filing Tips**

**Information Requests** (certificates, copies & status reports)

**Service of Process**

**FAQs**

**Contact Information**

Resources
- **Business Resources**
- **Tax Information**
- **Starting A Business**

Customer Alerts
- **Business Identity Theft**
- **Misleading Business Solicitations**

## Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Friday, January 01, 2016. Please refer to **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| Entity Name: | TSX TOYS, INC. |
|---|---|
| Entity Number: | C2261709 |
| Date Filed: | 09/08/2000 |
| Status: | ACTIVE |
| Jurisdiction: | NEVADA |
| Entity Address: | 1350 RIVERVIEW DR. |
| Entity City, State, Zip: | SAN BERNARDINO CA 92408 |
| Agent for Service of Process: | RUDY LOYA |
| Agent Address: | 6757 SERRANO AVE |
| Agent City, State, Zip: | HESPERIA CA 92345 |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitions**.

**Modify Search**    **New Search**    **Printer Friendly**    **Back to Search Results**

**Privacy Statement** | **Free Document Readers**

Copyright © 2016   California Secretary of State

## PROOF OF SERVICE

I declare, that I am over the age of eighteen (18) and not a party to this action. My business address is 11111 Santa Monica Boulevard, Suite 1000, Blvd., Los Angeles, California 90025-3344.

On December 13, 1999 I served the following

**REPLY DECLARATION TO PETITIONER'S RESPONSIVE DECLARATION TO ORDER TO SHOW CAUSE**

on the interested parties in this action by serving a true and correct copy of each document thereof, as follows:

Anthony C. Morgan
Attorney at Law
2560 North Santiago Boulevard
Orange, CA  92867-1862

( x )     I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

( )     Via Certified Mail-Return Receipt Requested.

( )     By Personal Service, I caused a true and correct copy of the said document to be delivered to the above addressee(s).

( )     By overnight courier, I caused the above-referenced document(s) to be delivered to an overnight courier service (Express Mail), for delivery to the above addressee(s).

( X )     By facsimile machine, I caused the above-referenced document(s) to be transmitted to the person(s) referenced above at the following telecopy number(s): (714) 974-8972.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct and that this declaration was executed at Los Angeles, California on December 13, 1999.

Lewis J. Haidt

**EXHIBIT J**

CAWA286

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Robert L. Schibel, Esq.  SBN: 45897<br>LAW OFFICES OF ROBERT L. SCHIBEL, APC<br>11111 Santa Monica Boulevard, Suite 1000<br>Los Angeles, California  90025-3344 | | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>LAMOREAUX JUSTICE CENTER<br><br>DEC 1 4 1999<br><br>ALAN SLATER, Clerk of the Court<br><br>BY J. LUPTON |

ATTORNEY FOR (Name):   James Sicilia

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange

STREET ADDRESS:   341 The City Drive

MAILING ADDRESS:   same

CITY AND ZIP CODE:   Orange, California  92613

BRANCH NAME:   East Couty Division

PETITIONER/PLAINTIFF:   Tia E. Sicilia

RESPONDENT/DEFENDANT:   James Sicilia

| REPLY DECLARATION TO PETITIONER'S<br>RESPONSIVE DECLARATION TO ORDER TO SHOW CAUSE<br>OR NOTICE OF MOTION | CASE NUMBER: |
|---|---|
| HEARING DATE:  December 16, 1999   TIME:  8:30 a.m.   DEPARTMENT OR ROOM:  L-65 | 97D004435 |

1. ☐ **CHILD CUSTODY**
   a. ☐ I consent to the order requested.
   b. ☐ I do not consent to the order requested but I consent to the following order:

2. ☐ **CHILD VISITATION**
   a. ☐ I consent to the order requested.
   b. ☐ I do not consent to the order requested but I consent to the following order:

3. ☐ **CHILD SUPPORT**
   a. ☐ I consent to the order requested.
   b. ☐ I consent to guideline support.
   c. ☐ I do not consent to the order requested, but I consent to the following order:
      (1) ☐ Guideline   (2) ☐ Other *(specify)*:

   *TIA SICILIA*
   *2160 OAK CANYON ROAN*
   *CHINO, HILLS CALIF*
   *90109*
   *SAN Ber cont*

4. ☐ **SPOUSAL SUPPORT**
   a. ☐ I consent to the order reque:
   c. ☐ I do not consent to the order

5. ☐ **ATTORNEY FEES AND COSTS**
   a. ☐ I consent to the order reque:
   c. ☐ I do not consent to the order

6. ☐ **RESIDENCE EXCLUSION**
   a. ☐ I consent to the order reque:
   c. ☐ I do not consent to the order

HP2-2         MR y © 1999 Warner Bros.

7. ☐ **STAY-AWAY ORDERS**
   a. ☐ I consent to the order requested.
   c. ☐ I do not consent to the order requested.
   b. ☐ I consent to the following order:

REPLY DECLARATION TO PETITIONER'S (on reverse)

RESPONSIVE DECLARATION TO ORDER TO SHOW CAUSE
OR NOTICE OF MOTION
(Family Law)

Form Adopted by Rule 1285.40
Judicial Council of California

EXHIBIT D

CAWA287

PURSUANT TO STIPULATION BETWEEN THE PARTIES, THE COURT ORDERS:

I

## GENERAL PROVISIONS

A.      Except as otherwise expressly provided in this Judgment and all other Judgments and stipulations previously entered in this case, No. 97D004435,  each of party shall release the other from all liabilities, debts or obligations of every kind, whether previously or hereafter incurred, including both personal obligations and encumbrances on the other's property.

B.      Except as provided to the contrary herein, all property acquired or accumulated by either party on or subsequent to May 8, 1997, shall be the separate property of the party accumulating or acquiring the same, and each party waives and releases all property rights he or she might have in such property subsequently accumulated or acquired by the other.

C.      The parties shall to pay, promptly when due, and appear, defend, indemnify and hold the other party free and harmless of and from any and all claims, liens, demands, debts and obligations, including reasonable attorney's fees and costs, concerning or pertaining to the property awarded herein to him or her.

D.      Except as expressly set forth in this Judgment, neither party shall incur any indebtedness chargeable against the other or the other's estate, or contract any debt or obligation in the name of the other, and each party agrees to indemnify and hold the other party free and harmless of and from any such indebtedness incurred or created by the indemnifying party:

1.      Except as expressly set forth in this Judgment, the Court accepts the representation of the parties that he or she has not incurred any unpaid liability or obligation on which the other is or may be liable, and each of the parties shall indemnify and hold the other free and harmless of and from any such liability or obligation

LAW OFFICES
ROBERT L. SCHIBEL

1

JUDGMENT

**EXHIBIT J**


CRWA288

incurred or created by the indemnifying party; and,

E.     Each party shall have the right to dispose by Will, or otherwise, of his or her respective properties in any way he or she may see fit, without and free from any restriction or limitation, except as provided for, or reserved, in this Judgment. The Court accepts the waiver by the parties to any and all rights to inherit from the estate of the other at the other's death, or to take property from the other by devise or bequest, unless under a Will executed subsequent to the date of the parties' separation, or to claim any family allowance, or to prove a homestead, to act as administrator or administratrix of the estate of the other, except as the nominee of the other person legally entitled to said right, or to act as executor or executrix under the Will of the other, unless said Will was executed subsequent to the date of the parties' said separation.

F.     Except as otherwise expressly provided herein, this Judgment shall be binding upon and inure to the benefit of the respective legatees, devisees, heirs, executors, administrators, assigns and successors in interest of the parties.

G.     The parties represent and warrant that each has fully disclosed all community and quasi-community property owned by him or her and that there is no community or quasi-community property other than that which is set forth in this Judgment. If any community property or quasi-community property now possessed by either party, which is not disposed of by this Judgment, is later discovered, discovery shall not void or invalidate this Judgment, but said property shall immediately, upon discovery, be divided equally between the parties, or otherwise divided as shall be determined by a Court of competent jurisdiction. ~~If it is subsequently discovered that either party had community property or quasi-community property contrary to the warranties and representations in this Judgment, the warrantor shall immediately transfer or pay to the warrantee, at the warrantee's election, (1) one-half (1/2) of the amount of the property, if it is reasonably susceptible to division and in the warrantor's~~



CAWA289

LAW OFFICES
ROBERT L. SCHIBEL

1   ~~possession; (2) one-half (1/2) of the full market value of the property on the date of~~

2   ~~separation; (3) one-half (1/2) of the full market value of the property at the time the warrantee~~

3   ~~actually discovers the warrantor's ownership of the property; or (4) one-half (1/2) of the full~~

4   ~~market value of the property on the date the warrantee receives any compensation for the~~

5   ~~undisclosed interest.~~  The Court, through its family law departments, shall retain and reserve

6   jurisdiction to resolve any claims by Respondent or Petitioner to undisclosed or after-discovered

7   property that would have been community or quasi-community property under the laws

8   applicable as of the date of this Judgment.  ~~Further, this provision shall not impair either party's~~

9   ~~right to seek in a Court of competent jurisdiction any other remedy arising out of such~~

10  ~~undisclosed ownership or after discovered property, including the right to seek reasonable~~

11  ~~attorney's fees, expenses and costs.~~

12

13  H.   If any order in this Judgment is held to be illegal, void or voidable by any Court,

14  each of the remaining terms shall, nevertheless, continue in full force as a separate order,

15  provided that the general intent and structure of the Judgment is not changed.

16  I.   No waiver of the breach of any of the terms or provisions of this Judgment shall

17  be a waiver of any preceding or succeeding breach of this Judgment or of any other provision

18  contained herein.  The Court shall retain jurisdiction over life insurance for the benefit of

19  Petitioner and the minor child.

20  J.   In the event of a reconciliation of the parties after the date this Judgment, the

21  orders herein shall nevertheless continue in full force and effect until modified or abrogated by

22  another written Stipulation to that effect, signed by each of the parties or order of Court.

23

24

25                                        II

26                          **DIVISION OF PROPERTY**

27  A.   The following property is hereby awarded to the Petitioner as her sole and

28

3

**EXHIBIT J**   JUDGMENT

CAWA290

separate property:

1. All furniture, furnishings, bank accounts and vehicles in her possession.

2. Utility trailer.

3. Charcoal pencil drawing of the Indian Chief.

4. Hickory and White dining room furniture.

5. The large jewelry chest.

6. All of the Fenton glass Ware

7. Hand-carved mirror and matching entry table.

8. Walnut sideboard.

9. Oil paintings of Psyche and Eros.

10. Iron and glass coffee table.

11. Life-size bronze of Blind Justice.

12. Reupholstered wingback sofa and 2 wingback chairs.

13. Fulper vase.

ITEMS 2 TO 13 WILL BE DELIVERED TO RESPONDENT BY PETITIONER.

14. Vanguard joint annuity, Contract No. 700012334.

15. Franklin Mutual Funds. account numbers: 107-70171467294; 107-70171353330; 106-60160320301; 107-70171353342.

16. 10 acres on five mile in Spokane, WA described as: 25-26-42 TR I OF CITY SP86-08 BEING A PTN OF W1/2 OF N W1/4

B. The following property is hereby awarded to the Respondent as his sole and separate property:

1. All furniture, furnishings, bank accounts and vehicles in his possession, except as otherwise indicated.

4

JUDGMENT

**EXHIBIT J**

CAWA291

2.      6012 Ridgecrest Dr., Spokane, WA, described as:

The West 145 feet of Lot 24 in Block 5 of Cedar Park, as per plat recorded

in Volume 26 of Plats, page 19, records of King County, measured along South line;

EXCEPT North 55.4 feet as measured at right angles to North line;

EXCEPT County Road;

Situate in the City of Seattle, County of King, State of Washington.


3.      W. 1830 Boone, Spokane, WA, described as:

The West 35 feet of Lot 12, Block 13, Chamberlin's Addition, according to

plat recorded in Volume "A" of Plate. Page 21 in the City of Spokane, Spokane County,

Washington.

Subject to:  Encroachments, easements, exceptions, conservations and regulations of

record.


4.      1114 Oak Knoll, Pomona, CA (upon refinancing the same in his name) described as:

Lot 30 of Tract 9687 as per map recorded in book 136 pages  67-70 of map of records

of said County.


5.      213 W. Avenida Gaviota, (refinance in his name), described as:

Lot 32 in Block 16 of Tract No. 822, in the City of San Clemente, County of Orange,

State of California, as per map recorded in Book 25, Pages 21 through 26, inclusive of

miscellaneous maps, in the office of the county recorder of said county.


6.      7505 Foothill Boulevard, Tujunga, CA described as:

Lot 13 of Tract No. 3519, in the City of Los Angeles, as per

JUDGMENT

**EXHIBIT J**

CAW0292

map recorded in Book 46, page 67 of Maps in the office of

the County Recorder of said County.

7.   12706 Lake City Way, Seattle, Washington ~~(refinancing in his name), described as:~~
(Upon refinancing in his own name), described as:
The West 145 feet of Lot 24 in Block 5 of Cedar Park, as per plat recorded in Volume 26

of Plats, page 19, records of King County measured along South line;

EXCEPT North 55.4 feet as measured at right angles to North line;

EXCEPT County Road.

8.   1997 Mercedes, License No. CB000512.

9    1994 Infinite Q45, License No. 4FAL364.

10.   Bounder Motor Home.

11.   All the assets and liabilities of the community businesses, except Respondent shall

deliver to Petitioner one each of all Superhawk Molds and the negatives of artwork, if

any, for all the packaging of these products.   The term, if any, shall

apply to the negatives of the art work only.

III

## MISCELLANEOUS PROVISIONS

A    Respondent shall pay to Petitioner $135,000 by May 30, 1999.  If Respondent

fails to do so, Respondent shall transfer the interest to Petitioner in 213 W. Avenida Gaviota,

San Clemente, California.

B.    Petitioner is indemnified from further liability relating to the Seattle Ordinance by

Respondent.

LAW OFFICES
ROBERT L. SCHIBEL

6

JUDGMENT

CAWA293



C.     Respondent shall deliver to Petitioner one each of all masters to any of the movies sold by Control Video Inc.

D.     All terms of this Judgment shall be complied with by May 31, 1999.

E.     Respondent shall pay Petitioner's personal expenses, subject to proof by bills or receipts, for actual expenses relating to the Seattle store litigation.

F.     If the parties do not comply with this Judgment timely, then the other party shall have the right to request fees for correcting the failure.

G.     The Court shall retain jurisdiction to make such further orders as are necessary to enforce the provisions of this Judgment.

H.     The party receiving sole title to specific property under this Judgment shall pay, from and after the date hereof, all taxes (property, income or capital gains) assessed against such property and all costs of maintenance thereof, except as otherwise provided herein.


IV

**FURTHER INSTRUMENTS AND OTHER ACTS**

The parties shall perform all acts and execute and deliver to the other all documents, insurance forms or other instruments or any other papers necessary to carry out the terms of this Judgment.

V

**DEBTS AND OBLIGATIONS**

Respondent shall pay any outstanding income taxes for the period of the marriage due to the race horses and gambling or from any determination by the IRS or Franchise Tax Board resulting from any audit or settlement resulting from an audit of race horse and/or gambling.

Respondent shall assume and pay the obligation to Phyllis Grates and will indemnify and hold Respondent harmless therefrom.

JUDGMENT

**EXHIBIT J**

 

CAWA294

LAW OFFICES
ROBERT L. SCHIBEL

VI

## DISCOVERY PROCEEDINGS

The Court accepts the representation that both of the parties have been advised of their right to pursue any and all formal discovery proceedings, including, but not limited to, depositions, interrogatories and appraisals of any and all property listed in this Judgment;  that they have voluntarily foregone most discovery proceedings in the settlement of this matter; and, that they have been provided all information requested by the other party in relation to the value of assets and liabilities listed in this Judgment.

VII

## WAIVER OF FINAL DISCLOSURE

The Court finds that, pursuant to Family Code Section 2105(c), the parties stipulate to a mutual waiver of the requirements of Family Code Section 2105(a) concerning the final declaration of disclosure.  The Court finds that the waiver includes the following representations:

A.   Both parties have complied with Family Code Section 2104 and the preliminary declarations of disclosure have been completed and exchanged.

B.   The waiver is knowingly, intelligently and voluntarily entered into by each of the parties.

/////
/////
/////
/////
/////
/////
/////

JUDGMENT

**EXHIBIT J**

CAWA295

LAW OFFICES
ROBERT L. SCHIBEL

1    C.    Each party understands that signing this Judgment containing the waiver,

2    he or she may be affecting his or her ability to have the Judgment set aside as provided

3    by law.

4    IT IS AGREED.  *As amend on pgs. one through nine.*

5

6

7    TIA SICILIA, Petitioner

8

9    JAMES SICILIA, Respondent

10    APPROVED AS TO FORM AND CONTENT

11

12    ANTHONY MORGAN,
      Attorney for Petitioner

13

14

15    ROBERT L. SCHIBEL,
      Attorney for Respondent

16    Dated:  JAN 1 9 2000                    GARY P. RYAN

17                                            JUDGE OF THE SUPERIOR COURT

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
ROBERT L. SCHIBEL

9
JUDGMENT

EXHIBIT J                                    CAWA286

C.    Each party understands that signing this Judgment containing the waiver, he or she may be affecting his or her ability to have the Judgment set aside as provided by law.

IT IS AGREED.    *As amend on pgs. one through nine.*

TIA SICILIA, Petitioner

JAMES SICILIA, Respondent

APPROVED AS TO FORM AND CONTENT

ANTHONY MORGAN,
Attorney for Petitioner

ROBERT L. SCHIBEL,
Attorney for Respondent

Dated: JAN 1 9 2000

GARY P. RYAN
JUDGE OF THE SUPERIOR COURT

LAW OFFICES
ROBERT L. SCHIBEL

9
JUDGMENT

EXHIBIT J

CAWA297

## Rasheed McWilliams

| | |
|---|---|
| **From:** | Rasheed McWilliams |
| **Sent:** | Thursday, May 28, 2015 11:33 AM |
| **To:** | Marina Lang; Michael Harris; Jonathan W. Brown |
| **Cc:** | Dan Cotman; Anneliese Lomonaco; Elaine Cruz; Vivek Ramachandran |
| **Subject:** | RE: TSX/665 et al:  Stipulation and Second Amended Complaint T213-L14L80 |

Marina,

The documents provides show that your client advertises customization of its products, including the extender and expander products, with vibrators inserted into the base.  Your contention that this does not constitute advertising and/or a functional use of the alleged trade dress is disingenuous.  We are not talking about your client's case or what the Defendants can prove, we are talking about the responsibility of you and your firm to do an adequate pre-filing investigation.  You have the ability to ask your client directly about the customization of the alleged trade dress with the vibrators.  In addition, you cannot deny that the insertion of a vibrator would both have a sexual advantage and also be impossible on this product without the alleged trade dress tab.

I will speak to my client, but I think you will see a Rule 11 letter and draft brief on this issue because neither you nor your client can merely brush past the functionality issue in evaluating whether or not there is a valid trade dress and grounds to assert a claim.  As pointed out to you by the Court, non-functionality is an essential element of your claim, not an affirmative defense.  Nevertheless, we will discuss this issue at the appropriate time I was simply trying to avoid continued motion practice for a claim that is ultimately unsupportable based on minimal investigation and Plaintiff's own assertions in the various complaints.

Regards,

Rasheed M. McWilliams, Esq.
Of Counsel



35 Hugus Alley
Suite 210
Pasadena, California 91103
Tel: (626) 405-1413
Direct: (626) 249-5302
Fax: (626) 316-7577
Rasheed@cotmanip.com

**From:** Marina Lang [mailto:mlang@socalip.com]
**Sent:** Thursday, May 28, 2015 11:23 AM
**To:** Rasheed McWilliams; Michael Harris; Jonathan W. Brown
**Cc:** Dan Cotman; Anneliese Lomonaco; Elaine Cruz; Vivek Ramachandran
**Subject:** RE: TSX/665 et al: Stipulation and Second Amended Complaint T213-L14L80

Dear Rasheed,

**EXHIBIT K**

The first attachment: "Promote your own brand with TSX Toys" does not advertise any functional use of the signature cube/square extension of any of the TSX extensions; it merely references some customizable options in a drop-down menu that apply to most TSX items.

The remaining  attachments are advertisements from "Big Sex Toy Store" not TSX; even so, none of these advertise functional use of the signature cube/square extension of any of the TSX extensions.  One of these third-party ads shows the customizable option that you reference, but this customizable option does not diminish our trade dress claim.  This customizable option modifies the claimed trade dress and is separate and distinct from the Complaint's claimed trade dress, which has been used primarily as a source indicator for several years.


/Marina/


---

**From:** Rasheed McWilliams [mailto:rasheed@cotmanip.com]
**Sent:** Wednesday, May 27, 2015 5:28 PM
**To:** Marina Lang; Michael Harris; Jonathan W. Brown
**Cc:** Dan Cotman; Anneliese Lomonaco; Elaine Cruz; Vivek Ramachandran
**Subject:** RE: TSX/665 et al: Stipulation and Second Amended Complaint T213-L14L80


The documents are attached.

Rasheed M. McWilliams, Esq.
Of Counsel



35 Hugus Alley
Suite 210
Pasadena, California 91103
Tel: (626) 405-1413
Direct: (626) 249-5302
Fax: (626) 316-7577
Rasheed@cotmanip.com

---

**From:** Marina Lang [mailto:mlang@socalip.com]
**Sent:** Wednesday, May 27, 2015 5:01 PM
**To:** Rasheed McWilliams; Michael Harris; Jonathan W. Brown
**Cc:** Dan Cotman; Anneliese Lomonaco; Elaine Cruz; Vivek Ramachandran
**Subject:** RE: TSX/665 et al: Stipulation and Second Amended Complaint T213-L14L80


Dear Rasheed,

Our pre-filing investigation supports all of the allegations in the operative complaint.   What documents on our client's website are you referring to?  One of your previous emails suggested a link or attachment but that did not come through on my end.  Please re-send.

/Marina/

---

**From:** Rasheed McWilliams [mailto:rasheed@cotmanip.com]
**Sent:** Tuesday, May 26, 2015 3:58 PM
**To:** Michael Harris; Jonathan W. Brown

**EXHIBIT K**

**Cc:** Dan Cotman; Anneliese Lomonaco; Marina Lang; Elaine Cruz; Vivek Ramachandran
**Subject:** RE: TSX/665 et al: Stipulation and Second Amended Complaint T213-L14L80

Michael,

You and your associate have constantly rung the bell regarding the running up of costs so I was attempting to forego costly and unnecessary motion practice.  In terms of proving your case, that is not what I am discussing here.  As stated previously, the concept of a Rule 11 investigation is to investigate your client's claims before you assert them.  Making a factual allegation about what a product does not have, when there are documents to the contrary on your client's website and that of its' distributors is exactly the situation that Rule 11 was designed to prevent.  In fact, making those factual allegations in the face of the previously provided information gives more credence to the Rule 11 argument.

Nevertheless, file the stipulation and Second Amended Complaint, the Rule 11 issue will hold for another date, however, expect a letter and draft motion.

Regards,

Rasheed M. McWilliams, Esq.
Of Counsel



35 Hugus Alley
Suite 210
Pasadena, California 91103
Tel: (626) 405-1413
Direct: (626) 249-5302
Fax: (626) 316-7577
Rasheed@cotmanip.com

**From:** Michael Harris [mailto:MHarris@socalip.com]
**Sent:** Tuesday, May 26, 2015 3:35 PM
**To:** Rasheed McWilliams; Jonathan W. Brown
**Cc:** Dan Cotman; Anneliese Lomonaco; Marina Lang; Elaine Cruz; Vivek Ramachandran
**Subject:** RE: TSX/665 et al: Stipulation and Second Amended Complaint T213-L14L80

This is not the time to argue whether we can prove up our case. You are free to make any motions you want. However, the issue now is whether you will agree to the stipulation. If not, we must file a motion after we meet and confer. Please pick a time and date.
Michael Harris.

**From:** Rasheed McWilliams [mailto:rasheed@cotmanip.com]
**Sent:** Tuesday, May 26, 2015 3:26 PM
**To:** Michael Harris; Jonathan W. Brown
**Cc:** Dan Cotman; Anneliese Lomonaco; Marina Lang; Elaine Cruz; Vivek Ramachandran
**Subject:** RE: TSX/665 et al: Stipulation and Second Amended Complaint T213-L14L80

Counsel,

While you are making additional factual allegations, at least some of the previous allegations are proven untrue based on minimal investigation.  Reviewing both your client's website and one of their distributor's websites shows that the alleged trade dress is advertised as being customizable with a mini bullet vibrator as shown in the attached. This

**EXHIBIT K**

customization is offered by your client and its distributors as an option for both its penis extender and expander products to its customers and potential customers. Thus, your client's alleged trade dress has functionality based on the advertised utilitarian advantage of being customizable with a vibrator base.

Please let us know what investigation was made into the alleged trade dress infringement prior to the assertion of the now three claims because (1) the description of the trade dress has changed from the Complaint to the First Amended Complaint; and (2) a minimal investigation shows your client advertising the functionality of the alleged trade dress to lend "customizability" to the product.

I was drafting this email prior to the circulation of the Second Amended Complaint, nevertheless upon review, the SAC expands on the allegations regarding non-functionality and lack of sexual advantage conferred by the alleged trade dress, which is untrue based on the attached.

In addition, as extensively briefed in the first motion to dismiss, an item cannot be both a trade dress and a copyrighted element due to the limitations placed on the length of copyrights by Congress.  Recasting the copyrighted "square-shaped tab" (Paragraphs 19 and 21 of the SAC) as somehow different from the "cube shaped extension" (Paragraph 43 of the SAC) of the alleged trade dress is playing fast and loose with the Court.

In light of the attached, in order to avoid potential Rule 11 motion practice regarding the allegations in the trade dress infringement cause of action, especially Paragraphs 44 and 45 of the SAC, my clients ask that Plaintiff amend its trade dress infringement claims to remove any factual allegations that are patently untrue or remove its trade dress infringement claim entirely unless and until it has been investigated adequately pursuant to Rule 11.

Regards,

Rasheed M. McWilliams, Esq.
Of Counsel



35 Hugus Alley
Suite 210
Pasadena, California 91103
Tel: (626) 405-1413
Direct: (626) 249-5302
Fax: (626) 316-7577
Rasheed@cotmanip.com

---

**From:** Michael Harris [mailto:MHarris@socalip.com]
**Sent:** Tuesday, May 26, 2015 1:40 PM
**To:** Jonathan W. Brown; Rasheed McWilliams
**Cc:** Dan Cotman; Anneliese Lomonaco; Marina Lang
**Subject:** RE: TSX/665 et al: Stipulation and Second Amended Complaint T213-L14L80

We will send the draft stipulation and second amended complaint to you within the hour.

---

**From:** Jonathan W. Brown [mailto:jbrown@lglaw.com]
**Sent:** Tuesday, May 26, 2015 1:15 PM
**To:** Rasheed McWilliams; Marina Lang
**Cc:** Michael Harris; Dan Cotman; Anneliese Lomonaco; MshLLH@aol.com
**Subject:** TSX/665 et al: Stipulation and Second Amended Complaint

4
**EXHIBIT K**

Hi Marina and Rasheed –

That was my understanding from the emails over the weekend.

At this point, this should be fairly straightforward as far as I'm concerned.  For example, the stipulation should be something simple and along the lines of "IT IS HEREBY STIPULATED by and between the parties hereto through their respective attorneys of record that Plaintiff may file a Second Amended Complaint, a copy of which is attached hereto."

From the emails, I understand that the SAC will drop or eliminate the common law trademark claim (the 3rd Claim for Relief found in the FAC), and that additional facts will be alleged by Plaintiff to support the purported trade dress claims (the 4th Claim for Relief found in the FAC).  As to the current 5th and 6th Claims for Relief (the California 17200 claim and the False Designation claim), I expect that the SAC will eliminate any allegation of common law trademark infringement.

Please let me know if I'm on the same page with all of you, and please circulate the stipulation and SAC as soon as you are able.

Thanks, Jonathan


Jonathan W. Brown, Esq.
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York  14202

(p) 716.849.1333 ext. 371
(f)  716.849.1315

jbrown@lglaw.com

lglaw.com

U.S. Treasury Circular 230 Notice:  Any U.S. federal tax advice included in this communication was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. federal tax penalties.

NOTICE:  This message contains privileged and confidential information intended only for the use of the person named above.  If you are not the intended recipient, you are hereby notified that any distribution or copying of this message is prohibited. If you have received this message in error, please call (716) 849-1333 ext. 371, and destroy the original message.  Thank you.

---

**From:** Rasheed McWilliams [mailto:rasheed@cotmanip.com]
**Sent:** Tuesday, May 26, 2015 2:16 PM
**To:** Marina Lang
**Cc:** Jonathan W. Brown; Michael Harris; Dan Cotman; Anneliese Lomonaco
**Subject:** RE: TSX/665 et al: Discovery and First Amended Complaint / T213-L14L80

Counsel,

This email is to confirm that Plaintiff will be submitting a stipulation for Defendants' review and attaching a Second Amended Complaint for filing today, correct?

**EXHIBIT K**

Regards,

Rasheed M. McWilliams, Esq.
Of Counsel



35 Hugus Alley
Suite 210
Pasadena, California 91103
Tel: (626) 405-1413
Direct: (626) 249-5302
Fax: (626) 316-7577
Rasheed@cotmanip.com

---

**From:** Marina Lang [mailto:mlang@socalip.com]
**Sent:** Saturday, May 23, 2015 9:42 PM
**To:** Rasheed McWilliams
**Cc:** Jonathan W. Brown; Michael Harris; Dan Cotman; Anneliese Lomonaco
**Subject:** Re: TSX/665 et al: Discovery and First Amended Complaint / T213-L14L80

Yes

Sent from my iPhone

On May 23, 2015, at 6:36 PM, Rasheed McWilliams <rasheed@cotmanip.com> wrote:

> Will we have the stipulation and Second Amended Compalint by Tuesday?
>
> Sent from my iPhone
>
> On May 23, 2015, at 3:55 PM, Marina Lang <mlang@socalip.com> wrote:
>
>> I disagree that our allegations are conclusory --- nevertheless we will amend to state
>> even further facts as well as delete our word mark claim.
>>
>> The Stipulation will attach and file with it the FAC thereby triggering a new deadline to
>> respond.
>>
>> /marina/
>>
>> ---
>>
>> **From:** Rasheed McWilliams [mailto:rasheed@cotmanip.com]
>> **Sent:** Saturday, May 23, 2015 3:44 PM
>> **To:** Marina Lang
>> **Cc:** Jonathan W. Brown; Michael Harris; Dan Cotman; mshllh@aol.com; Anneliese
>> Lomonaco
>> **Subject:** Re: TSX/665 et al: Discovery and First Amended Complaint / T213-L14L80
>>
>> I would ask your client to plead some facts based on investigation.  Your
>> pleading is still mere legal conclusion no different from stating it is
>> nonfunctional.  You have merely restated the standard as a declarative
>> sentence.

**EXHIBIT K**

If you want to us to consider a stipulation, we need to agree to an extension of time to answer or respond to the FAC.

Sent from my iPhone

On May 23, 2015, at 2:12 PM, Marina Lang <mlang@socalip.com> wrote:

> The Judge's Minute Order stated that the Complaint failed to adequately allege just one of the requisite pleading elements for trade dress -- that its trade dress is not functional -- stating on page 5 of the Order as follows:
>
> "To survive a motion to dismiss, TSX must sufficiently allege (1) that the design at issue is non-functional …To determine whether a product feature is functional, a court considers several factors: "(1) whether the design yields a utilitarian advantage, (2) whether alternative designs are available, (3) whether advertising touts the utilitarian advantages of the design, and (4) whether the particular design
> results from a comparatively simple or inexpensive method of manufacture." While TSX need not allege facts pertaining to every one of these factors, TSX fails to allege facts as to *any* of them; it merely alleges in a conclusory fashion that "TSX Trade Dress is . . . nonfunctional."
>
> Thus, our Amended Complaint addresses the Court's points by pleading facts under several of these factors [see Paragraph 54], such as: The TSX Trade Dress is purely aesthetic and serves no utilitarian advantages; Plaintiff considered numerous alternative designs before choosing the TSX Trade Dress; each of the defendants, use and have available to them numerous alternative designs; TSX does not advertise that the TSX Trade Dress serves any utilitarian advantage.
>
> Do you request us to plead additional facts?  If so, to avoid another round of Rule 12 practice, we can amend the complaint once again.   Please let me know and I will draft a stipulation for all parties to sign.
>
>
> /marina l. lang/
> Attorney at Law
> phone +1 (805) 230-1350 x250
> mobile +1 (805) 340-4318
> fax +1 (805) 230-1355
> SoCal IP Law Group LLP
> www.socalip.com
> 310 N. Westlake Blvd., Suite 120, Westlake Village, CA 91362
> 1332 Anacapa St., Suite 201 Santa Barbara, CA 93101

7
**EXHIBIT K**

10 Truman, Irvine, CA 92620
mlang@socalip.com
Skype ID: marina.lang56

*CONFIDENTIAL.  This email message may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not a listed recipient, please reply to the sender that the email message was misdirected and delete it. Thank you.*

---

**From:** Rasheed McWilliams [mailto:rasheed@cotmanip.com]
**Sent:** Friday, May 22, 2015 9:36 PM
**To:** Marina Lang
**Cc:** Jonathan W. Brown; Michael Harris; Dan Cotman; mshllh@aol.com; Anneliese Lomonaco
**Subject:** Re: TSX/665 et al: Discovery and First Amended Complaint / T213-L14L80

Mike and I had a substantive conversation about the inadequately pled claims.  Your complaint does not follow the Court's order to adequately plead non-functionality.  Your client's pleading makes legal conclusions, not factual allegations regarding non-functionality, especially Paragraph 54.  Your client fails to adequately plead an essential element of it claim. See the cases cited in our first motion to dismiss the trade dress claim.

Sent from my iPhone

On May 22, 2015, at 8:42 PM, Marina Lang <mlang@socalip.com> wrote:

> You summarily cited trade dress in your meet and confer with no legal authority and generally discussed the functionality of aspects of the products that have no bearing on our trade dress claim with Mike over the phone, also with no authority. So again, I implore, what pleading allegations of the trade dress claim do you find insufficient and what legal authority do you have? How else is one supposed to evaluate your claim that our trade dress claim is insufficient pled?  If you have none, then we can move on.
>
> /Marina/
>
> Sent from my iPhone

**EXHIBIT K**

On May 22, 2015, at 6:54 PM, Rasheed McWilliams <rasheed@cotmanip.com> wrote:

> The claims that were in our meet and confer letter and discussed by Michael and I during the meet and confer teleconference.
>
> Sent from my iPhone
>
> On May 22, 2015, at 4:40 PM, Marina Lang <mlang@socalip.com> wrote:
>
>> Which one? Legal basis? Case law cites please.
>>
>> /marina/
>>
>> Sent from my iPhone
>>
>> On May 22, 2015, at 4:06 PM, Rasheed McWilliams <rasheed@cotmanip.com> wrote:
>>
>>> We do believe that the claim needs to be dismissed.
>>>
>>> Sent from my iPhone
>>>
>>> On May 22, 2015,

**EXHIBIT K**

7:18 PM

01/14/16

# Cotman IP Law Group, PLC
## Customer Invoices Summary
### As of January 8, 2016

| Type | Date | Num | Amount | Balance |
|------|------|-----|--------|---------|
| **CA-WA Corp - 1467** | | | | 0.00 |
| **1467-L001FC1 \| TSX Toys, Inc. v 665, Inc.** | | | | 0.00 |
| Invoice | 01/09/2015 | 18... | 1,855.00 | 1,855.00 |
| Invoice | 01/28/2015 | 18... | 1,673.50 | 3,528.50 |
| Invoice | 02/11/2015 | 18... | 1,277.00 | 4,805.50 |
| Invoice | 04/02/2015 | 19... | 18,044.80 | 22,850.30 |
| Invoice | 04/15/2015 | 19... | 11,343.25 | 34,193.55 |
| Invoice | 04/27/2015 | 19... | 2,567.00 | 36,760.55 |
| Invoice | 05/12/2015 | 19... | 10,788.74 | 47,549.29 |
| Invoice | 05/27/2015 | 19... | 13,236.50 | 60,785.79 |
| Invoice | 06/26/2015 | 19... | 25,459.16 | 86,244.95 |
| Invoice | 07/16/2015 | 19... | 12,209.30 | 98,454.25 |
| Invoice | 07/31/2015 | 19... | 9,475.90 | 107,930.15 |
| Invoice | 09/01/2015 | 19... | 38,477.70 | 146,407.85 |
| Invoice | 09/15/2015 | 19... | 20,557.50 | 166,965.35 |
| Invoice | 09/30/2015 | 19... | 35,765.10 | 202,730.45 |
| Invoice | 10/12/2015 | 19... | 37,946.90 | 240,677.35 |
| Invoice | 10/30/2015 | 20... | 21,629.66 | 262,307.01 |
| Invoice | 11/12/2015 | 20... | 31,825.22 | 294,132.23 |
| Invoice | 11/24/2015 | 20... | 11,920.40 | 306,052.63 |
| Invoice | 12/09/2015 | 20... | 28,255.04 | 334,307.67 |
| Invoice | 01/08/2016 | 20... | 99,163.30 | 433,470.97 |
| Total 1467-L001FC1 \| TSX Toys, Inc. v 665, Inc. | | | 433,470.97 | 433,470.97 |
| Total CA-WA Corp - 1467 | | | 433,470.97 | 433,470.97 |
| **TOTAL** | | | **433,470.97** | **433,470.97** |

**EXHIBIT L**

**Cotman IP Law Group**
**Billing Summary**
**1467-L001FC1**
**TSX Toys, Inc. v. CA-WA Corp. et al.**

| Name | Hours | Rate | Fee |
|---|---|---|---|
| Daniel Cotman (DC) | 12.9 | 375.00 | 4837.50 |
| Rasheed McWilliams (RM) | 691 | 350.00 | 241,850.00 |
| Obi Iloputaife (OI) | 36.5 | 350.00 | 12,775.00 |
| Vivek Ramachandran (VR) | 230.2 | 225.00 | 51,795.00 |
| | | | |
| **Summary Totals** | 970.6 | ~$237.00 | $311,257.50 |

- **Source:** Billing invoices from November 20, 2014 through December 31, 2015.

**EXHIBIT M**

**Exhibit 6, Page 35**

**2014 BRASS INITIAL RELEASE-REVENUE MANAGEMENT REPORT**

# Revenue Management Report

*Intellectual Property Litigation - Los Angeles (14 members)*

**Issued:  May 2014**

**Firm: 0165**
**Intellectual Property Litigation**

**Confidential**
*This report is intended solely for the information of Partners and authorized employees of the firm.*
© 2014 PricewaterhouseCoopers LLP
All Rights reserved

**EXHIBIT N**

*Intellectual Property Litigation - Los Angeles (14 members)*

## *Partner Standard Billing Rates*

*As of January 1, 2014*

| | Your Firm | | Group | | | Your Firm | | Group | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | % Change - 1 year | | | Median % Change - 2 Year |
| | Rate | Rank / Of | 1st Quartile | Median | 3rd Quartile | % Change - 1 Year | % Change - 2 year | 1st Quartile | Median | 3rd Quartile | |
| **Equity Partners** | | | | | | | | | | | |
| High | $695 | 13 / 14 | $1,038 | $948 | $830 | 0.7 | (12.6) ‡ | 5.0 | 3.5 | 2.2 | 6.8 |
| Middle | 695 | 12 / 14 | 879 | 837 | 745 | 0.7 | 7.3 ‡ | 5.4 | 5.1 | 3.5 | 10.0 |
| Low | 695 | 11 / 14 | 838 | 768 | 678 | 3.7 | 26.4 ‡ | 5.1 | 3.8 | 3.0 | 9.4 |
| Average | 695 | 12 / 14 | 876 | 854 | 764 | 1.8 | 7.9 ‡ | 5.3 | 3.8 | 3.0 | 9.1 |
| *By Years of Experience* | | | | | | | | | | | |
| < 11 Years | | | ** | ** | ** | | | ** | ** | ** | ** |
| 11 - 15 Years | | / 6 ‡ | ** | 787 | ** | | | ** | ** | ** | ** |
| 16 - 20 Years | | / 6 ‡ | ** | 823 | ** | ‡ | | ** | 2.6 | ** | ** |
| 21 - 25 Years | | / 6 ‡ | ** | 875 | ** | | | ** | ** | ** | ** |
| 26 - 30 Years | 695 | | ** | ** | ** | 0.7 | 2.2 | ** | ** | ** | ** |
| 31 - 35 Years | | / 7 ‡ | ** | 960 | ** | ‡ | | ** | 4.7 | ** | ** |
| > 35 Years | 695 | | ** | ** | ** | 3.7 | (2.1) | ** | ** | ** | ** |
| **Non-Equity Partners** | | | | | | | | | | | |
| High | $670 | 5 / 6 ‡ | ** | $725 | ** | 3.1 ‡ | 17.5 | ** | 3.1 | ** | ** |
| Middle | 670 | 5 / 6 ‡ | ** | 725 | ** | 3.1 ‡ | 24.1 | ** | 3.8 | ** | ** |
| Low | 670 | 5 / 6 ‡ | ** | 725 | ** | 3.1 ‡ | 31.4 | ** | 5.4 | ** | ** |
| Average | 670 | 5 / 6 ‡ | ** | 725 | ** | 3.1 ‡ | 24.1 | ** | 3.8 | ** | ** |
| *By Years of Experience* | | | | | | | | | | | |
| < 11 Years | | | ** | ** | ** | | | ** | ** | ** | ** |
| 11 - 15 Years | | | ** | ** | ** | | | ** | ** | ** | ** |
| 16 - 20 Years | | | ** | ** | ** | | | ** | ** | ** | ** |
| 21 - 25 Years | | | ** | ** | ** | | | ** | ** | ** | ** |
| 26 - 30 Years | | | ** | ** | ** | | | ** | ** | ** | ** |
| 31 - 35 Years | | | ** | ** | ** | | | ** | ** | ** | ** |
| > 35 Years | 670 | | ** | ** | ** | | | ** | ** | ** | ** |

*Your office or practice area displayed in this report is not a member of the group.*
*** omitted due to insufficient data; ‡ less than 75% population response*

**EXHIBIT N**

*Intellectual Property Litigation - Los Angeles (14 members)*

## *Partner Standard Billing Rates*

*As of January 1, 2014*

| | Your Firm | | Group | | | Your Firm | | Group | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | % Change - 1 year | | | Median |
| | Rate | Rank / Of | 1st Quartile | Median | 3rd Quartile | % Change - 1 Year | % Change - 2 year | 1st Quartile | Median | 3rd Quartile | % Change - 2 Year |
| All Partner Composite | | | | | | | | | | | |
| High | $695 | 13 / 14 | $1,038 | $948 | $830 | 0.7 | (12.6) ‡ | 4.2 | 2.4 | 1.0 | 5.1 |
| Middle | 695 | 12 / 14 | 856 | 827 | 740 | 2.2 | 15.3 ‡ | 5.3 | 4.8 | 3.7 | 9.9 |
| Low | 670 | 11 / 14 | 779 | 755 | 676 | 3.1 | 31.4 ‡ | 5.4 | 4.7 | 3.7 | 9.7 |
| Average | 689 | 12 / 14 | 862 | 847 | 747 | 2.1 | 9.9 ‡ | 5.4 | 3.8 | 2.2 | 7.6 |
| *By Years of Experience* | | | | | | | | | | | |
| < 11 Years | | | ** | ** | ** | | | ** | ** | ** | ** |
| 11 - 15 Years | | / 7 ‡ | ** | 758 | ** | | | ** | ** | ** | ** |
| 16 - 20 Years | | / 9 ‡ | ** | 785 | ** | ‡ | ‡ | ** | 2.6 | ** | 8.2 |
| 21 - 25 Years | | / 6 ‡ | ** | 875 | ** | | | ** | ** | ** | ** |
| 26 - 30 Years | 695 | 5 / 5 ‡ | ** | 1,050 | ** | 0.7 | 2.2 | ** | ** | ** | ** |
| 31 - 35 Years | | / 8 ‡ | ** | 903 | ** | ‡ | | ** | 4.2 | ** | ** |
| > 35 Years | 682 | | ** | ** | ** | 1.8 | (3.9) | ** | ** | ** | ** |
| Contract Partners | | | ** | ** | ** | | | ** | ** | ** | ** |

*Your office or practice area displayed in this report is not a member of the group.*
*** omitted due to insufficient data; ‡ less than 75% population response*

**EXHIBIT N**

**2014 BRASS INITIAL RELEASE-REVENUE MANAGEMENT REPORT** ***Intellectual Property Litigation***

*Intellectual Property Litigation - Los Angeles (14 members)*

## *Associate & Sr. Attorney Standard Billing Rates*

*As of January 1, 2014*

| | Your Firm | | Group | | | Your Firm | | Group | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | % Change - 1 Year | | | Median |
| | Rate | Rank / Of | 1st Quartile | Median | 3rd Quartile | % Change - 1 Year | % Change - 2 Year | 1st Quartile | Median | 3rd Quartile | % Change - 2 Year |
| Associates | | | | | | | | | | | |
| *Class of* | | | | | | | | | | | |
| 2013 | | / 5 ‡ | ** | $375 | ** | | | | | | |
| 2012 | | / 8 ‡ | ** | 448 | ** | | | ** | ** | ** | |
| 2011 | | | ** | ** | ** | | | ** | ** | ** | ** |
| 2010 | | / 6 ‡ | ** | 575 | ** | | | ** | ** | ** | ** |
| 2009 | 420 | 8 / 7 ‡ | ** | 650 | ** | 3.7 ‡ | | ** | 12.5 | ** | ** |
| 2008 | 480 | 5 / 6 ‡ | ** | 630 | ** | 3.2 ‡ | | ** | 10.2 | ** | ** |
| 2007 | | / 6 ‡ | ** | 630 | ** | | | ** | ** | ** | ** |
| 2006 | | | ** | ** | ** | | | ** | ** | ** | ** |
| 2005 | | | ** | ** | ** | | | ** | ** | ** | ** |
| 2004 | | | ** | ** | ** | | | ** | ** | ** | ** |
| Prior | 480 | | ** | ** | ** | | 24.7 | ** | ** | ** | ** |
| *All Associates* | 460 | 12 / 14 | 614 | 584 | 489 | 5.8 | 19.5 ‡ | 7.9 | 4.1 | 0.0 | 10.0 |
| Sr. Attorneys | | | | | | | | | | | |
| *Class of* | | | | | | | | | | | |
| 2006 - 2013 | | | ** | ** | ** | | | ** | ** | ** | ** |
| 2005 | | | ** | ** | ** | | | ** | ** | ** | ** |
| 2004 | | | ** | ** | ** | | | ** | ** | ** | ** |
| 2003 | | | ** | ** | ** | | | ** | ** | ** | ** |
| 2002 | | | ** | ** | ** | | | ** | ** | ** | ** |
| 2001 | | | ** | ** | ** | | | ** | ** | ** | ** |
| 2000 | | | ** | ** | ** | | | ** | ** | ** | ** |
| Prior | | | ** | ** | ** | | | ** | ** | ** | ** |
| *All Sr. Attorneys* | | / 8 ‡ | ** | 677 | ** | ‡ | | ** | 1.0 | ** | ** |

*Your office or practice area displayed in this report is not a member of the group.*
*** omitted due to insufficient data; ‡ less than 75% population response*

**EXHIBIT N**

**2014 BRASS INITIAL RELEASE-REVENUE MANAGEMENT REPORT** *Intellectual Property Litigation*

*Intellectual Property Litigation - Los Angeles (14 members)*

## *Other Timekeeper Standard Billing Rates*

*As of January 1, 2014*

| | Your Firm | | Group | | | Your Firm | | Group | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | % Change - 1 Year | | | Median |
| | Rate | Rank / Of | 1st Quartile | Median | 3rd Quartile | % Change - 1 Year | % Change - 2 Year | 1st Quartile | Median | 3rd Quartile | % Change - 2 Year |
| **Of Counsel** | | | | | | | | | | | |
| *By Years of Experience* | | | | | | | | | | | |
| < 21 Years | $595 | | ** | ** | ** | (4.3) | 24.0 | ** | ** | ** | ** |
| 21 - 25 Years | 695 | | ** | ** | ** | | | ** | ** | ** | ** |
| 26 - 30 Years | | | ** | ** | ** | | | ** | ** | ** | ** |
| > 30 Years | | | ** | ** | ** | | | ** | ** | ** | ** |
| *All Of Counsel* | 645 | | ** | ** | ** | 7.5 | 34.4 | ** | ** | ** | ** |
| **Staff Attorneys** | | | | | | | | | | | |
| *By Years of Experience* | | | | | | | | | | | |
| < 6 Years | | | ** | ** | ** | | | ** | ** | ** | ** |
| 6 - 10 Years | | | ** | ** | ** | | | ** | ** | ** | ** |
| 11 - 15 Years | | | ** | ** | ** | | | ** | ** | ** | ** |
| > 15 Years | | | ** | ** | ** | | | ** | ** | ** | ** |
| *All Staff Attorneys* | | | ** | ** | ** | | | ** | ** | ** | ** |
| **All Attorneys** | $603 | 11 / 14 | $743 | $703 | $602 | 1.0 | 0.7 ‡ | 6.6 | 2.3 | (3.3) | 6.4 |
| **Contract Associates** | | | ** | ** | ** | | | ** | ** | ** | ** |
| **Other Timekeepers** | | | | | | | | | | | |
| Lobbyists | | | ** | ** | ** | | | ** | ** | ** | ** |
| Specialists | | | ** | ** | ** | | | ** | ** | ** | ** |
| Litigation Support | | | ** | ** | ** | | | ** | ** | ** | ** |
| Patent Agents | | | ** | ** | ** | | | ** | ** | ** | ** |
| Case Clerks | | | ** | ** | ** | | | ** | ** | ** | ** |
| Law Clerks | | | ** | ** | ** | | | ** | ** | ** | ** |
| **Paralegals** | | | | | | | | | | | |
| High | | / 7 ‡ | ** | $325 | ** | ‡ | | ** | 4.7 | ** | ** |
| Middle | | / 7 ‡ | ** | 300 | ** | ‡ | | ** | 6.0 | ** | ** |
| Low | | / 7 ‡ | ** | 300 | ** | ‡ | | ** | 6.0 | ** | ** |
| Average | | / 7 ‡ | ** | 300 | ** | ‡ | | ** | 5.5 | ** | ** |

*Your office or practice area displayed in this report is not a member of the group.*
*** omitted due to insufficient data; ‡ less than 75% population response*

**EXHIBIT N**



TESTIMONIALS | CONTACT US

626-405-1413 

**Our Professionals**

Dan Cotman
Obi Iloputaife
Rasheed McWilliams
Soseh Moghoyan
Cynthia Casby
Elanie Cruz



# Our Professionals

## Dan Cotman



I have a passion and enthusiasm for innovation that stem from my upbringing. Dinner with scientists from diverse disciplines and discussions about complex scientific topics were a regular part of my life growing up. My dad, who is a world-renowned neuroscientist in the field of Alzheimer's Disease research, taught me to embrace the unknown; as he says, that is where the biggest opportunity for learning resides. This notion developed in me a love for scientific endeavors and a deep understanding of the creativity, diligence, and dedication it takes to be good at what you do.

My introduction to intellectual property law came early in my life, after I was awarded the Grand Prize in a high-school photography contest, for an image of a football player. At the time I was quite proud of this accomplishment, as the image was published in local newspapers and was to be printed on the cover of a book.

Then came the lawyers. The football player in the image sent the book publisher and I a letter from his legal counsel saying that since the picture was of him, he and I should share the prize proceeds. I was fortunate enough to have a neighbor who was an intellectual property litigator. He helped me resolve the matter but the book of "award winning photos" was ultimately published with a blank cover. The vivid memory of that all-too-blank cover plays a part in what propels me to help the clients I represent today be as proactive as possible in protecting their IP.

As an IP attorney, my practice focuses on implementing proactive measures that help companies with valuable technologies and brands protect those assets by architecting and implementing best practices for securing their intellectual property rights. I have developed a comprehensive approach for managing a company's intellectual property portfolio that is reflected in my firm's IP Diagnostic™ process. I enjoy working with clients to identify and fulfill their needs. When the situation calls for it, I assemble and help clients manage the team of people required to diligently ensure that the intellectual property of our client is adequately protected. When disputes arise, as they sometimes do, I work with clients to help them navigate the situation in a level-headed way that preserves the value of their organization.

Here is a representative sample of a select few of the IP-related disputes I've served as lead counsel on:

- _CF Inflight, LTD. v Cablecam International, Inc._: Defeated Plaintiff's motion for a preliminary injunction seeking to enjoin Cablecam from using its innovative above-the-field camera system at the NFL's Super Bowl.

- _CarPad v Auto Care Products_: Invalidated the asserted patent, obtained dismissal of unfair competition claims for punitive damages, and prevailed on summary judgment asserting trade dress was purely functional — resulting in a complete dismissal of all of Plaintiff's claims. Sought and obtained multiple sanctions against Plaintiff.

- _Modern Mexican Restaurants v. Maya Lounge_: Represented celebrity



_Start Something._™

_Our practice today focuses on helping companies who develop valuable technologies and brands protect these assets by architecting and implementing best practices for securing their intellectual property rights._

Daniel Cotman

**INFORMATION CENTER**

## A Patent Infringers Good-Faith Belief of Invalidity Does Not Negate the Requisite Intent for Induced Infringement

Commil and Cisco in wonderland – a curious case of "and", being read as an "or", inspite of explicit instructions to read otherwise. The Supreme Court in Commil v. Cisco, held patent infringers good-faith belief of invalidity does not negate the requisite intent for induced infringement. The Supreme Court also held mental state required in [...]

_Posted on June 22, 2015_

## Contentious and Unprofessional Discovery Conduct Risks Attorney Ban and Close of Discovery for that Side

In our modern era of litigation, certain attorneys are either unable or unwilling to engage in professional conduct with their opponents. Fed up with counsel's obnoxious behavior, Magistrate Judge Stephen L. Crocker, issued a scathing order chastising counsel for both sides in the US Water Services, Inc. v. Novozymes A/S et al, 3-13-cv-00864 (WIWD December 11, [...]

chef Richard Sandoval in Federal Court action for trademark infringement
and obtained a permanent injunction against Defendant along with an
award for attorney fees that the Plaintiff incurred in the action.

- *Legend Films v West Wing*: Represented Plaintiff in multi-jurisdictional
  patent infringement lawsuit involving Plaintiff's film-colorization patents.
  Obtained favorable Markman ruling, enabling Plaintiff to settle the case
  on favorable terms and to retain control over the market for film-
  colorization services.

- *Nordstrom v. Banana Peel*: Represented Defendant Banana Peel in
  cancellation action initiated by Nordstrom seeking to cancel Defendant's
  trademark registration on the alleged basis of fraud. Successfully
  defeated the cancellation attempt, enabling Defendant's trademark to stay
  on the U.S. Trademark Register.

- *iPower v Qwest Communications*: Represented Internet service provider
  iPower in action seeking to cancel Defendant's trademark for the mark
  PowerWeb. Successfully cancelled Defendant's trademark, removing it
  from the U.S. Trademark Register and clearing the way for Plaintiff's
  trademark registrations.

My measured approach to building value has proven quite successful, and I'm
proud to have helped numerous clients realize the potential value of their
intellectual property assets. Throughout my years as an intellectual property
attorney, I've helped numerous clients sell their companies, attain venture
funding, enter into attractive license agreements, and prosecute or defend
intellectual property disputes.

**Qualifications:** Mr. Cotman holds a Juris Doctorate (J.D.) from the University of
New Hampshire's Franklin Pierce Law Center, where he was a law review editor
on the *IDEA Journal of Law and Technology, The Intellectual Property Law
Review*. He also holds a Bachelor of Science degree from Chapman University's
School of Mathematics and Computer Science as well as a B.S. degree in
Business Administration from Chapman University. Mr. Cotman is admitted to
practice before the Supreme Court of California, the Court of Appeals for the
Federal Circuit as well as the U.S. Federal District Courts for the Northern,
Central, and Southern Districts of California.

*Posted on December 15, 2014*

**Nebraska Attorney General
Sanctioned $825,000 for Baseless
Pursuit Against Patent Trolls**

Nebraska Senior United States District
Judge Joseph F. Bataillon entered an attorneys
fees award against the Nebraska Attorney
General ("AG") for $825,000 as a result of the
AG's efforts to stop Plaintiff's patent licensing
program. The Attorney General had been
investigating Plaintiff on the basis that its patent
enforcement activities may
have violated Nebraska Unfair Competition Act
and the Nebraska Deceptive [...]

*Posted on December 12, 2014*

---

Cotman IP Law Group, PLC
35 Hugus Alley, Suite 210 Pasadena, CA 91103.
Phone: 626-405-1413 | Directions

**Start Something™**
Legal Notices | Attorney Advertising

intellectual property attorney los angeles | ip attorney los angeles | trademark attorney los angeles | copyright attorney los angeles | patent attorney los angeles



TESTIMONIALS | CONTACT US

626-405-1413



## Our Professionals

Our Professionals

Dan Cotman
Obi Iloputaife
Rasheed McWilliams
Soseh Moghoyan
Cynthia Casby
Elanie Cruz





## Our Professionals

### Obi Iloputaife



A technical prodigy, Obi was a Technical Fellow for Boeing and served as Chief IP Counsel at Cardinal Health, a leading provider of product services and technologies for the health care industry. These qualifications give Obi a balanced approach to the practice of law that emphasizes efficiency. Here's Obi's story about how he ended up as a practicing patent attorney:

I entered the field of Intellectual Property law because had this fascination for it even while I was studying for my Master's Degree in electronic engineering. At that time I was working as an Avionics/Flight Control Systems engineer at Northrop Corporation. Later in my engineering career, I joined The Boeing Company and as I developed innovative systems for high performance military airplanes, wrote peer reviewed papers, and submitted these papers to the patent department for possible patenting, I received feedback that I felt required me to do the patent application drafting work for the IP folks.

At Boeing, I was a Technical Fellow where I was responsible for the design of the Flight Control System on the U.S. Air Force C-17 Cargo plane and other high technology programs thus I did not have time to also do the work for the patent attorneys. However, that experience made me understand the pressure engineers go through every day in trying to meet aggressive program schedules while trying to protect the company's IP. Thus, as a patent attorney I've made it my goal not to overburden engineers and innovators with the patenting process while I seek to provide maximum protection for their inventions.

I have worked and led both industry (e.g. Medical Devices and Aerospace) and law firms as an IP attorney where I developed and executed processes for strategically managing all forms of Intellectual Property; identified and protected high value innovations that support the business objectives; and counseled on enforcement matters, transactional matters, mergers and acquisitions; and other IP related issues. I have successfully prosecuted patents in following areas: Business Methods, Process, Systems, Electrical, Software, Mechanical, Aerospace, Satellite Communications, Network Infrastructure, Animation, Telecommunications, Wireless, Computer Architecture, Semiconductor Processes, Analog and Digital Circuits and other arts.

**Qualifications:** Obi holds a Juris Doctorate (J.D.) from Western State University College of Law; a Bachelor of Science degree in Aerospace Engineering from the University of Missouri-Rolla; a Master of Science degree in Aerospace Engineering from Northrop University; and a second Master of Science degree in Electronics Engineering from Northrop University; and his. He is admitted to practice before the U.S. District Courts for the Central and Southern Districts of California. He is a member of the California State Bar, the American Bar Association, and registered to practice before the United States Patent and Trademark Office.



Start Something.™

*Our practice today focuses on helping companies who develop valuable technologies and brands protect these assets by architecting and implementing best practices for securing their intellectual property rights.*

Daniel Cotman

### INFORMATION CENTER

#### A Patent Infringers Good-Faith Belief of Invalidity Does Not Negate the Requisite Intent for Induced Infringement

Commil and Cisco in wonderland – a curious case of "and", being read as an "or", insitte of explicit instructions to read otherwise. The Supreme Court in Commil v. Cisco, held patent infringers good-faith belief of invalidity does not negate the requisite intent for induced infringement. The Supreme Court also held mental state required in […]

*Posted on June 22, 2015*

#### Contentious and Unprofessional Discovery Conduct Risks Attorney Ban and Close of Discovery for that Side

In our modern era of litigation, certain attorneys are either unable or unwilling to engage in professional conduct with their opponents. Fed up with counsel's obnoxious behavior, Magistrate Judge Stephen L. Crocker, issued a scathing order chastising counsel for both sides in the US Water Services, Inc. v. Novozymes A/S et al, 3-

Los Angeles IP Attorneys | Intellectual Property Lawyers Los Angeles, Patent, Copyright Attorney LA

13-cv-00864 (WIWD December 11, […]

*Posted on December 15, 2014*

### Nebraska Attorney General Sanctioned $825,000 for Baseless Pursuit Against Patent Trolls

Nebraska Senior United States District Judge Joseph F. Bataillon entered an attorneys fees award against the Nebraska Attorney General ("AG") for $825,000 as a result of the AG's efforts to stop Plaintiff's patent licensing program. The Attorney General had been investigating Plaintiff on the basis that its patent enforcement activities may have violated Nebraska Unfair Competition Act and the Nebraska Deceptive […]

*Posted on December 12, 2014*

**Cotman IP Law Group, PLC**
**35 Hugus Alley, Suite 210 Pasadena, CA 91103.**
Phone: 626-405-1413 | Directions

Start Something™
Legal Notices | Attorney Advertising

intellectual property attorney los angeles | ip attorney los angeles | trademark attorney los angeles | copyright attorney los angeles | patent attorney los angeles

**EXHIBIT P**

Los Angeles IP Attorneys, Intellectual Property Lawyers Los Angeles Patent Copyright Attorney Los Angeles

TESTIMONIALS | CONTACT US



626-405-1413



## Our Professionals

Dan Cotman
Obi Iloputaife
Rasheed McWillaims
Soseh Moghoyan
Cynthia Casby
Elanie Cruz



## Our Professionals

### Rasheed McWilliams



As a child I wanted to be a research scientist or medical professional when I grew up. Based on these interests, I have always had a passion for science and invention. I was the child with terrariums set up containing reptiles and amphibians, as well as the junior chemistry sets performing experiments. Whether it was the study of mammalian biology or the wonders of physical science, I was an unashamed science geek.

This passion ultimately led me to majoring in Chemistry at Morehouse College in Atlanta, Georgia, where I obtained my Bachelor of Science, magna cum laude with Chemistry Department High Honors in 1999. While in undergraduate, I was a NASA Project S.P.A.C.E. Scholar and NIMH-COR Research Fellow. As part of the NASA program, I interned at NASA Langley Research Center, where I worked in a LIDAR research laboratory. During this internship, I was credited with doing the analysis of the underlying data for NASA Technical Paper No. 3661 titled Angular Alignment Testing of Laser Mirror Mounts Under Temperature Cycling. The time spent at NASA Langley introduced me to invention disclosures and the innovative process as it relates to research organizations. My next NASA internship was at NASA Kennedy Space Center, where I operated a Fourier Transform Infrared Spectrometer to test the particulate and other matter recovered from the heat tiles of returning shuttle orbiters. Each of these research experiences gave me a healthy appreciation for the time and effort expended by scientists and engineers to solve the problems faced in today's society.

My passion for the law began when I was appointed the Chief Justice of the Honors and Conduct Review Board during my senior year of college. The Honors and Conduct Review Board functioned as the student court with jurisdiction over the academic and social misconduct of the students. My role as chief justice sparked a strong interest in the practice of law, which ultimately led me to discover the wonderful world of patent infringement litigation. This was an area that would satisfy my passion for science and technology, while allowing me to use my skill at debate and persuasion to meet the needs of my clients. To further my goal of becoming a patent infringement trial lawyer, I attended New York University School of Law, where I obtained my J.D. in 2003. I have practiced in the areas of commercial, entertainment and intellectual property litigation and transactions for over 11 years. I have extensive experience in all aspects of complex civil litigation, entertainment and new media litigation and transactions, and intellectual property acquisition, counseling, enforcement and licensing. I began my career at two of the largest intellectual property focused law firms in the United States, where I gained experience working for many of the world's largest corporations to defend their patents and intellectual property interests. Representative clients have included Apple, Astra-Zeneca, Novartis, Merck, Pfizer, Microsoft, Verint Systems, LG Electronics, Walt Disney Enterprises, and Conde Nast Magazines.

I am a trial lawyer who specializes in combining legal knowledge with business insight to tailor optimal solutions to the business and legal needs of clients. I am



Start Something.™

*Our practice today focuses on helping companies who develop valuable technologies and brands protect these assets by architecting and implementing best practices for securing their intellectual property rights.*

Daniel Cotman

### INFORMATION CENTER

#### A Patent Infringers Good-Faith Belief of Invalidity Does Not Negate the Requisite Intent for Induced Infringement

Commil and Cisco in wonderland – a curious case of "and", being read as an "or", inspite of explicit instructions to read otherwise. The Supreme Court in Commil v. Cisco, held patent infringers good-faith belief of invalidity does not negate the requisite intent for induced infringement. The Supreme Court also held mental state required in to [...]

*Posted on June 22, 2015*

#### Contentious and Unprofessional Discovery Conduct Risks Attorney Ban and Close of Discovery for that Side

In our modern era of litigation, certain attorneys are either unable or unwilling to engage in professional conduct with their opponents. Fed up with counsel's obnoxious behavior, Magistrate Judge Stephen L. Crocker, issued a scathing order chastising counsel for both sides in the US Water Services, Inc. v. Novozymes A/S et al, 3-

**EXHIBIT Q**

licensed in the states of New York, Georgia and California. I have represented clients before arbitrators, mediators, the state courts of Georgia and California, various U.S. District Courts; the U.S. International Trade Commission, and the U.S. Trademark Trial and Appeal Board. I look forward to speaking with you about the solutions to the business or legal issues you are presently facing.

13-cv-00864 (WIWD December 11, […]

*Posted on December 15, 2014*

## Nebraska Attorney General Sanctioned $825,000 for Baseless Pursuit Against Patent Trolls

Nebraska Senior United States District Judge Joseph F. Bataillon entered an attorneys fees award against the Nebraska Attorney General ("AG") for $825,000 as a result of the AG's efforts to stop Plaintiff's patent licensing program. The Attorney General had been investigating Plaintiff on the basis that its patent enforcement activities may have violated Nebraska Unfair Competition Act and the Nebraska Deceptive […]

*Posted on December 12, 2014*

Cotman IP Law Group, PLC
35 Hugus Alley, Suite 210 Pasadena, CA 91103.
Phone: 626-405-1413 | Directions

Start Something™
Legal Notices | Attorney Advertising

intellectual property attorney los angeles | ip attorney los angeles | trademark attorney los angeles | copyright attorney los angeles | patent attorney los angeles

**EXHIBIT Q**